NICHOLAS J. SANTORO
(Nevada Bar No. 532)
JASON D. SMITH
(Nevada Bar No. 9691)
**HOLLEY DRIGGS LTD**
300 South 4th Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 791-0308
Email:   nsantoro@nevadafirm.com
             jsmith@nevadafirm.com

PETER A. SWANSON
(*pro hac vice*)
GARY M. RUBMAN
(*pro hac vice*)
SIMEON BOTWINICK
(*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel.:  (202) 662-6000
Email:   pswanson@cov.com
             grubman@cov.com
             sbotwinick@cov.com

ZIWEI SONG
(*pro hac vice*)
**COVINGTON & BURLING LLP**
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Tel.: (415) 591-6000
Email: ksong@cov.com

*Attorneys for Plaintiffs Aristocrat Technologies, Inc. and
Aristocrat Technologies Australia Pty Ltd.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES, INC. and ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LTD.,<br><br>            Plaintiffs,<br><br>    v.<br><br>LIGHT & WONDER, INC., LNW GAMING, INC., and SCIPLAY CORPORATION,<br><br>            Defendants. | Civil Case No. 2:24-cv-00382-GMN-MDC<br><br>**JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiffs Aristocrat Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd. ("Aristocrat") and Defendants Light & Wonder, Inc., LNW Gaming, Inc., and SciPlay Corporation ("L&W," and together with Aristocrat, the "Parties"), by and through their respective counsel, hereby stipulate and agree that discovery in the above-captioned action ("Action") may involve the disclosure of certain documents, things, and information that are alleged to constitute or contain trade secrets, financial records, or other proprietary and confidential research, development, or commercial information within the meaning of Rule 26(c), and that must be protected in order to preserve legitimate business interests, and accordingly move for entry of a Stipulated Protective Order and Source Code Addendum (together, "Protective Order"). Good cause exists for the entry of this Protective Order pursuant to Rule 26(c) because it protects against improper disclosure or use of such trade secrets, financial records, and proprietary and confidential information produced or disclosed in this case. The Parties agree to comply with the terms and conditions of this Protective Order pending approval by the Court.

The Parties have worked diligently to reach agreement on the terms of the Protective Order, but are at impasse on the following issue, for which the Parties respectfully ask the Court's guidance:

**Removal of Confidentiality Designations Before Trial**

L&W proposes including the following language in paragraph 5 of the Protective Order: "Any confidentiality designations made pursuant to this Protective Order shall be removed before any Discovery Material is shown to the jury or to any witnesses at trial.  Trial exhibits shall not include any Protective Order marking."  Aristocrat opposes the inclusion of this language.  A version of the Protective Order without this additional language in paragraph 5—*i.e.*, Aristocrat's proposal—is attached as Exhibit A.  A version of the Protective Order with the additional language—*i.e.*, L&W's proposal—is attached as Exhibit B. The Source Code Addendum is uncontested, and attached as Exhibit C.

<u>Aristocrat's position</u>: L&W's proposed language—which would require the blanket

removal of confidentiality designations from all trial exhibits regardless of their sensitivity and even if there is no dispute over their confidentiality—is inappropriate. This a trade secret case that involves some of Aristocrat's most highly sensitive information. The removal of confidentiality designations from exhibits increases the chances that those exhibits, or the information within them, will be inadvertently disclosed—particularly given that L&W does not propose any substitute mechanism for identifying confidential exhibits. Requiring the blanket removal of designations at this stage of the case would also be premature, as the parties do not know what exhibits will be used and whether there will be any dispute over the confidentiality of those exhibits or the reasonableness of Aristocrat's security measures. It would also preempt other, less harmful solutions to address L&W's concern, such as instructions that the jury must disregard designations in making any confidential findings. This issue is best addressed by a motion *in limine* concerning specific exhibits closer to trial.

      <u>L&W's position</u>: Litigation-created confidentiality markings on exhibits stating "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" and "CONFIDENTIAL" should not be published to the jury as they create a false impression of confidentiality to L&W's prejudice. At trial, Aristocrat has the burden to prove it took reasonable measures to keep its claimed trade secret information secret. 18 U.S.C. § 1839(3)(A). Marking documents confidential is the most common example of proof of reasonable security measures. This is why inclusion of litigation-based confidentiality markings ("HIGHLY CONFIDENTIAL") prejudices the defendants. The litigation-created confidentiality markings unfairly suggest to the jury that the documents are in fact confidential without Aristocrat ever proving the issue. The litigation-created confidentiality markings are likely to unfairly influence the jury on a contested issue that Aristocrat must prove. A small fraction of discovery documents become trial exhibits and a vendor can easily prepare the trial exhibits without the litigation-created confidentiality markings. L&W raises the issue now to avoid a claim at the motion in limine or exhibit exchange stage that "it is too late", "there is no time to do that" or "exhibits are already prepared". Trial exhibits are handled by the trial teams who are very capable of securing the safety of the trial exhibits. L&W requests that the Court

allow the additional language in the parties' protective order to require removal of litigation-created confidentiality markings before exhibits are published to the jury or trial witnesses.

IT IS SO STIPULATED this 17th day of May, 2024.

| For Plaintiffs Aristocrat Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd. | For Defendants Light & Wonder, Inc., LNW Gaming, Inc., and SciPlay Corporation |
|---|---|
| */s/ Jason D. Smith* | */s/ Philip R. Erwin* |
| NICHOLAS J. SANTORO<br>(Nevada Bar No. 532)<br>JASON D. SMITH<br>(Nevada Bar No. 9691)<br>**HOLLEY DRIGGS LTD**<br>300 South 4th Street, Suite 1600<br>Las Vegas, Nevada 89101<br>Tel.: (702) 791-0308<br>Email: nsantoro@nevadafirm.com<br>        jsmith@nevadafirm.com<br><br>PETER A. SWANSON<br>(*pro hac vice*)<br>GARY M. RUBMAN<br>(*pro hac vice*)<br>SIMEON BOTWINICK<br>(*pro hac vice*)<br>**COVINGTON & BURLING LLP**<br>One CityCenter<br>850 Tenth Street, NW, Washington, DC 20001<br>Tel.: (202) 662-6000<br>Email: pswanson@cov.com<br>        grubman@cov.com<br>        sbotwinick@cov.com<br><br>ZIWEI SONG<br>(*pro hac vice*)<br>**COVINGTON & BURLING LLP**<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105-2533<br>Tel.: (415) 591-6000<br>Email: ksong@cov.com<br><br>*Attorneys for Plaintiffs* | PHILIP R. ERWIN, ESQ. (11563)<br>**CAMPBELL & WILLIAMS**<br>710 South Seventh Street<br>Las Vegas, Nevada 89101<br>Tel: (702) 382-5222<br>Email: pre@cwlawlv.com<br><br>HAROLD K. GORDON, ESQ.<br>**JONES DAY**<br>(*pro hac vice*)<br>250 Vesey Street<br>New York, New York 10281<br>Tel: (212) 326-3939<br>Email: hkgordon@jonesday.com<br><br>RANDALL E. KAY, ESQ.<br>(*pro hac vice*)<br>**JONES DAY**<br>4655 Executive Drive, Suite 1500<br>San Diego, California 92121<br>Tel: (858) 314-1139<br>Email: rekay@jonesday.com<br><br>ANNA E. RAIMER, ESQ.<br>(*pro hac vice*)<br>**JONES DAY**<br>717 Texas Street, Suite 3300<br>Houston, Texas 77002<br>Tel: (832) 239-3786<br>Email: aeraimer@jonesday.com<br><br>*Attorneys for Defendants* |

- 4 -

**INDEX OF EXHIBITS**

| Description | Exhibit |
|---|---|
| Aristocrat's Proposed Protective Order | A |
| L&W's Proposed Protective Order | B |
| Uncontested Source Code Addendum | C |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of May 2024, a true and correct copy of the foregoing **JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER** was electronically filed and served upon the parties registered for service with the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Harold K. Gordon, Esq.
Randall E. Kay, Esq.
Anna E. Raimer, Esq.
**JONES DAY**
250 Vesey Street
New York, New York 10281
Email: hkgordon@jonesday.com
         rekay@jonesday.com
         aeraimer@jonesday.com

Phillip R. Erwin, Esq.
**CAMPBELL & WILLIAMS**
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
Email: pre@cwlawlv.com

*Attorneys for Defendants Light & Wonder, Inc., LNW Gaming, Inc., and SciPlay Corporation*

                                      */s/ Marissa Vallette*
                                      An employee of HOLLEY DRIGGS