NICHOLAS J. SANTORO
(Nevada Bar No. 532)
JASON D. SMITH
(Nevada Bar No. 9691)
**HOLLEY DRIGGS LTD**
300 South 4th Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 791-0308
Email:   nsantoro@nevadafirm.com
         jsmith@nevadafirm.com

PETER A. SWANSON
(*pro hac vice*)
GARY M. RUBMAN
(*pro hac vice*)
SIMEON BOTWINICK
(*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel.:  (202) 662-6000
Email:   pswanson@cov.com
         grubman@cov.com
         sbotwinick@cov.com

ZIWEI SONG
(*pro hac vice*)
**COVINGTON & BURLING LLP**
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Tel.: (415) 591-6000
Email: ksong@cov.com

*Attorneys for Plaintiffs Aristocrat Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES, INC. and ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LTD., <br><br> Plaintiffs, <br><br> v. <br><br> LIGHT & WONDER, INC., LNW GAMING, INC., and SCIPLAY CORPORATION, <br><br> Defendants. | Civil Case No. 2:24-cv-00382-GMN-MDC <br><br> **STIPULATED PROTECTIVE ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiffs Aristocrat Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd. and Defendants Light & Wonder, Inc., LNW Gaming, Inc., and SciPlay Corporation, by and through their respective counsel, hereby stipulate and agree that discovery in the above-captioned action ("Action") may involve the disclosure of certain documents, things, and information that are alleged to constitute or contain trade secrets, financial records, or other proprietary and confidential research, development, or commercial information within the meaning of Rule 26(c), and that must be protected in order to preserve legitimate business interests. Good cause exists for the entry of this Protective Order pursuant to Rule 26(c) because it protects against improper disclosure or use of such trade secrets, financial records, and proprietary and confidential information produced or disclosed in this case. The parties therefore further stipulate and agree, subject to the approval of the Court, that the terms and conditions of this Protective Order shall govern the handling of documents, depositions, pleadings, exhibits and all other information exchanged by the parties in this Action, or provided by or obtained from non-parties in this Action. The parties agree to comply with the terms and conditions of this Protective Order pending approval by the Court.

**SCOPE**

1. This Protective Order shall apply to all documents, electronically stored information, tangible things, testimony, or other discovery material in this Action, including responses to requests for production of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, expert testimony and reports, exhibits and all other discovery taken pursuant to the Federal Rules of Civil Procedure, matters in evidence and any other information hereafter furnished, directly or indirectly, by or on behalf of any party, non-party or witness in connection with this Action ("Discovery Material").

2. As used herein, "Producing Party" shall refer to any party to this Action and to any non-party who produces Discovery Material, and "Receiving Party" shall refer to any individual who properly receives or is shown Discovery Material.

**DESIGNATION**

3. A Producing Party may designate Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" (materials so designated are "Confidentially Designated") in accordance with this Protective Order if the party in good faith believes that such Discovery Material contains CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY information as defined in Paragraph 4. The burden of establishing that Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY as defined herein shall be on the Producing Party. The designation of any Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY shall be deemed effective unless and until the Court orders otherwise or the Producing Party withdraws the designation.

4. CONFIDENTIAL and HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY Discovery Material shall be construed as follows:

    a. **CONFIDENTIAL** Discovery Material refers to information that reflects marketing information, contacts, financial information, proprietary business information, and/or similar commercially sensitive business information or data which the designating party in good faith believes in fact is confidential or that unprotected disclosure might result in economic or competitive injury, and which is not publicly known.

    b. **HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY** Discovery Material refers to any Confidential information (as defined in Section 4(a) above), trade secrets, know-how, proprietary data, technical information relating to a trade secret, or other confidential research or development information that, if disclosed to the other party, non-parties, or the public, would cause substantial risk of competitive, business, or personal injury to the Producing Party or others. This includes, without limitation, information that may be subject to an existing obligation of confidentiality by the Producing Party or its affiliates, financial

information (*e.g.*, detailed nonpublic financial information such as information relating to sales, sales volume, profits, account balances, and money transfers), game design and development information, strategic business plans, forecasts, and other commercial, marketing or technical information that the Producing Party reasonably believes would provide significant technical or business advantage to the Receiving Party.

**FORM AND TIMING OF DESIGNATION**

5. Confidentially Designated documents shall be so designated by placing or affixing the wording "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" on each page of the document in a manner that will not interfere with the legibility of the document, or through other means reasonable in the circumstances for noting the appropriate confidentiality designation for electronic documents. Documents shall be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY prior to, or contemporaneously with, the production or disclosure of the documents.

6. Portions of depositions shall be deemed Confidentially Designated if designated as such when the deposition is taken or within fourteen (14) calendar days after receipt of the transcript. Depositions shall be automatically treated as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY for fourteen (14) calendar days after receipt of the transcript.

7. Information from inspection of things and premises shall be deemed Confidentially Designated if designated as such at the time of the inspection or within fourteen (14) calendar days after the inspection. All information gleaned from inspection of things and premises shall be automatically treated as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY for fourteen (14) calendar days after the day of inspection.

8. To the extent that any party wishes to file or submit for filing as part of the Court record any Discovery Materials subject to this Protective Order, or any pleading, motion or memorandum referring to them, the party wishing to do so shall cause to be filed a motion for leave to file such materials under seal pursuant to the Court's local rules and any other applicable

1 rules governing sealed documents. If a non-designating party is filing Confidentially Designated Discovery Material, then the non-designating party shall file the material under seal and shall reference the fact that the material was designated under this Protective Order. A non-designating party may make a written request to have the material unsealed, and if the designating party does not agree to the request within ten (10) calendar days, the non-designating party may file an appropriate motion or application as provided by the Court's procedures that shows good cause to unseal the material.

## USE

9. Confidentially Designated Discovery Material under this Protective Order may be used only for purposes of this Action and any appeal therefrom, and shall not be used for any other purpose, including, but not limited to, any business, proprietary, commercial, governmental or other legal purpose, including in connection with any other litigation, arbitration or claim. Nothing in this Protective Order precludes a Producing Party from using or disseminating its own Confidentially Designated information. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the Producing Party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders or permits such disclosure. Notwithstanding the foregoing, this Protective Order does not preclude any individual who has received Confidentially Designated Discovery Material from discussing such material with individuals authorized to access Discovery Material in any other legal proceeding relating to the same underlying dispute.

10. Confidentially Designated Discovery Material shall be protected from disclosure as specified herein, unless a party obtains an order of the Court declaring that all or certain portions of such Discovery Material are not, in fact, protected and may be disclosed.

11. Non-parties may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY transcripts of depositions of their witnesses and any documents or information they produce, whether voluntarily or by subpoena, to the same extent and in the same manner as parties to this Action, and any such Discovery Material shall be treated by parties to

this Action in the same manner as materials and information so designated by a party. Non-parties shall have the same rights and obligations under this Protective Order as parties and may move the Court to enforce the provisions of this Protective Order. A non-party's use of this Protective Order to protect its own information does not entitle that third party access to Confidentially Designated Discovery Material produced by any party in this case.

**DISCLOSURE**

12. Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

    a. outside attorneys of record for each party in this Action, including any attorneys employed by firms of record who are representing a party in this Action even if not otherwise identified specifically on pleadings, provided the attorneys are working on this Action. Support personnel for these outside attorneys (e.g., law clerks, analysts, paralegals, litigation assistants, secretaries and support staff) also are allowed access under this provision;

    b. subject to the disclosure requirements set forth in Paragraph 14 below, three (3) designated in-house counsel for each party who are responsible for managing this Action, and support personnel for the in-house counsel, such as law clerks, analysts, paralegals, litigation assistants, secretaries and support staff, provided the in-house counsel does not actively participate in the conception, design, development, and marketing of electronic gaming machines;

    c. subject to the disclosure requirements set forth in Paragraph 14 below, up to three (3) designated employee representatives for each party to the extent reasonably necessary for the litigation of this Action, and provided the employee representatives do not actively participate in the conception, design, development, and marketing of electronic gaming machines;

    d.  subject to the disclosure requirements set forth in Paragraph 14 below, independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this Action;

    e.  the Court and its personnel, and all appropriate courts of appellate jurisdiction, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties in connection with this Action;

    f.  service contractors such as document copy services, e-discovery vendors, trial technology consultants, jury consultants, translators, and graphic artists;

    g.  employees of copy services, e-discovery vendors, design services (including graphics services), microfilming or database services, trial support firms (including mock jurors) and/or translators who are engaged by the parties during the litigation of this Action;

    h.  the authors and the original recipients of the document;

    i.  any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

    j.  such other persons as hereafter may be designated by written agreement between the parties in this Action or by the order of the Court.

13. Unless otherwise directed by the Court or authorized in writing by the Producing Party, Discovery Material designated as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY may be disclosed by the Receiving Party only to the persons listed in Paragraphs 12(a) and (d) – (j).

14. Prior to disclosing a Producing Party's Confidentially Designated Discovery Material to any person under Paragraphs 12(b) – (d), the Receiving Party shall provide written notice to the Producing Party that includes: (i) the name of the person, (ii) the present employer

and title of the person, and (iii) a signed agreement to be bound by the terms of this Protective Order in the form of Exhibit A attached hereto. For persons under Paragraph 12(d), the Receiving Party shall also provide an up-to-date curriculum vitae, and written disclosure of the proposed consultant/expert's prior and current employment or consulting for any party; any current work for any other slot machine manufacturer; and any specific future employment or consulting opportunities that the consultant/expert has accepted or intends to accept for any party or any other slot machine manufacturer.  Within seven (7) calendar days of receiving the information required to be provided under this paragraph, the Producing Party may object in writing to the disclosure. In the absence of any objection at the end of the seven (7) day period, the individual shall be deemed approved under this Protective Order. If an objection is made, the parties shall meet and confer within four (4) calendar days after the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the party objecting to the disclosure will have seven (7) calendar days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, Confidentially Designated Discovery Material shall not be disclosed until the objection is resolved by the Court. Counsel for the Receiving Party shall retain the signed agreement for a period of five years after the conclusion of the action, including all appeals.

15. Prior to disclosing a Producing Party's Confidentially Designated Discovery Material to mock jurors under Paragraph 12(g), the Receiving Party shall require the mock jurors to sign a confidentiality agreement that prohibits any use or disclosure of the Confidentially Designated Discovery Material outside of the mock jury exercise, and counsel for the Receiving Party shall retain the signed agreements for a period of five years after the conclusion of the action, including all appeals.

16. In the event of an unauthorized disclosure of Confidentially Designated Discovery Material, the Producing Party may make a reasonable request for the signed agreements, and upon receipt of such request, counsel for the Receiving Party shall produce the signed agreements.

17. Whenever information that is Confidentially Designated pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the Producing Party may exclude from the room any person, other than persons designated in Paragraphs 12-13, as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

18. The recipient of any Confidentially Designated Discovery Material that is provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise reasonable and proper care with respect to the storage, custody, use and/or dissemination of such information.

**EXEMPTED MATERIALS**

19. None of the provisions of this Protective Order shall apply to the following categories of documents or information, and any party may seek to remove the restrictions set forth herein on the ground that Confidentially Designated information has or had been:

    a. available to the public at the time of its production hereunder;

    b. available to the public after the time of its production through no act, or failure to act, on behalf of the Receiving Party, its counsel, representatives or experts;

    c. known to the Receiving Party, or shown to have been independently developed by the Receiving Party, prior to its production hereunder without use or benefit of the information; and/or

    d. obtained outside of this Action by the Receiving Party from the Producing Party without having been Confidentially Designated and without otherwise being subject to any obligation of confidentiality.

20. While the Producing Party has the burden of proof of establishing that Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY as set forth in Paragraph 4, the Receiving Party shall have the burden of proof to establish that any otherwise valid claims of confidentiality have been vitiated based on any of the grounds set forth in Paragraph 19.

**INADVERTENT PRODUCTION/DESIGNATION**

21. The inadvertent production of any document or information subject to attorney-client privilege or work product immunity will not waive attorney-client privilege or work product immunity in this Action or any other action or proceeding before any court, agency, or tribunal. In addition, the fact that a document or information was inadvertently produced shall not be used in any manner as evidence in support of any alleged waiver of attorney-client privilege or work product immunity. If a party has inadvertently produced a document or information subject to a claim of attorney-client privilege or work product immunity, upon written request, the document or information, and all copies thereof, shall be returned or destroyed promptly, and in no event later than seven (7) calendar days, after a written request is made by the producing party, and the receiving party shall otherwise comply with Rule 26(b)(5)(B). Moreover, any notes or summaries referring to or describing any inadvertently produced document or information subject to a claim of attorney-client privilege or work product immunity shall be destroyed. After return or destruction of the document or information, the receiving party may challenge the producing party's claim of attorney-client privilege or work product immunity by making a motion to the Court.

22. The inadvertent failure to designate Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY prior to disclosure shall not operate as a waiver of the party's right to later designate the material in this Action or any other action or proceeding before any court, agency, or tribunal.

23. In the event of disclosure of Confidentially Designated Discovery Material to any person not authorized to access such Discovery Material under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the Producing Party of all known relevant information concerning the nature and circumstances of the disclosure. The party responsible for improperly disclosing such Discovery Material shall also promptly take all reasonable measures to retrieve the improperly disclosed Discovery Material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

24. Nothing in this Protective Order shall waive or limit any protections afforded the parties under Federal Rule of Evidence 502.

## OBJECTION TO DESIGNATIONS

25. Any party may object to the designation by the Producing Party of any Confidentially Designated Discovery Material. The process for making such an objection and for resolving the dispute shall be as follows:

   a. The objecting party shall notify the Producing Party in writing as to its objection(s) to the designations. This notice shall include, at a minimum, a specific identification of the designated Discovery Material objected to as well as the reason(s) for the objection.

   b. The objecting party shall thereafter have the burden of conferring within seven (7) calendar days, either in person or by telephone, with the Producing Party, as well as any other interested party, in a good faith effort to resolve the dispute.

   c. Failing agreement, the objecting party may move the Court for a ruling that the Discovery Material sought to be protected is not entitled to such designation. The Producing Party bears the burden to establish that the Discovery Material is CONFIDENTIAL or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY and entitled to such protection under this Protective Order.

26. Notwithstanding any such challenge to the designation of Discovery Material, all Confidentially Designated Discovery Material shall be treated as such and shall be subject to the provisions of this Protective Order until either the party who designated the Discovery Material withdraws such designation in writing or the Court rules that the designation is not proper and that the designation be removed.

27. Any failure to object to any Discovery Material being Confidentially Designated shall not be construed as an admission by any non-producing party that the material constitutes or contains a trade secret or other confidential information.

## RETURN/DESTRUCTION OF MATERIALS

28. Not later than sixty (60) calendar days after the termination of this Action, including all appeals, all Confidentially Designated Discovery Material, including all copies thereof, shall be returned to the Producing Party or destroyed, such election to be made by the Receiving Party, except that each party's outside counsel may retain all papers filed with the Court, transcripts and videos of testimony and exhibits, expert reports, discovery requests and responses, correspondence and their own work product containing Confidentially Designated Discovery Material for archival purposes, and provided that such counsel shall not disclose any party's Confidentially Designated Discovery Material contained therein to any person or entity except pursuant to a written agreement with the Producing Party or as otherwise provided in this Protective Order. Not later than seventy-five (75) calendar days after the termination of this Action, including all appeals, the party receiving any Confidentially Designated Discovery Material shall certify in writing that all such material has been returned or destroyed.

## MISCELLANEOUS PROVISIONS

29. This Protective Order is without prejudice to the right of any party to seek further or additional protection of Discovery Material for which the protection of this Protective Order is not believed by such party to be adequate. Nothing in this Protective Order shall be deemed to bar or preclude any Producing Party from seeking such additional protection, including, without limitation, an order that certain information may not be discovered at all.

30. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

31. If at any time Confidentially Designated Discovery Material is subpoenaed by any court, or any arbitral, administrative or legislative body, or is subject to a discovery request in another proceeding, the person to whom the subpoena or request is directed shall immediately give written notice thereof to counsel for every party who has produced such Confidentially Designated Discovery Material and shall provide each such party with an opportunity to object to the production of such materials prior to their disclosure. If the Producing Party does not move for a

protective order within seven (7) calendar days of the date written notice is given, the party to whom the referenced subpoena or request is directed may produce, on or after the date set for production in the subpoena or request but not prior to the end of the seven (7) calendar day notice period, such material in response thereto. Any such production shall be made pursuant to confidentiality protections at least as strict as the protections in this Protective Order.

32. All notices required by any provision of this Protective Order are to be made by e-mail to counsel representing the noticed party. The date by which a party receiving notice shall respond or otherwise take action shall be computed from the date of receipt of the notice. Any of the notice requirements herein may be waived in whole or in part, but only in a writing signed by counsel for the Producing Party.

33. Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of Confidentially Designated Discovery Material in this Action; provided, however, that in rendering such advice and in otherwise communicating with a person not entitled to view Confidentially Designated Discovery Material, counsel shall not disclose the contents of Confidentially Designated Discovery Material produced by any other party or non-party.

34. Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this Action or otherwise that any document, or any portion thereof, is protected by the attorney-client privilege or work product immunity or is otherwise not discoverable or admissible in evidence in this Action or any other proceeding.

35. This Protective Order shall remain in full force and effect until modified, superseded, or terminated on the record by agreement of the parties or by an order of the Court. At the conclusion of the present Action, the Court shall retain jurisdiction to enforce the terms of this Protective Order. Each person or entity who receives Confidentially Designated Discovery Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any

proceedings relating to the performance under, compliance with or violation of this Protective Order.

IT IS SO STIPULATED this \_\_\_\_ day of April, 2024.

| For Plaintiffs Aristocrat Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd. | For Defendants Light & Wonder, Inc., LNW Gaming, Inc., and SciPlay Corporation |
|---|---|
| NICHOLAS J. SANTORO<br>(Nevada Bar No. 532)<br>JASON D. SMITH<br>(Nevada Bar No. 9691)<br>**HOLLEY DRIGGS LTD**<br>300 South 4th Street, Suite 1600<br>Las Vegas, Nevada 89101<br>Tel.: (702) 791-0308<br>Email:  nsantoro@nevadafirm.com<br>            jsmith@nevadafirm.com<br><br>PETER A. SWANSON<br>(*pro hac vice*)<br>GARY M. RUBMAN<br>(*pro hac vice*)<br>SIMEON BOTWINICK<br>(*pro hac vice*)<br>**COVINGTON & BURLING LLP**<br>One CityCenter<br>850 Tenth Street, NW, Washington, DC 20001<br>Tel.: (202) 662-6000 / Fax: (202) 662-6291<br>Email:  pswanson@cov.com<br>            grubman@cov.com<br>            sbotwinick@cov.com<br><br>ZIWEI SONG<br>(*pro hac vice*)<br>**COVINGTON & BURLING LLP**<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105-2533<br>Tel.: (415) 591-6000<br>Email: ksong@cov.com | PHILIP R. ERWIN, ESQ. (11563)<br>**CAMPBELL & WILLIAMS**<br>710 South Seventh Street<br>Las Vegas, Nevada 89101<br>Tel: (702) 382-5222<br>Email: pre@cwlawlv.com<br><br>**JONES DAY**<br>HAROLD K. GORDON, ESQ.<br>(Admitted *Pro Hac Vice*)<br>250 Vesey Street<br>New York, New York 10281<br>Tel: (212) 326-3939<br>Email: hkgordon@jonesday.com<br><br>RANDALL E. KAY, ESQ.<br>(Admitted *Pro Hac Vice*)<br>4655 Executive Drive, Suite 1500<br>San Diego, California 92121<br>Tel: (858) 314-1139<br>Email: rekay@jonesday.com<br><br>ANNA E. RAIMER, ESQ.<br>(Admitted *Pro Hac Vice*)<br>717 Texas Street, Suite 3300<br>Houston, Texas 77002<br>Tel: (832) 239-3786<br>Email: aeraimer@jonesday.com |

**IT IS SO ORDERED:** Designation of documents as 'confidential' does not itself provide sufficient basis to seal documents, nor does it mean that documents can be properly sealed.  The parties must comply with LR IA 10-5 and the requirements of *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and its progeny when seeking to seal or redact any document.

_____
UNITED   STATES   MAGISTRATE   JUDGE
DATED: 5-21-24 _____

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES, INC. and ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LTD.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>LIGHT & WONDER, INC., LNW GAMING, INC., and SCIPLAY CORPORATION,<br><br>　　　　Defendants. | Civil Case No. 2:24-cv-00382-GMN-MDC<br><br>**DECLARATION AND UNDERTAKING TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |

　　I, _____, declare that:

　　1.　　My residence address is

_____.

　　2.　　My current employer is

_____,

and the address of my current employment is

_____.

　　3.　　My current occupation or job description is

_____.

　　4.　　[Experts Only] A copy of my current curriculum vitae is attached hereto.

　　5.　　I have received and read the Stipulated Protective Order in this Action dated

_____, and I understand its provisions. I agree (a) to be bound by the

terms of the Stipulated Protective Order, (b) to use Confidentially Designated Discovery

Material solely for this action, and (c) not to disclose any Confidentially Designated Discovery

- 2 -

Material to any person, firm, corporation or other entity not qualified to have access to such information pursuant to the terms of the Stipulated Protective Order.

    6.    Upon termination of this Action, including all appeals, I will destroy or return to retaining counsel all Confidentially Designated Discovery Material and summaries, abstracts and indices thereof that come in my possession, and documents that I have prepared relating thereto.

    7.    I hereby submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcement of the Stipulated Protective Order. I understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and may be liable in civil action by one or more of the parties in this Action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____ 2024 at _____ in the State of _____.

_____
(signature)

_____
(print name)