UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Aristocrat Technologies, Inc., and Aristocrat Technologies Australia Party Ltd., <br><br> Plaintiff(s), <br><br> vs. <br><br> Light & Wonder, Inc.; LNW Gaming, Inc.; and Sciplay Corporation, <br><br> Defendant(s). | 2:24-cv-00382-GMN-MDC <br><br> **ORDER GRANTING MOTION TO STAY DISCOVERY AND DENYING STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |

On April 30, 2024, defendants Light & Wonder, Inc.("L&W"); LNW Gaming, Inc.("LNW"); and Sciplay Corporation ("Sciplay") filed a *Motion to Stay Discovery Pending Ruling On Motion To Dismiss* (ECF No. 41)("Motion"). The Court grants the defendants' Motion for the reasons set forth below. The Court has also considered the parties' *Stipulated Discovery Plan and Scheduling Order* (ECF No. 44) and denies the stipulation.

I.   **BACKGROUND**

This is a matter concerning intellectual property and trade secrets. Among other things, plaintiffs allege that defendants have misappropriated plaintiffs' intellectual property and trade secrets to develop various games, including "Dragon Train." Plaintiffs released Dragon Link in the United States in 2017. In 2022, defendant L&W released games called "Dragon Unleashed Link" and "Jewel of the Dragon," which plaintiffs argue copy aspects of plaintiffs' Dragon Link game. In August 2023, defendant L&W released Dragon Train in Australia, which plaintiffs also claim copies aspect of their Dragon Link game.

Commencing on or about September 23, 2023, plaintiffs sent defendant L&W several letters asserting intellectual property and trade secret disputes with L&W's Dragon Train game, like the disputes at issue in this action. Plaintiffs' September 23, 2023, correspondence also requested certain documents and information from L&W about its Dragon Train game. L&W responded and produced certain

requested documents and information, which defendants produced again to plaintiffs and their counsel on April 3, 2023, after plaintiffs commenced this action. *See* ECF No. 33; ECF No. 41 at p. 7. In October 2023, L&W unveiled Dragon Train to the U.S. market during the Global Gaming Expo ("G2E") in Las Vegas.

Defendants commenced this action and filed their Complaint on February 24, 2024 (ECF No. 1). On April 8, 2024, defendants filed a *Motion to Dismiss* (ECF No. 43) in response to plaintiffs' Complaint. Thereafter, defendants filed their Motion to stay discovery on April 30, 2024.

## II.  ANALYSIS

### A.  The Court Has Inherent Discretion To Control Discovery

Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (*quoting* Fed. R. Civ. P. 1). Thus, the Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1.

### B.  The Court Adopts The Pragmatic Approach Per *Schrader*

The Court first reviews the split in this district between two standards for staying discovery. Courts in this District have traditionally used a three-part "preliminary peek test" to determine whether discovery should be stayed pending the resolution of a motion to dismiss. *Flynn v. Nevada*, 345 F.R.D. 338, 344-45 (D. Nev. 2024). Under that three-part test, the court must determine (1) if the underlying motion to dismiss is dispositive of the action; (2) the motion to dismiss is resolvable without additional discovery;

and (3) the Magistrate Judge must take a "preliminary peek" and the merits of the motion to dismiss and determine whether it is convinced the motion to dismiss will prevail. *Id. See also Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

*Schrader v. Wynn Las Vegas, LLC* provided a lengthy analysis regarding the inefficiency of the preliminary peek test. *Id.,* No. 2:19-cv-02159-JCM-BNW, 2021 U.S. Dist. LEXIS 198974, at *14 (D. Nev. Oct. 14, 2021). *Schrader* rejected the preliminary peek test and announced a new framework to analyze a motion to stay discovery when a dispositive motion is pending and considers: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Id*., citing cases and Rule 26(c). A second Magistrate Judge in this District has also adopted the approach laid out by the *Schrader* Court. See *Allstate Indem. Co. v. Cooper*, No. 2:23-cv-00685-CDS-DJA, 2023 U.S. Dist. LEXIS 118889, at *3 (D. Nev. July 11, 2023). Since the standard is pragmatic, the Court thus refers to this modern approach as the pragmatic approach.

The adoption of the pragmatic approach by two Magistrate Judges in this district has not been free of criticism. A long-serving Magistrate Judge in this district recently rejected the pragmatic approach, in a lengthy and well-researched opinion, noting that the preliminary peek test has been the standard in this district for close to "four decades." See *Flynn v. Nevada*, No. 2:22-cv-1753-JAD-NJK, 2024 U.S. Dist. LEXIS 3188, at *23 (D. Nev. Jan. 3, 2024) (Rejecting the invitation to adopt what the *Flynn* Court called the "minority approach" for staying discovery and noting that the preliminary peek has been settled law in this district for four decades). The *Flynn* Court noted that while a decision at the district court level is not binding on the other judges at the district court level, "considerations of consistency and predictability militate in favor of adhering to well-settled law unless there is exceedingly persuasive justification for charting a new course." *Flynn, supra* (characterizing the "minority approach" as creating a "Wild West" scenario "within a single judicial district on common motion practice.") (citations omitted).

This Court has considered the reasoning of the *Schrader* and *Flynn*. This Court agrees with the *Schrader* Court that the preliminary peek test is inefficient and adopts the pragmatic approach. The

preliminary peek is not only inefficient but also relegates the "discovery" character of a motion to stay discovery. The Court believes that the pragmatic approach is more correctly aligned with the circumstances and purpose of a motion to stay. First, a motion to stay discovery should be primarily focused on "discovery" issues and not dispositive merits of the case. The preliminary peek, however, shifts the primary inquiry from "discovery" to the dispositive merits of the case.

In practice, the preliminary peek is more than a "peek." Instead, the preliminary peek forces a parallel analysis and determination of the dispositive merits of the case by both the District and Magistrate Judges. After all, the preliminary peek requires the Magistrate Judge to be "convinced" on the dispositive merits of the case, which requires diving into the separate dispositive motion. The parties also engage in dual, repetitive briefing in which they re-argue and champion their dispositive briefs where the issue is really about discovery and should focus on discovery. While Magistrate Judges are more than capable of handling all aspects of litigation and making dispositive determinations (*see e.g.,* LR IB 1-4), the division of duties primarily assigns Magistrate Judges pre-trial and discovery matters. *See* LR IB 1-3. The pragmatic approach is better aligned with such duties.

As the *Flynn* Court observed, Courts have broad discretionary power to control discovery. *Flynn*, supra, at 6, citing to *Kor Media Grp.,* 294 F.R.D. at 581 (*citing Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988)). The Court agrees with *Flynn*'s reasoning that the rigid set of rules prescribed by the preliminary peek test also negates that discretion. *Flynn*, supra at 11 (citing cases). The Court believes that judicial efficiency is an "exceedingly persuasive justification for charting a new course" given that the Magistrate Judges are well versed in discovery related issues. The pragmatic approach focuses on "discovery" and whether discovery is needed in connection with the motion to dismiss, and then provides "good cause" which better accommodates the Court's discretionary powers.

The pragmatic approach is also more aligned with the goals of Rule 1, to secure the just, speedy, and inexpensive resolution of cases. See *Schrader,* supra, at 4, citing to FRCP 1. The Court agrees with the sentiment of the *Flynn* Court that litigators prefer consistency on commonly filed motions within a

single district, rather than having to tailor their approach to individual Magistrate Judges. The Court finds, however, that the social interest in maintaining a strong independent judiciary outweighs the benefits of prior practice in this situation. The undersigned is convinced that the modern pragmatic approach is more efficient and adopts it going forward. This decision pertains only to the preferences of the undersigned and does not extend to the Magistrate Judges in this district who prefer the preliminary peek approach.

        **C.**        **Staying Discovery Is Appropriate Under The Pragmatic Approach**

            **i.**        **Discovery is not needed to respond to the pending Motion to Dismiss**

Applying the pragmatic approach, the Court determines that a stay of discovery is appropriate in this action. First, defendants' *Motion to Dismiss* (ECF No. 41) can be decided without additional discovery. Plaintiffs do not dispute that they do not require any discovery to respond to defendants' *Motion to Dismiss*. Therefore, the first factor under the pragmatic approach, juxtaposed with Fed. R. Civ. P. 1, favors stay of discovery pending resolution of defendants' *Motion to Dismiss.*

            **ii.**        **There is good cause to stay discovery**

The good cause element under the pragmatic approach is sufficiently broad to allow a court to operate within its discretion and the objectives of Fed. R. Civ. P. 1. For example, good cause may be found where a movant seeks to stay discovery to prevent undue burden or expense. *Schrader*, 2021 U.S. Dist. LEXIS 198974, *12; Fed. R. Civ. P. 26(c)(1). Staying discovery may also be appropriate when a movant can convince the Court about the merits of its pending dispositive motion, borrowing this element from the preliminary peek. *Id. (citing Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)). Good cause may also exist where a staying discovery secures "the just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1.; *Tradebay,* 278 F.R.D. at 603 ("[T]his court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1.").

Defendants have shown good cause to stay discovery. Defendants argue that discovery will impose an undue burden and increase expenses while their *Motion to Dismiss* is pending. Defendants support their argument with evidence of the interrogatories and document requests that plaintiffs have

already served.  *See* ECF No. 41-3 and 41-4.  The Court agrees.  Plaintiffs' discovery is broad reaching, aimed at their ultimate claims and, admittedly, not necessary for responding to defendants' *Motion to Dismiss*.  Furthermore, the discovery sought includes defendants' highly confidential and proprietary source code, as well as defendants' marketing plans and strategies.  *See* ECF No. 41 a p. 9.  Defendants are competitors of plaintiffs. The Court finds that disclosure of such information while (1) a *Motion to Dismiss* is pending and (2) no determination has been made about whether plaintiffs have stated a claim, is unduly burdensome.

Additional good cause exists to stay discovery because defendants have convinced the Court about the merits of their pending *Motion to Dismiss*.

Plaintiffs oppose a stay arguing lack of good cause, the second inquiry under the pragmatic approach.  Plaintiffs argue that a stay of discovery is prejudicial and will cause "irreparable harm." *See Opp'n at p. 21 (ECF No. 45)*.   Specifically, plaintiffs argue that they need discovery to pursue their claims for injunctive relief.  *Id.*  As summarized above, and as the record demonstrates, defendants' allegedly infringing game has been on the market since at least August 2023, and plaintiffs have previously received voluminous documents from defendants that refer to "Dragon Link," "Lightning Link," and/or "Aristocrat."  *See* ECF No. 3 at p. 12; ECF No. 41 at p. 7.   Plaintiffs, however, have not sought any temporary or preliminary injunctive relief.  Moreover, plaintiffs' Opposition (ECF No. 45) does not identify any specific discovery they need to pursue such ancillary injunctive relief (*i.e.,* TRO or preliminary injunction) to preserve the status quo.[1]  "The purpose of a preliminary injunction is not to give the plaintiff the ultimate relief it seeks.  It is to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits… to keep the parties, while the suit goes on, as far as possible in the respective positions they occupied when the suit began." *WarnerVision Ent. Inc. v. Empire of Carolina,* Inc., 101 F.3d 259, 261–62 (2d Cir. 1996)(internal quotations and citations omitted).

---

[1] The status quo is that defendants' Dragon Train game was introduced to the United States market in October 2023, four months before plaintiffs filed this action in February 2024.

Here, plaintiffs appear to seek discovery in general to support their ultimate injunctive relief claim. *See i.e., ECF No. 41-3* (plaintiffs' first request for production); ECF No. 41-4 (plaintiffs' first interrogatories).

Plaintiffs also argue lack of good cause because they will likely be able to obtain leave to amend their Complaint if defendants' *Motion to Dismiss* is granted. Plaintiffs' argument is too speculative to show lack of good cause. Indeed, plaintiffs cite no supporting authority. *See* ECF No. 45 at p. 16.[2] Moreover, while amendments under Fed. R. Civ. P. 15 are to be freely given, they are not automatic. *Takiguchi v. MRI Int'l, Inc.*, 2:13-cv-01183-HDM-VCF, 2016 U.S. Dist. LEXIS 194005, *5 (D. Nev. September 26, 2016)(*citing In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). Thus, "the fact that Plaintiff could possibly remedy any deficient allegations with leave to amend is not germane to the question before the Court on a motion to stay discovery: whether Defendants' motion is potentially dispositive of the entire case." *Heck v. Amazon.Com, Inc.*, No. 22-cv-03986-JSW, 2022 U.S. Dist. LEXIS 199904, *4 (N.D.Ca. November 1, 2022).

### III. THE PARTIES' STIPULATED DISCOVERY PLAN

The parties filed a *Stipulated Discovery Plan and Scheduling Order* (ECF No. 44). The parties' filing was appropriate and in accordance with LR 26-1. In the plan, the parties address defendants' Motion and propose alternative discovery plans depending on the outcome of the Motion. While the Court appreciates the parties' efforts, the Court denies the stipulation and declines to accept either proposal because it is uncertain when the defendants' *Motion to Dismiss* (ECF No. 34) may be adjudicated.

//

//

//

//

---

[2] Plaintiffs also fail to cite authority in their Opposition (ECF No. 38) to the *Motion to Dismiss* for the proposition that discovery should not be stayed when there is a possibility a plaintiff will be given leave to amend in response to a motion to dismiss. *Id.* at p. 24.

**ORDER**

For the foregoing reasons, the Court is persuaded that good cause exists to stay discovery in this case. Accordingly,

**IT IS ORDERED** that Defendants' Motion (ECF No. 41) is GRANTED. Discovery is stayed pending the disposition of defendants' *Motion to Dismiss* (ECF No. 34) or further Court order, including an order on any motion to lift the stay.

**IT IS FURTHER ORDERED** that the parties' *Stipulated Discovery Plan and Scheduling Order* (ECF No. 44) is DENIED.

DATED: May 21, 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge