JONES DAY
HAROLD K. GORDON, ESQ.
(*pro hac vice*)
hkgordon@jonesday.com
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

CAMPBELL & WILLIAMS
PHILIP R. ERWIN, ESQ. (11563)
pre@cwlawlv.com
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

JONES DAY
RANDALL E. KAY, ESQ.
(*pro hac vice*)
rekay@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1139
Facsimile: (844) 345-3178

JONES DAY
ANNA E. RAIMER, ESQ.
(*pro hac vice*)
aeraimer@jonesday.com
717 Texas Street, Suite 3300
Houston, Texas 77002
Telephone: (832) 239-3786
Facsimile: (832) 239-3600

*Attorneys for Defendants*
*Light & Wonder, Inc., LNW Gaming, Inc.,*
*and SciPlay Corporation*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES, INC. and ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> LIGHT & WONDER, INC., LNW GAMING, INC., and SCIPLAY CORPORATION, <br><br> Defendants. | CASE NO.: 2:24-cv-00382-JCM-MDC <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' OBJECTIONS TO ORDER GRANTING MOTION TO STAY DISCOVERY** |

1

Defendants Light & Wonder, Inc., LNW Gaming, Inc., and SciPlay Corporation (collectively, "L&W") hereby submit their Opposition to the Objections ("Objection") to the Order Granting Motion to Stay Discovery and Denying Stipulated Discovery Plan and Scheduling Order ("Order") filed by Plaintiffs Aristocrat Technologies Inc. and Aristocrat Technologies Australia Pty Ltd. (collectively, "Aristocrat") and respectfully request that this Court deny Aristocrat's Objection and affirm Magistrate Judge Couvillier's Order (ECF No. 51).

## I. INTRODUCTION

After repeated unsuccessful attempts to rush discovery *before* this Court has scrutinized its claims, Aristocrat now insists that Magistrate Judge Couvillier's Order staying discovery somehow falls outside of the Court's wide discretion to manage and protect L&W from unduly burdensome discovery in the absence of well-pled claims. But rather than articulate any legitimate legal error, Aristocrat's Objection simply re-asserts its same arguments in opposition to the stay and asks the Court to reconsider. However, Aristocrat cannot deny that Magistrate Judge Couvillier fully weighed all relevant factors, including the merits of L&W's pending Motion to Dismiss, the undue burden of Aristocrat's plainly far-reaching discovery requests, and the absence of any legitimate prejudice to Aristocrat, and concluded that a stay of discovery best serves the interests of Rule 1 of the Federal Rules of Civil Procedure and was supported by ample good cause. Aristocrat's disagreement with the result of Magistrate Judge Couvillier's well-reasoned analysis of these relevant factors does not provide grounds for reversal. Based on this record, a stay of discovery pending L&W's Motion to Dismiss remains the most effective means "to secure the just, speedy, and inexpensive determination" of this case. Fed. R. Civ. P. 1. Accordingly, Aristocrat's Objection should be denied and Magistrate Judge Couvillier's Order should remain in effect.

## II. LEGAL STANDARD

Issuance of a discovery stay is an appropriate exercise of a court's "wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). Accordingly, a reviewing district judge may only reconsider a magistrate judge's issuance of a stay where it has been shown that the

2

magistrate judge's exercise of discretion "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge . . . when it has been shown the magistrate judge's order is clearly erroneous or contrary to law."). This standard of review "is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters,* 124 F.3d 999, 1014 (9th Cir. 1997) (quotation omitted). Importantly, under this standard, the district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

### III. <u>ARGUMENT</u>

Aristocrat's surface-level challenges to Magistrate Judge Couvillier's Order do not establish clear error or findings "contrary to law." Instead, Aristocrat can only articulate its disagreement with Magistrate Judge Couvillier's findings and conclusion. But those findings and conclusion rest on firm support, and Aristocrat's emphatic plea that the District Judge "substitute its judgment" in place of Magistrate Judge Couvillier's does not satisfy the stringent standard required to overturn the Order. Magistrate Judge Couvillier fully evaluated the merits of L&W's pending Motion to Dismiss, the undue burden of commencing discovery before a determination has been made about whether Aristocrat has stated a claim, and any purported prejudice to Aristocrat resulting from a stay, and concluded that good cause supports a stay of discovery. Aristocrat's attacks on the margins of Magistrate Judge Couvillier's analysis do not render the Order erroneous. Accordingly, Aristocrat's Objection should be denied.

### A. APPLICATION OF THE "PRAGMATIC APPROACH" IS NOT "CLEARLY ERRONEOUS" OR "CONTRARY TO LAW"

Aristocrat wrongly suggests that Magistrate Judge Couvillier's application of the "pragmatic approach"—as opposed to Aristocrat's preferred, more stringent "preliminary peek" standard—warrants reversing Magistrate Judge Couvillier's Order. However, at least several judges in this District have recognized that the "pragmatic approach" is not only appropriate, but in many ways, preferred to application of the "preliminary peek" framework because the "preliminary

peek" test "is often inaccurate and inefficient." *Schrader v. Wynn Las Vegas, LLC*, No. 2:19-CV-02159-JCM-BNW, 2021 WL 4810324, at *3 (D. Nev. Oct. 14, 2021). Indeed, Aristocrat cites no authority suggesting application of the "pragmatic approach" is "clearly erroneous or contrary to law." Courts have routinely applied both standards, and in any event, application of a contested legal standard does not make a decision "clearly erroneous or contrary to law," particularly where the decision relates to the magistrate judge's "wide discretion in controlling discovery[.]" *Tradebay, LLC*, 278 F.R.D. at 601; *see also PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1097 n.7 (D. Nev. 2022) (explaining that "it is not error to apply the preliminary peek analysis to a motion to stay discovery" and "the cited cases charting a different path themselves are not binding on any other judge within this District.").

To the extent Aristocrat suggests that Magistrate Judge Couvillier's application of the "pragmatic approach" was "impermissibly low," Objection at 4, this argument is without merit. The pragmatic approach requires a showing of "good cause" guided by "Rule 1 of the Federal Rules of Civil Procedure." *See, e.g.*, *Jimenez v. GEICO Secure Ins. Co.*, No. 2:23-CV-01290-APG-BNW, 2023 WL 8254492, at *4 (D. Nev. Nov. 29, 2023). That is exactly the analysis Magistrate Judge Couvillier engaged in here. *See* Order at 5 (explaining that "[t]he good cause element under the pragmatic approach is sufficiently broad to allow a court to operate within its discretion and the objectives of Fed. R. Civ. P. 1"). The Order fully weighs the merits of L&W's Motion to Dismiss, the undue burden of Aristocrat's broad-reaching discovery requests in light of L&W's Motion to Dismiss, and any potential prejudice to Aristocrat, before concluding that good cause supports a stay. These same considerations have supported numerous discovery stays under the pragmatic approach, and nothing suggests that Magistrate Judge Couvillier's good cause analysis is any less well-reasoned. *See, e.g.*, *Speaks v. Employers Holdings Inc.*, No. 2:23-CV-0068-GMN-BNW, 2023 WL 4561451, at *4 (D. Nev. July 17, 2023) (granting motion to stay discovery, despite finding it was "not convinced that Plaintiff will be unable to proceed with *any* of the claims" subject to dismissal, because additional discovery was unnecessary to decide the motion to dismiss and given

4

the expense of defending against all claims); *Gibson v. MGM Resorts Int'l*, No. 2:23-CV-00140-MMD-DJA, 2023 WL 4455726, at *4 (D. Nev. July 11, 2023) (granting motion to stay discovery because the dispositive motions "can be decided without further discovery" and "Defendants have established good cause by pointing to the burden and expense of discovery").

Moreover, Aristocrat does not actually establish that application of the preliminary peek test would have changed the result here. As discussed below in more detail, Magistrate Judge Couvillier properly found that L&W had "convinced the Court about the merits of their pending Motion to Dismiss," *see* Order at 6, which supports good cause for a stay even under the preliminary peek framework. Accordingly, even a finding that application of the pragmatic approach was "clearly erroneous or contrary to law"—which it was not—does not necessitate reversing the Order.

### B. THE ORDER PROPERLY CONSIDERED L&W'S MERITORIOUS MOTION TO DISMISS

Aristocrat fails to articulate how Magistrate Judge Couvillier's consideration of the merits of L&W's Motion to Dismiss constitutes clear error. Instead, Aristocrat merely *disagrees* with Magistrate Judge Couvillier's finding that the Motion to Dismiss is meritorious, and urges that the Order erred because L&W's Motion to Dismiss is "non-dispositive" and consists of "notice-based" arguments that "Aristocrat could easily overcome . . . in an amended complaint." Objection at 5-7. Aristocrat is wrong on each account.

***First***, as discussed at length in L&W's Stay Motion and Reply, L&W's Motion to Dismiss is indisputably dispositive of each of Aristocrat's claims. *See* ECF No. 48 at 6. Specifically, L&W's Motion to Dismiss explains at length that Aristocrat's Complaint fails to plausibly allege trade secret misappropriation. ECF No. 34 at 15–19. The Motion to Dismiss further explains that Aristocrat's copyright and trade dress allegations are so nebulous that L&W is *unable* to fully address the plausibility or legal sufficiency of those claims *until* Aristocrat has sufficiently pled the bounds of the allegedly infringing and infringed elements. *Id.* at 20 n.13, 26. Additionally, L&W's Motion to Dismiss explains that Aristocrat's trade dress claim is precluded by copyright law, and that Aristocrat fails to plausibly allege that its alleged trade dress has acquired

5

distinctiveness or is non-functional. *Id.* at 27–28. Accordingly, L&W's Motion to Dismiss is not premised solely on "notice-based" arguments. Objection at 7. And in any event, Aristocrat cites no authority suggesting that its failure to fairly notice its claims cannot provide good cause for a discovery stay, particularly where "[t]he purpose of [Federal Rule of Civil Procedure 12(b)(6)] is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

***Second***, Aristocrat's self-serving assumption that it *will eventually* be able to "progress past the pleading stage," Objection at 7, does not establish that the Order clearly erred in finding that the merits of L&W's Motion to Dismiss support good cause for a stay. Courts in this District have routinely explained that, under the pragmatic approach, a stay of discovery is well-grounded where the Motion to Dismiss has "the potential to simplify, or at least solidify, the parties, the claims, and the scope of discovery." *Jaramillo v. Area 15 Las Vegas LLC*, No. 2:21-CV-00891-RFB-BN, 2021 WL 5826312, at *4 (D. Nev. Dec. 8, 2021). Moreover, "even if the motions are not completely dispositive, courts will stay discovery where resolution of the motions will impact the number of defendants and legal theories at issue which will in turn impact the scope of discovery." *Apothio, LLC v. Kern Cnty.*, No. 1:20-CV-00522-JLT-CDB, 2023 WL 2655847, at *5 (E.D. Cal. Mar. 27, 2023) (internal quotations omitted). Thus, even if some version of Aristocrat's claims ultimately proceed past the pleading stage, the fact that those claims will look much different as a result of L&W's Motion to Dismiss entirely supports good cause for a stay. Indeed, the far-reaching and overly-broad discovery requests Aristocrat served on L&W illustrate that commencing discovery based on Aristocrat's operative claims before they are narrowed, simplified, or solidified will result in significant wasted time and effort to search for, review, and produce information that will ultimately have no relevance to Aristocrat's eventual amended claims. *See Schrader*, 2021 WL 4810324, at *5 (finding good cause for discovery stay because "beginning discovery now will likely lead to unnecessary or duplicative discovery").

Conversely, Aristocrat—relying on cases employing the more-stringent "preliminary peek" standard—incorrectly suggests that issuing a stay requires a court to peer into the future and decide whether any number of hypothetical amendments to its operative complaint could cure its deficient claims *before* L&W has had the opportunity to challenge any of those amended allegations in a motion to dismiss.[1]  As L&W previously explained, Aristocrat's proposed framework would require courts to effectively assume what the defendant's arguments would be in opposition to a hypothetical amended complaint, and weigh the merits of those arguments before the defendant has even had the opportunity to present them.  ECF No. 48 at 7-8.  Aristocrat cites no authority suggesting such a tenuous, crystal-ball-analysis is required for a court to exercise its "wide discretion" to issue a discovery stay.  *See* Order at 7 n.2 ("Plaintiffs also fail to cite authority . . . for the proposition that discovery should not be stayed when there is a possibility a plaintiff will be given leave to amend in response to a motion to dismiss."); *Heck v. Amazon.com, Inc.*, No. 22-cv-03986-JSW, 2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022) ("[T]he fact that Plaintiff could possibly remedy any deficient allegations with leave to amend is not germane to the question before the Court on a motion to stay discovery: whether Defendants' motion is *potentially* dispositive of the entire case.") (emphasis in original).  Indeed, even the court advocating the "preliminary peek" approach in *Flynn v. Nevada* only examined the propriety of a discovery stay *after* the plaintiff amended its original complaint following dismissal, and significantly narrowed and specified its allegations to address the deficiencies in its claims as originally pled.  345 F.R.D. 338, 352 (D. Nev. 2024).  Accordingly, Magistrate Judge Couvillier's refusal to consider Aristocrat's hypothetical amended complaint—particularly where leave to amend is not "automatic"—is not clear error.

---

[1] Notably, Aristocrat's insistence that a court "must be convinced that the plaintiff will be unable to state a claim for relief," Objection at 6, is an application of the "preliminary peek" framework, and is not the appropriate standard under the pragmatic approach.  *See Schrader*, 2021 WL 4810324, at *5 ("[T]his court's 'preliminary peek' at the merits of the underlying motion is not intended to prejudge its outcome.  Rather, this court's role is to evaluate the propriety of an order staying or limiting discovery.").  While L&W's Motion to Stay illustrates that the Motion to Dismiss satisfies either standard, Aristocrat's suggestion that Magistrate Judge Couvillier is required to find "that Aristocrat 'will be unable to state a claim for relief,'" Objection at 6, is incorrect under the pragmatic approach.

### C. MAGISTRATE JUDGE COUVILLIER DID NOT ERR IN FINDING A STAY WOULD NOT PREJUDICE ARISTOCRAT

Magistrate Judge Couvillier's Order considered and rejected the same arguments on prejudice that Aristocrat repeats in its Objection. Aristocrat's dissatisfaction with Magistrate Judge Couvillier's conclusion—that a discovery stay would not prejudice Aristocrat—does not establish clear error.

Tellingly, Aristocrat cites no authority in support of its arguments that the Order errs by finding that Aristocrat would not be prejudiced by a stay. This makes sense, given that none of Aristocrat's purported harm is the type that courts typically find relevant to a stay motion, such as "the case is old and evidence is getting stale, a witness is sick and may die before discovery begins, the public has an interest in the speedy resolution of the issues presented, [Aristocrat's] resources and ability to wait for a judgment, etc." *Jimenez*, 2023 WL 8254492, at *3; *Gibson*, 2023 WL 4455726, at *4 ("Plaintiffs have also identified no reasons—like the ill health or age of a witness, for example—why the Court should speed the parties along in discovery.").

Instead, Aristocrat only articulates purported prejudice that is conditional upon its success on the merits of its claims; that is, alleged "irreparable harm that will result from L&W's ongoing misappropriation[.]" Objection at 8. But given that the Order recognizes the merits of L&W's Motion to Dismiss those allegations, Aristocrat's purported harm arising from those claims carries little weight against a finding of good cause supporting a discovery stay. And in any event, this Court has stayed all further briefing on Aristocrat's Motion for Preliminary Injunction pending resolution of L&W's Motion to Dismiss, illustrating that any prejudice based on Aristocrat's pursuit of injunctive relief is outweighed by the need to resolve L&W's Motion to Dismiss. ECF No. 61. Accordingly, Aristocrat cannot establish any clear error in the Order's rejection of Aristocrat's contentions of prejudice.

Moreover, Aristocrat's other points of error are without merit or support. First, Aristocrat's contention that "the Order incorrectly suggests that Aristocrat could have brought this action and sought injunctive relief months earlier than it did" is wrong. Objection at 8. The Order correctly identifies that Aristocrat could have moved for injunctive relief as early as October 2023 (when the

Dragon Train games were showcased at a Las Vegas gaming expo) because Aristocrat was plainly aware by that time that L&W planned to imminently release its Dragon Train product in the United States, if not earlier, given Aristocrat's awareness of Dragon Train's success in Australia. Accordingly, Aristocrat cannot seriously contend that it was "clearly erroneous" for Magistrate Judge Couvillier to conclude that Aristocrat would not be prejudiced by a stay given that Aristocrat delayed many months in seeking relief and, at the time of the Order, still had not moved for injunctive relief. Nor does Aristocrat plausibly contend that a finding of no prejudice is precluded simply because Aristocrat communicated with L&W's counsel before initiating this lawsuit. *See id.*

Next, Aristocrat's assertion that it "identifie[d] targeted discovery that Aristocrat sought in connection with its preliminary injunction motion," *id.* at 9, does not demonstrate that the Order clearly erred in finding that a stay would not prejudice Aristocrat. Notwithstanding that "targeted discovery" has nothing to do with prejudice to Aristocrat resulting from a stay, Aristocrat's discovery requests, which it had already served on L&W, were in no way limited to information related to its then-forthcoming preliminary injunction motion. *See* ECF No. 41 at Exs. B and C. Nor did Aristocrat's identification of certain "priority" requests purport to relieve L&W from the undue burden of responding to the totality of the requests that Aristocrat served, which Aristocrat does not dispute are "broad reaching, aimed at their ultimate claims and, admittedly, not necessary for responding to defendants' Motion to Dismiss." Order at 6. And tellingly, Aristocrat entirely fails to address that the Order expressly found that L&W's prior production of "voluminous documents" relieved any prejudice resulting from a stay. *Id.* Accordingly, Aristocrat fails to identify any clear error or finding "contrary to law" related to the Order's finding that Aristocrat would not be prejudiced by a discovery stay. That finding remains well-reasoned and supported by the record, and it should not be reversed simply because Aristocrat disagrees with the outcome.

. . . . .

. . . . .

9

### D. MAGISTRATE JUDGE COUVILLIER DID NOT ERR IN FINDING UNDUE BURDEN

Finally, Aristocrat does not establish that the Order clearly erred by finding that Aristocrat's "broad reaching" discovery "is unduly burdensome" where "no determination has been made about whether plaintiffs have stated a claim." *Id.* Aristocrat's impermissibly-broad discovery requests regarding insufficiently-pled claims, which would irrefutably impose significant time, cost, and burden on L&W, support Magistrate Judge Couvillier's conclusions that a stay of discovery is warranted.

First, Aristocrat wrongly urges that a stay is "clearly erroneous" because the Order did not find that Aristocrat's discovery is irrelevant to its current claims—claims which are the subject of L&W's pending Motion to Dismiss—under Fed. R. Civ. P. 26. *See* Objection at 9-10. Aristocrat's argument misses the point. Whether Aristocrat's discovery requests are within the permissible scope of discovery framed by its current insufficiently-pled claims is irrelevant because L&W's Motion to Dismiss "has the potential to simplify the claims and the scope of discovery in this case." *Free Speech Found., Inc. v. Philadelphia Indem. Ins. Co.*, No. 2:23-CV-01407-MMD-BNW, 2023 WL 11802591, at *5 (D. Nev. Dec. 22, 2023). Accordingly, an undue discovery burden is regularly established where "[b]eginning discovery now will likely lead to unnecessary or duplicative discovery[,]" such as responding to Aristocrat's broad reaching discovery requests tailored to claims that are ultimately dismissed or significantly narrowed. *Schrader*, 2021 WL 4810324, at *5.

Accordingly, weighing undue burden involves evaluating the cost, expense, and complexity of discovery irrespective of whether the discovery requests are ultimately relevant to those claims that are the subject of a dispositive motion. *Speaks*, 2023 WL 4561451, at *4 (explaining that "[t]he economic burden is particularly important to establishing good cause"). That is exactly what Magistrate Judge Couvillier's Order does here. L&W supported its Motion to Stay with evidence that responding to Aristocrat's discovery requests would impose significant time, cost, and burden on L&W and involve complex cross-border discovery across dozens of potential witnesses, spanning multiple different products, and likely implicating large volumes of documents to be reviewed and produced. ECF No. 41 at 8-9, 13-17. Aristocrat's Objection does not dispute that its

discovery requests impose these costs and burdens, which courts routinely find support staying discovery pending a dispositive motion. *See Jaramillo*, 2021 WL 5826312, at *4 (finding good cause for a stay where plaintiff "does not dispute that the allegations implicate dozens of witnesses" or that "a large volume of documents will likely need to be reviewed and produced"); *Free Speech Found., Inc.*, 2023 WL 11802591, at *4 (granting a stay where plaintiffs' complaint did not support plaintiffs' assurances that the case will "turn on the testimony of three of four witness [sic], and a small volume of documents"). Therefore, Magistrate Judge Couvillier's finding that commencing discovery would unduly burden L&W was not "clearly erroneous" or "contrary to law."

Importantly, as Magistrate Judge Couvillier's Order recognizes, Aristocrat's discovery requests are plainly *not* narrowly tailored to any permissible scope of discovery. Order at 5-6. Aristocrat's Objection does not argue otherwise. As L&W described in its Motion to Stay, "Aristocrat has broadly demanded the production of all documents related to the entire design, development, and functionality of both Jewel of the Dragon and Dragon Train, including all technical and mathematical information and both products' highly confidential and proprietary source code" as well as "all documents concerning nearly every non-technical aspect of these games, including marketing, promotion, advertising, pricing, distribution, and every "sale or placement" of Jewel of the Dragon and Dragon Train "anywhere in the world." ECF No. 41 at 13. And as L&W previously explained, simply objecting to the scope of Aristocrat's discovery does not relieve L&W from the undue burden of engaging in discovery because such objections "are necessarily impeded where, as here, the allegations in the Complaint are so impermissibly vague that Aristocrat could argue 'relevance' potentially encompasses any and all aspects of L&W's games." ECF No. 48 at 12. Accordingly, Magistrate Judge Couvillier did not err in concluding that the impermissible breadth of Aristocrat's discovery requests further supports finding undue burden on L&W associated with responding to discovery based on claims that are subject to dismissal. *See Anders v. Cal. State Univ., Fresno*, No. 1:21-CV-00179-AWI-BAM, 2021 WL 3021454, at *4 (E.D. Cal. July 16, 2021) (granting stay in light of defendant's arguments

11

"concerning the overbroad and burdensome nature of Plaintiffs' pending discovery requests"); *cf. Trzaska v. Int'l Game Tech.*, No. 2:10-CV-02268-JCM, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011) (explaining difficulty in deciding a stay "where no discovery requests have yet been served and the court lacks the ability to assess the breadth of the discovery and the prejudice, if any, that a defendant will suffer in responding to the requests.").

Further, Aristocrat entirely ignores the Order's finding that the type and breadth of discovery Aristocrat seeks is unduly burdensome because Aristocrat and L&W are direct competitors. Order at 6. Accordingly, the issuance of a protective order does not automatically resolve the burden on L&W of producing its highly proprietary product information to its direct competitor.

Lastly, Aristocrat's demands that L&W "prioritize" certain discovery only *illustrates* that commencing discovery will impose an undue burden on L&W. Before L&W even served its responses and objections to Aristocrat's discovery requests, Aristocrat demanded L&W produce numerous categories of documents that Aristocrat unilaterally deemed a "priority" within ten days of its request, and on the same day L&W was due to serve its objections and responses. ECF No. 45 at Ex. I.[2] And as discussed in L&W's Opposition to Aristocrat's now-withdrawn Motion to Lift the Stay,[3] Aristocrat's "priority" requests are anything but "narrowly tailored." *See* Objection at 11; ECF No. 62 at 8-9. Instead, these requests seek all the highly confidential design and development information regarding L&W's directly competing product across the multi-year development cycle of that product, all before Aristocrat has even identified a protectable trade secret. *See* ECF No. 62 at 8-9; *Gibson*, 2023 WL 4455726, at *4 (finding undue burden under

---

[2] In advance of the parties' conference to discuss Aristocrat's "priority" requests on May 20, 2024, Aristocrat's counsel continued to demand that L&W produce the requested information "no later than the end of [the] month" and made clear that its requests "are intended to allow for an initial, expedited, targeted set" but that "Aristocrat reserves the right to request additional searches." ECF No. 55 at Ex. C.

[3] Aristocrat withdrew its Motion to Lift the Discovery Stay on June 14, 2024, in light of the Court's order that further briefing on Aristocrat's preliminary injunction motion would be deferred until L&W's Motion to Dismiss is resolved. ECF No. 63.

plaintiffs' "tailored discovery" because "even limited discovery would be expansive given the broad underlying allegations involving multiple, complex organizations"). Accordingly, Aristocrat's undeniable proclivity to unilaterally impose unreasonable timelines for overly-broad requests, based on its own priorities, without regard to L&W's objections, and before negotiating agreeable search terms or other reasonable measures in advance to ensure discovery is proportional, shows that discovery in this case will assuredly be unduly burdensome. *See Free Speech Found., Inc.*, 2023 WL 11802591, at *4 (finding undue burden where "[p]laintiffs themselves previously admitted that they will 'extensively explore' answers to certain questions in discovery").

## IV. CONCLUSION

For the foregoing reasons, L&W respectfully requests that the Court deny Aristocrat's Objection to the Order Granting a Stay of Discovery.

Dated: June 18th, 2024

CAMPBELL & WILLIAMS

By: */s/ Philip R. Erwin*
PHILIP R. ERWIN, ESQ. (11563)
710 South Seventh Street
Las Vegas, Nevada 89101

JONES DAY

HAROLD K. GORDON, ESQ.
(*pro hac vice*)
RANDALL E. KAY, ESQ.
(*pro hac vice*)
ANNA E. RAIMER, ESQ.
(*pro hac vice*)

*Attorneys for Defendants*
*Light & Wonder, Inc., LNW Gaming, Inc.,*
*and SciPlay Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of June, 2024, I caused a true and correct copy of the foregoing **Defendants' Opposition to Plaintiffs' Objections to Order Granting Motion to Stay** to be served via the United States District Court CM/ECF system on all parties or persons requiring notice.

    /s/ *Philip R. Erwin*
An employee of Campbell & Williams