**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Aristocrat Technologies, Inc., et al.,<br><br>　　　　　　Plaintiff(s),<br><br>vs.<br><br><br>Light & Wonder, Inc., et al.,<br><br>　　　　　　Defendant(s). | 2:24-cv-00382-GMN-MDC<br><br>ORDER GRANTING AND DENYING IN PART PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF PLAINTIFFS'OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY |

　　　　Pending before the Court is the plaintiffs' *Motion For Leave to File Under Seal Certain Portions of Plaintiff's Opposition to Defendant's Motion to Stay Discovery* (ECF No. 46)("Motion"). Plaintiffs Aristocrat Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd. move to seal portions of their opposition to defendants' motion to stay discovery which discuss "documents designated as confidential" by defendant Light & Wonder, Inc. ("L&W") or plaintiffs' "highly sensitive trade secrets." Defendant L&W did not respond to the Motion.  The Court DENIES the Motion in part as to the request to seal or redact documents or discussion of documents designated "confidential" by L&W.  The Court GRANTS the Motion in part as to the request to seal or redact documents or discussion of documents regarding plaintiffs' "highly sensitive trade secrets."

　　　　**I.　　Legal Standard**

　　　　The Ninth Circuit has emphasized a strong presumption in favor of access to court records and documents. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). This general right to public documents, however, is not absolute. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Local Rule IA 10-5 explains that a party may file a document with the court under seal if accompanied by a motion for leave to file those documents under seal.  A party seeking to seal documents

in support of a non-dispositive motion must only show "good cause" exists to seal the documents in question. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006).

**II.     Analysis**

Here, the only reason provided by plaintiffs to seal or redact the L&W document or discussions thereof is the conclusory statement that L&W designated such documents "confidential." These conclusory statements about the contents of the documents – that they are "confidential" or that their disclosure would be harmful to the movant, is not enough to meet the good cause standard. Moreover, even though the Court adopted the proposed Protective Order, a Protective Order itself is not good cause to seal, and the parties provide no additional factual findings as to why these portions should be sealed or confidential. See *Ansara v. Maldonado*, No. 2:19-cv-01394-GMN-VCF, 2022 WL 17253803, at *2 (D. Nev. Nov. 1, 2022). Therefore, the Court DENIES plaintiffs' Motion in part as to the L&W documents or discussions thereof.

Regarding plaintiffs' "highly sensitive trade secrets," plaintiffs describe such trade secrets as mathematical models for its games, which are "never publicly disclosed and are subject to strict confidentiality obligations and controls."  See ECF No. 3-1 at ¶¶ 15–16 (in the future, the parties' motions should not cross reference previously filed declarations but should file new declarations to support the pending motion).  The release of trade secrets presents good cause justifying sealing court records.  Therefore, the Court GRANTS plaintiffs' Motion in part as to seal and redact plaintiffs' mathematical model trade secrets.

It is Ordered that:

1. Plaintiff's *Motion For Leave to File Under Seal Certain Portions of Plaintiff's Opposition to Defendant's Motion to Stay Discovery* (ECF No. 46) is GRANTED AND DENIED IN PART, as described in this Order.

2. Plaintiff has until **July 17, 2024** to file a REDACTED VERSION of their response, which is currently filed under seal. ECF No. 45. The re-filed response on the public docket shall only

1    SEAL OR REDACT documents or discussion of documents regarding plaintiffs'
2    mathematical model trade secrets.
3    Dated this 3rd day of July 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge