JONES DAY
HAROLD K. GORDON, ESQ.
(*pro hac vice*)
hkgordon@jonesday.com
250 Vesey Street
New York, New York  10281
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

CAMPBELL & WILLIAMS
PHILIP R. ERWIN, ESQ. (11563)
pre@cwlawlv.com
710 South Seventh Street, Suite A
Las Vegas, Nevada  89101
Telephone:  (702) 382-5222
Facsimile:  (702) 382-0540

JONES DAY
RANDALL E. KAY, ESQ.
(*pro hac vice*)
rekay@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California  92121
Telephone:  (858) 314-1139
Facsimile:  (844) 345-3178

JONES DAY
ANNA E. RAIMER, ESQ.
(*pro hac vice*)
aeraimer@jonesday.com
717 Texas Street, Suite 3300
Houston, Texas  77002
Telephone:  (832) 239-3786
Facsimile:  (832) 239-3600

*Attorneys for Defendants*
*Light & Wonder, Inc., LNW Gaming, Inc.,*
*and SciPlay Corporation*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES, INC. and ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LTD., <br><br> Plaintiffs, <br><br> vs. <br><br> LIGHT & WONDER, INC., LNW GAMING, INC., and SCIPLAY CORPORATION, <br><br> Defendants. | Case No.: 2:24-cv-00382-GMN-MDC <br><br> **DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS** <br><br> **DEMAND FOR JURY TRIAL** |
| LIGHT & WONDER, INC., LNW GAMING, INC., and SCIPLAY CORPORATION, <br><br> Counterclaim Plaintiffs, <br><br> vs. <br><br> ARISTOCRAT TECHNOLOGIES, INC. and ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LTD., <br><br> Counterclaim Defendants. | |

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

NAI-1540761082v13

**DEFENDANTS' ANSWER**

Defendants Light & Wonder, Inc., LNW Gaming, Inc. and SciPlay Corporation (collectively, "L&W" or "Defendants") hereby file this Answer and Counterclaims to the First Amended Complaint filed by Plaintiffs Aristocrat Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd. (collectively, "Plaintiffs" or "Aristocrat").[1] Except as specifically admitted herein, Defendants deny all allegations and averments contained in Plaintiffs' First Amended Complaint and otherwise respond as follows:

**INTRODUCTION**

1.      L&W denies the allegations in Paragraph 1 of the First Amended Complaint.

2.      L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the First Amended Complaint, and therefore denies the allegations in Paragraph 2.

3.      L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the First Amended Complaint, and therefore denies the allegations in Paragraph 3.

4.      L&W denies Aristocrat owns trade secrets asserted in this case and L&W denies that the alleged continued success of Dragon Link and Lightning Link "many years after their initial release demonstrates that the math is unique, difficult (if not impossible) for others to replicate, and highly valuable." L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the First Amended Complaint, and therefore denies the remaining allegations in Paragraph 4.

5.      L&W admits that the U.S. Copyright Office issued certain copyright registrations attached to the First Amended Complaint, which speak for themselves. Except as so admitted, L&W denies the allegations in Paragraph 5 of the First Amended Complaint.

6.      L&W denies the allegations in Paragraph 6 of the First Amended Complaint.

7.      L&W admits that it changed the name of one of its games from "Dragon Unleashed"

---

[1] L&W files this Answer subject to its Partial Motion to Dismiss Counts III and V of Plaintiffs' First Amended Complaint (ECF No. 85), which is currently pending before the Court.

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

to "Dragon Unleashed Link" in Australia in 2022 to describe the game's placement on a linked progressive platform. Except as so admitted, L&W denies all remaining allegations and inferences in Paragraph 7 of the First Amended Complaint.

8.    L&W denies the allegations in Paragraph 8 of the First Amended Complaint.

9.    L&W denies the allegations in Paragraph 9 of the First Amended Complaint.

10.    L&W admits that Emma Charles is a former Aristocrat game designer who worked on various Aristocrat games while employed by Aristocrat. L&W admits that Dragon Train has enjoyed considerable success in Australia. Except as expressly admitted, L&W denies the remaining allegations and inferences in Paragraph 10 of the First Amended Complaint.

11.    L&W denies the allegations in Paragraph 11 of the First Amended Complaint.

## JURISDICTION AND VENUE

12.    L&W admits that this Court has original jurisdiction over Aristocrat's claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, 18 U.S.C. § 1836, and 28 U.S.C. §§ 1331 and 1338, if such claims were properly alleged or meritorious, which L&W denies. L&W admits that this Court has supplemental jurisdiction over Aristocrat's state law claims under 28 U.S.C. § 1367(a), if such claims were properly alleged or meritorious, which L&W denies. However, if Aristocrat's federal claims fail to survive, L&W denies that this Court would have supplemental jurisdiction over Aristocrat's state law claims under 28 U.S.C. § 1367(a).

13.    L&W admits that it conducts business in, has a principal place of business in, is incorporated in, and resides in, the District of Nevada. L&W admits that, for the purposes of this action only, this Court has personal jurisdiction over L&W, if the claims in the First Amended Complaint were properly alleged, which L&W denies. Except as expressly admitted, L&W denies the allegations in Paragraph 13.

14.    L&W admits that venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a). To the extent there are remaining allegations in Paragraph 14 of the First Amended Complaint, L&W denies them.

. . . .

**THE PARTIES**

15.    L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the First Amended Complaint, and therefore denies the allegations in Paragraph 15.

16.    L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the First Amended Complaint, and therefore denies the allegations in Paragraph 16

17.    L&W admits the allegations in Paragraph 17 of the First Amended Complaint.

18.    L&W admits the allegations in Paragraph 18 of the First Amended Complaint.

19.    L&W admits the allegations in Paragraph 19 of the First Amended Complaint.

20.    L&W admits the allegations in Paragraph 20 of the First Amended Complaint.

**FACTS**

21.    L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the First Amended Complaint, and therefore denies the allegations in Paragraph 21.

22.    L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the First Amended Complaint, and therefore denies the allegations in Paragraph 22.

23.    L&W admits that hold and spin features are pervasive in the electronic gaming machine ("EGM") industry.   Except as so admitted, L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the First Amended Complaint, and therefore denies the allegations in Paragraph 23.

24.    L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the First Amended Complaint, and therefore denies the allegations in Paragraph 24.

25.    L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the First Amended Complaint, and therefore denies the allegations in Paragraph 25.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

26. L&W denies the allegations in Paragraph 26 of the First Amended Complaint.

27. L&W denies the Dragon Link "design features" are distinctive. L&W lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27 of the First Amended Complaint, and therefore denies the allegations in Paragraph 27.

28. L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the First Amended Complaint and the accompanying footnote, and therefore denies the allegations in Paragraph 28 and the accompanying footnote.

29. L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the First Amended Complaint, and therefore denies the allegations in Paragraph 29.

30. L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the First Amended Complaint, and therefore denies the allegations in Paragraph 30.

31. L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the First Amended Complaint, and therefore denies the allegations in Paragraph 31.

32. L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the First Amended Complaint, and therefore denies the allegations in Paragraph 32.

33. L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the First Amended Complaint, and therefore denies the allegations in Paragraph 33.

34. L&W denies the allegations in Paragraph 34 of the First Amended Complaint.

35. L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the First Amended Complaint, and therefore denies the allegations in Paragraph 35

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

36.     The allegations in Paragraph 36 fail to identify any specific alleged trade secrets allegedly owned by Aristocrat, and L&W denies that trade secret protection exists for various game mechanics of the Dragon Link series, including at least the timing, frequency, and amount of payouts.  To the extent there are remaining allegations in Paragraph 36 of the First Amended Complaint, L&W denies them.

37.     The allegations in Paragraph 37 fail to identify any specific alleged trade secrets allegedly owned by Aristocrat, and L&W denies that trade secret protection exists for various aspects of game math and functionality of Dragon Link included in Paragraph 37.  L&W lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 37 of the First Amended Complaint, and therefore L&W denies the remaining allegations in Paragraph 37.

38.     L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the First Amended Complaint, and therefore denies the allegations in Paragraph 38.

39.     L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the First Amended Complaint, and therefore denies the allegations in Paragraph 39.

40.     L&W denies that various information about game math and functionality is not generally known to the public or in the industry.  L&W also denies the allegation that the underlying game math and functionality of Lightning Link and Dragon Link cannot be ascertained through proper means, such as reverse engineering, and L&W denies that "competitors do not know, and cannot emulate through proper means, the underlying math and functionality of the games."  L&W further denies that L&W's games "utilized similar features" to Dragon Link or Lightning Link as that term is not defined, and the audiovisual aspects and other features of the games are not substantially similar.  L&W lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 40 of the First Amended Complaint, and therefore denies the remaining allegations in Paragraph 40.

41.     The allegations in Paragraph 41 fail to identify any specific alleged trade secrets allegedly owned by Aristocrat, and L&W denies that trade secret protection exists for the unidentified underlying game math and functionality of Dragon Link or Lightning Link.  L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 of the First Amended Complaint, and therefore denies the remaining allegations in Paragraph 41.

42.     L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the First Amended Complaint, and therefore denies the allegations in Paragraph 42

43.     L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the First Amended Complaint, and therefore denies the allegations in Paragraph 43.

44.     L&W admits that the U.S. Copyright Office issued purported registrations attached in Exhibit A to Aristocrat's First Amended Complaint.  L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 of the First Amended Complaint, and therefore denies the remaining allegations in Paragraph 44.

45.     L&W denies the allegations in Paragraph 45 of the First Amended Complaint.  L&W also denies the allegations in footnote 2 of Paragraph 45 of the First Amended Complaint.  L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 3 accompanying Paragraph 45 of the First Amended Complaint, and therefore denies the allegations in the footnote.

46.     L&W denies that the "Dragon Link Trade Dress," as defined in the First Amended Complaint, constitutes a protectable trade dress.  L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 of the First Amended Complaint, and therefore denies the allegations in Paragraph 46.

47.     L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Aristocrat's competitors use a wide variety of alternative design elements for

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

their competing games.   L&W denies the remaining allegations in Paragraph 47 of the First Amended Complaint.

48.     L&W denies the allegations in Paragraph 48 of the First Amended Complaint.

49.     L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the First Amended Complaint regarding whether "Aristocrat has heavily invested in the marketing of Dragon Link." L&W denies the remaining allegations in Paragraph 49 of the First Amended Complaint.

50.     L&W denies that "Aristocrat's advertising for Dragon Link prominently features the Dragon Link Trade Dress elements" together.   L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 of the First Amended Complaint, and therefore denies the allegations in Paragraph 50.

51.     L&W denies the allegations in Paragraph 51 of the First Amended Complaint.

52.     Paragraph 52 purports to quote from an Aristocrat website, which speaks for itself, and to which no response is required.   To the extent a response is required, L&W denies the allegations in Paragraph 52 of the First Amended Complaint.

53.     L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the First Amended Complaint, and therefore denies the allegations in Paragraph 53.

54.     Paragraph 54 purports to quote from a document, which speaks for itself, and to which no response is required.   L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 of the First Amended Complaint, and therefore denies the remaining allegations in Paragraph 54.

55.     L&W denies that any publicity, including the articles quotes in Paragraph 55, "explicitly highlights" the Dragon Link Trade Dress as defined in the First Amended Complaint. The purported quotes in Paragraph 55 are from documents, which speaks for themselves, and to which no response is required.   L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55 of the First Amended Complaint, and

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

1    therefore denies the remaining allegations in Paragraph 55.

2        56.    Paragraph 56 purports to quote from publications, which speak for themselves, and

3    to which no response is required.  L&W lacks knowledge or information sufficient to form a belief

4    as to the truth of the remaining allegations in Paragraph 56 of the First Amended Complaint, and

5    therefore denies the remaining allegations in Paragraph 56.

6        57.    L&W lacks knowledge or information sufficient to form a belief as to the truth of

7    the allegations in Paragraph 57 of the First Amended Complaint, and therefore denies the

8    allegations in Paragraph 57.

9        58.    L&W lacks knowledge or information sufficient to form a belief as to the truth of

10   the allegations in Paragraph 58 of the First Amended Complaint, and therefore denies the

11   allegations in Paragraph 58.

12       59.    L&W denies that consumers recognize the Dragon Link Trade Dress as defined in

13   the First Amended Complaint.  Paragraph 59 of the First Amended Complaint purports to quote

14   from a video caption, which speaks for itself, and to which no response is required; however, L&W

15   denies the quote supports any consumer recognition of the purported Dragon Link Trade Dress.

16   L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining

17   allegations in Paragraph 59 of the First Amended Complaint, and therefore denies the remaining

18   allegations in Paragraph 59.

19       60.    Paragraph 60 of the First Amended Complaint purports to quote from a video, which

20   speaks for itself, and to which no response is required.  L&W lacks knowledge or information

21   sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60 of the First

22   Amended Complaint, and therefore denies the remaining allegations in Paragraph 60.

23       61.    Paragraph 61 of the First Amended Complaint purports to quote from a document,

24   which speaks for itself, and to which no response is required.  L&W lacks knowledge or information

25   sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 of the First

26   Amended Complaint, and therefore denies the remaining allegations in Paragraph 61.

27       62.    L&W denies the allegations in Paragraph 62 of the First Amended Complaint.

28

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

63.     L&W admits that L&W and Aristocrat are competitors in the EGM industry.  Except as so admitted, L&W denies all remaining allegations or inferences in Paragraph 63 of the First Amended Complaint.

64.     Paragraph 64 of the First Amended Complaint purports to paraphrase and quote from L&W's Annual Financial Report, which speaks for itself, and to which no response is required.   To the extent a response is required, L&W denies any allegations or inferences inconsistent with the purported document as written.

65.     Paragraph 65 of the First Amended Complaint purports to quote from a document, which speaks for itself, and to which no response is required.  L&W admits that the individuals listed in Paragraph 65 joined L&W since 2020 and currently hold the respective titles as alleged in Paragraph 65, except L&W denies that Anthony Firmani and Nathaniel Drane hold the job titles at L&W as alleged in Paragraph 65.  Mr. Firmani's title is Gaming Chief Operations Officer of L&W. Mr. Drane's title is Senior Vice President, Chief Product Officer, Gaming, of L&W.  L&W lacks knowledge or information sufficient to form a belief as to the titles of Aristocrat's former employees while at Aristocrat as alleged in Paragraph 65, and therefore denies these allegations on that basis.   Except as so admitted, L&W denies the remaining allegations and inferences in Paragraph 65 of the First Amended Complaint.

66.     L&W admits that Rich Schneider joined L&W as Executive Vice President and Chief Product Officer in July 2021 and oversees L&W's land-based gaming product strategy. L&W denies that Mr. Schneider joined L&W "directly" from his role at Aristocrat.  Paragraph 66 purports to quote from Mr. Schneider's biography, which speaks for itself, and to which no response is required; however, L&W denies that Aristocrat properly quotes from the biography, which does not state that Mr. Schneider "was hired because of his 'product expertise.'"  L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66 of the First Amended Complaint, and therefore denies the remaining allegations in Paragraph 66.

67.     L&W admits that Ms. Charles, a former Aristocrat employee who left Aristocrat in

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

2017, now works at a subsidiary of Light & Wonder, Inc.  Except as so admitted, L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the First Amended Complaint and accompanying footnote, and therefore denies the allegations in Paragraph 67 and the footnote.

68.    L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the First Amended Complaint, and therefore denies the allegations in Paragraph 68.

69.    L&W admits that Mr. Sefton, a former Aristocrat employee, now works at a subsidiary of Light & Wonder, Inc.  Except as so admitted, L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the First Amended Complaint, and therefore denies the allegations in Paragraph 69.

70.    L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the First Amended Complaint, and therefore denies the allegations in Paragraph 70.

71.    L&W admits that it added the word "Link" to the end of its "Dragon Unleashed" game in the Australian market in 2022 to reflect the game's placement on a linked progressive platform.  L&W admits that Aristocrat contacted L&W regarding this game title, and L&W denied any confusing similarity or infringement.  Except as so admitted, L&W denies the allegations in Paragraph 71 of the First Amended Complaint.

72.    L&W denies the allegations in Paragraph 72 of the First Amended Complaint.

73.    L&W admits that it launched Jewel of the Dragon in 2022, and that L&W previously had a slot machine game called Jewel of the Dragon.  Except as so admitted, L&W denies the allegations and inferences in Paragraph 73 of the First Amended Complaint.

74.    L&W admits the allegations in Paragraph 74 of the First Amended Complaint.

75.    L&W admits that Jewel of the Dragon is a linked progressive game series with four different game themes (A Thousand Warriors, Valley of the Tiger, Red Phoenix, and Prosperity Tortoise).  Except as so admitted, L&W denies the allegations in Paragraph 75 of the First Amended

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

1  Complaint.

2      76.    L&W denies the allegations in Paragraph 76 of the First Amended Complaint.

3      77.    L&W denies the allegations in Paragraph 77 of the First Amended Complaint.

4      78.    L&W denies the allegations in Paragraph 78 of the First Amended Complaint.

5      79.    L&W denies the allegations in Paragraph 79 of the First Amended Complaint

6      80.    L&W denies the allegations in Paragraph 80 of the First Amended Complaint.

7      81.    L&W denies the allegations in Paragraph 81 of the First Amended Complaint.

8      82.    L&W admits that the Jewel of the Dragon games include a hold and spin feature.

9  Except as so admitted, L&W denies the allegations in Paragraph 82 of the First Amended

10  Complaint.

11      83.    L&W admits that its Jewel of the Dragon games include an animation of coins, but

12  denies this animation is similar to that of Dragon Link or that such animation is protectable.  L&W

13  denies the remaining allegations in Paragraph 83 of the First Amended Complaint.

14      84.    L&W denies the allegations in Paragraph 84 of the First Amended Complaint.

15      85.    L&W admits that in Jewel of the Dragon Red Phoenix, a dark-haired woman in an

16  ornate headdress and costume resembling a mythical red phoenix appears, but this artwork shares

17  no similarities to the artwork in Dragon Link Autumn Moon other than the unprotectable idea of

18  "a dark-haired woman" in costume.  Except as so admitted, L&W denies the allegations in

19  Paragraph 85 of the First Amended Complaint.

20      86.    L&W denies the allegations in Paragraph 86 of the First Amended Complaint.

21      87.    L&W denies the allegations in Paragraph 87 of the First Amended Complaint.

22      88.    L&W admits that a hold and spin game "does not require the use of gold orbs with

23  bright, fiery outlines surrounded by rings of fire as bonus symbols, a large gold orb as a symbol

24  counter, animated fire bolts that arc off of the bonus symbols and up to a total win box," but L&W

25  denies that these elements are protectable or that L&W appropriated substantially similar elements

26  in Jewel of the Dragon.  L&W denies the remaining allegations in Paragraph 88 of the First

27  Amended Complaint.

28

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

89.     L&W admits that it has distributed EGMs of its Jewel of the Dragon games to casinos in the United States.  L&W also admits that an online version of the Jewel of the Dragon titled game is offered on Jackpot Party.  L&W further admits that it has a publicly accessible website that displays images of the Jewel of the Dragon games.  Except as so admitted, L&W denies the allegations in Paragraph 88 of the First Amended Complaint.

90.     L&W denies the allegations in Paragraph 90 of the First Amended Complaint.

91.     L&W denies the allegations in Paragraph 91 of the First Amended Complaint.

92.     L&W denies the allegations in Paragraph 92 of the First Amended Complaint.

93.     Paragraph 93 purports to quote from YouTube videos, which speak for themselves, and to which no response is required; however, L&W denies that the quotes indicate any confusion, and instead demonstrate that consumers understand the games are from different sources.  L&W denies any allegations of consumer confusion between Dragon Link and Jewel of the Dragon or any plan to confuse consumers, and L&W denies any remaining allegations or inferences in Paragraph 93 of the First Amended Complaint.

94.     L&W denies the allegations in Paragraph 94 of the First Amended Complaint.

95.     L&W denies the allegations in Paragraph 95 of the First Amended Complaint.

96.     L&W denies the allegations in Paragraph 96 of the First Amended Complaint.

97.     L&W admits that Aristocrat counsel sent Light & Wonder, Inc. a letter dated December 19, 2022, which speaks for itself, and that the parties engaged in confidential settlement communications for several months during which L&W maintained that all complaints by Aristocrat regarding Jewel of the Dragon were meritless.  Except as so admitted, L&W denies the allegations and inferences in Paragraph 97 of the First Amended Complaint.

98.     L&W denies the allegations in Paragraph 98 of the First Amended Complaint.

99.     L&W denies the allegations in Paragraph 99 of the First Amended Complaint.

100.    L&W admits that L&W displayed Dragon Train in August 2023 at the Australian Gaming Expo.  L&W also admits that Dragon Train features a train with characteristics of a dragon.  L&W admits that both Dragon Link and Dragon Train are multi-denomination games that allow

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

bets in 1 cent, 2 cents, 5 cents, 10 cents, $1, and $2 denominations, and utilize a 3 x 5 reel grid—just like numerous competing games in the industry.  Except as so admitted, L&W denies the allegations and inferences in Paragraph 100 of the First Amended Complaint.

101.    L&W denies the allegations in Paragraph 101 of the First Amended Complaint.

102.    L&W admits that many slot machine games feature a "pay table."  L&W denies that the "Dragon Link and Dragon Train pay tables are highly similar," or that the images in Paragraph 102 of the First Amended Complaint show any such similarity.  L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102 of the First Amended Complaint, and therefore denies the remaining allegations in Paragraph 102.

103.    Paragraph 103 of the First Amended Complaint purports to refer to Dragon Link or Dragon Train game-screen information viewable by players which speaks for itself, and to which no response is required.  To the extent there are any remaining allegations or inferences in Paragraph 103 of the First Amended Complaint, L&W denies them.

104.    Paragraph 104 of the First Amended Complaint purports to be images of pay tables from games.  L&W lacks knowledge or information sufficient to form a belief as to the source of the pay tables, and on that basis, denies the allegations in Paragraph 104.

105.    Paragraph 105 of the First Amended Complaint purports to refer to Dragon Link and Dragon Train game-screen information viewable by players which speaks for itself, and to which no response is required.  To the extent there are any remaining allegations or inferences in Paragraph 105 of the First Amended Complaint, L&W denies them.

106.    Paragraph 106 of the First Amended Complaint purports to refer to Dragon Link and Dragon Train game-screen information viewable by players which speaks for itself, and to which no response is required.  To the extent there are any remaining allegations or inferences in Paragraph 106 of the First Amended Complaint, L&W denies them.

107.    Paragraph 107 of the First Amended Complaint purports to refer to Dragon Link and Dragon Train game-screen information viewable by players which speaks for itself, and to which no response is required.  To the extent there are any remaining allegations or inferences in

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

Paragraph 107 of the First Amended Complaint, L&W denies them.

108.    Paragraph 108 of the First Amended Complaint purports to refer to Dragon Link and Dragon Train game-screen information viewable by players which speaks for itself, and to which no response is required.  To the extent there are any remaining allegations or inferences in Paragraph 108 of the First Amended Complaint, L&W denies them.

109.    Paragraph 109 of the First Amended Complaint purports to refer to Dragon Link and Dragon Train game-screen information viewable by players which speaks for itself, and to which no response is required.  To the extent there are any remaining allegations or inferences in Paragraph 109 of the First Amended Complaint, L&W denies them.

110.    L&W denies the allegations in Paragraph 110 of the First Amended Complaint.

111.    L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the First Amended Complaint, and therefore denies the allegations in Paragraph 111.

112.    L&W denies that reverse engineering the public-facing aspects of a game would be "unlikely" to produce a game that could operate in the same way and provide the same player experience as the game that was reverse engineered.  L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 112 of the First Amended Complaint, and therefore denies the remaining allegations in Paragraph 112.

113.    L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113 of the First Amended Complaint, and therefore denies the allegations in Paragraph 113.

114.    L&W denies the allegations in Paragraph 114 of the First Amended Complaint.

115.    L&W admits that Ms. Charles leads Star Studio, and that she previously worked at Aristocrat and worked on various Aristocrat games while employed by Aristocrat.  L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Ms. Charles's work at Aristocrat or her employment contract, and therefore denies these allegations. L&W denies the remaining allegations in Paragraph 115 of the First Amended Complaint.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

116.   L&W admits that Mr. Sefton is a member of the Star Studio team.  L&W admits that Mr. Sefton once worked at Aristocrat.  L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116 of the First Amended Complaint, and therefore denies the remaining allegations in Paragraph 116.

117.   L&W denies the allegations in Paragraph 117 of the First Amended Complaint.

118.   L&W admits that it was aware Ms. Charles's employment at Aristocrat included work on various Aristocrat games while employed by Aristocrat.  Paragraph 118 of the First Amended Complaint purports to quote from an investor presentation, which speaks for itself, and to which no response is required; however, L&W denies the characterization of the investor presentation as set forth in Paragraph 118.  To the extent there are remaining allegations or inferences of Paragraph 118, L&W denies them.

119.   L&W denies the allegations in Paragraph 119 of the First Amended Complaint.

120.   L&W admits that in September 2023 Aristocrat's Australian counsel sent to L&W a series of letters that purported to allege a claim of trade secret misappropriation, which L&W denies.  L&W admits that it voluntarily produced documents to Aristocrat's Australian counsel on four separate occasions in October and November 2023, while opposing production of other documents, including but not limited to its highly confidential and proprietary source code.  To the extent there are remaining allegations in Paragraph 120 of the First Amended Complaint, L&W denies them.

121.   L&W admits that Aristocrat filed a preliminary discovery proceeding in the Federal Court of Australia in December 2023, but denies any documents produced by L&W form a basis for a claim.  To the extent there are remaining allegations or inferences in Paragraph 121, L&W denies them.

122.   L&W admits that it displayed Dragon Train in October 2023 at the Global Gaming Expo in Las Vegas.  L&W further admits that the game was available to play at multiple casinos across the United States by March 2024.  To the extent there are remaining allegations or inferences in Paragraph 122, L&W denies them.

123.     L&W admits that Aristocrat counsel sent Light & Wonder, Inc. a letter dated January 19, 2024, which speaks for itself.  L&W's counsel responded to Aristocrat's counsel in a letter dated January 24, 2024, which speaks for itself.  To the extent there are remaining allegations or inferences in Paragraph 123, L&W denies them.

124.     L&W's counsel responded to Aristocrat's counsel in letters dated January 24, 2024 and February 6, 2024, which speak for themselves.  To the extent there are remaining allegations or inferences in Paragraph 124, L&W denies them.

125.     L&W admits Aristocrat filed this action in February 2024.  L&W further admits that Dragon Train games were available to play at multiple casinos across the United States by March 2024.  To the extent there are remaining allegations or inferences in Paragraph 125, L&W denies them.

<u>**COUNT I**</u>
<u>**TRADE SECRET MISAPPROPRIATION IN VIOLATION OF 18 U.S.C. § 1836**</u>

126.     L&W re-alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 125 as if set forth fully herein.

127.     L&W denies the allegations in Paragraph 127 of the First Amended Complaint.

128.     L&W denies the allegations in Paragraph 128 of the First Amended Complaint.

129.     L&W denies the allegations in Paragraph 129 of the First Amended Complaint.

130.     L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the First Amended Complaint, and therefore denies the allegations in Paragraph 130.

131.     L&W denies the allegations in Paragraph 131 of the First Amended Complaint.

132.     L&W denies the allegations in Paragraph 132 of the First Amended Complaint.

133.     L&W denies the allegations in Paragraph 133 of the First Amended Complaint.

134.     L&W denies the allegations in Paragraph 134 of the First Amended Complaint.

135.     L&W denies the allegations in Paragraph 135 of the First Amended Complaint.

. . . .

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**COUNT II**
**COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**

136.     L&W re-alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 135 as if set forth fully herein.

137.     L&W denies the allegations in Paragraph 137 of the First Amended Complaint.

138.     L&W admits that Exhibit A of the First Amended Complaint consists of copyright registrations purportedly issued by the U.S. Copyright Office, which speak for themselves.  L&W denies that alleged Reg. No. VA 2-372-589 relates to Dragon Link.  The remaining allegations in Paragraph 138 set forth legal conclusions or arguments to which no response is required.  To the extent a response is required, L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 of the First Amended Complaint, and therefore denies the allegations in Paragraph 138.

139.     L&W denies the allegations in Paragraph 139 of the First Amended Complaint.

140.     L&W denies the allegations in Paragraph 140 of the First Amended Complaint.

141.     L&W denies the allegations in Paragraph 141 of the First Amended Complaint.

142.     L&W denies the allegations in Paragraph 142 of the First Amended Complaint.

143.     Regarding whether "Dragon Link includes a copyright notice in screens viewable to all players," L&W lacks knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies the same.  L&W denies the remaining allegations in Paragraph 143 of the First Amended Complaint.

144.     L&W denies the allegations in Paragraph 144 of the First Amended Complaint.

145.     L&W denies the allegations in Paragraph 145 of the First Amended Complaint.

**COUNT III**
**FEDERAL FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, TRADEMARK, AND TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(A)2**

146.     L&W re-alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 145 as if set forth fully herein.

---

2 L&W responds to Count III subject to its Partial Motion to Dismiss (ECF No. 85) and without waiver of its position that Aristocrat failed to state a claim for trade dress infringement such that this count is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

147.   L&W denies the allegations in Paragraph 147 of the First Amended Complaint.

148.   L&W denies the allegations in Paragraph 148 of the First Amended Complaint.

149.   L&W denies the allegations in Paragraph 149 of the First Amended Complaint.

150.   L&W denies the allegations in Paragraph 150 of the First Amended Complaint.

151.   L&W denies the allegations in Paragraph 151 of the First Amended Complaint.

152.   L&W denies the allegations in Paragraph 152 of the First Amended Complaint.

### COUNT IV
### TRADE SECRET MISAPPROPRIATION
### IN VIOLATION OF NEV. REV. STAT. § 600A.030

153.   L&W re-alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 152 as if set forth fully herein.

154.   L&W denies the allegations in Paragraph 154 of the First Amended Complaint.

155.   L&W denies the allegations in Paragraph 155 of the First Amended Complaint.

156.   L&W denies the allegations in Paragraph 156 of the First Amended Complaint.

157.   L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 of the First Amended Complaint, and therefore denies the allegations in Paragraph 157.

158.   L&W denies the allegations in Paragraph 158 of the First Amended Complaint.

159.   L&W denies the allegations in Paragraph 159 of the First Amended Complaint.

160.   L&W denies the allegations in Paragraph 160 of the First Amended Complaint.

161.   L&W denies the allegations in Paragraph 161 of the First Amended Complaint.

162.   L&W denies the allegations in Paragraph 162 of the First Amended Complaint.

### COUNT V
### DECEPTIVE TRADE PRACTICES
### UNDER NEV. REV. STAT. §§ 41.600 & 598.0915

163.   L&W re-alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 162 as if set forth fully herein.

164.   L&W denies the allegations in Paragraph 164 of the First Amended Complaint.

165.   L&W denies the allegations in Paragraph 165 of the First Amended Complaint.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

166.     L&W admits that L&W's development of the Jewel of the Dragon games began in or around June 2021 and continued until the games were approved for release in the United States. L&W admits that L&W's Studio Heads UP design team, which is based in Las Vegas and led by Christopher Guerrero, developed the games.  L&W denies any alleged "copying" of Aristocrat's Dragon Link games.  To the extent there are remaining allegations or inferences in Paragraph 166 of the First Amended Complaint, L&W denies them.

167.     L&W denies the allegations in Paragraph 167 of the First Amended Complaint.

168.     L&W denies the allegations in Paragraph 168 of the First Amended Complaint.

169.     L&W admits that Aristocrat counsel sent Light & Wonder, Inc. a letter dated December 19, 2022, which speaks for itself.  L&W denies the remaining allegations in Paragraph 169 of the First Amended Complaint.

170.     L&W denies the allegations in Paragraph 170 of the First Amended Complaint.

## DEMAND FOR JURY TRIAL

No response is required to the demand for a jury trial.  To the extent a response is required, L&W admits that Aristocrat has demanded a jury trial.

## RELIEF SOUGHT

The prayer for relief does not require a response.  To the extent a response is required, L&W denies that Aristocrat is entitled to any relief whatsoever from L&W or this Court, either as requested in the First Amended Complaint or otherwise.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following defenses to Plaintiffs' claims.  In asserting these defenses, Defendants do not assume the burden of proof as to those issues to which Plaintiffs bear the burden of proof as a matter of law.  Defendants reserve the right to assert such other defenses to Plaintiffs' claims as may become available or apparent to Defendants during pretrial proceedings.

## FIRST AFFIRMATIVE DEFENSE

### (Readily Ascertainable/Reverse Engineering)

L&W cannot be liable for misappropriation of information that was readily ascertainable

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

by proper means—through reverse engineering or otherwise.

**SECOND AFFIRMATIVE DEFENSE**

(Independent Development/Creation)

Aristocrat's claims fail because the Dragon Train and Jewel of the Dragon games were independently created and developed.

**THIRD AFFIRMATIVE DEFENSE**

(*Scenes a faire*)

Aristocrat's copyright claim fails because it is improperly based on audiovisual elements that constitute *scenes a faire*.

**FOURTH AFFIRMATIVE DEFENSE**

(Unclean Hands/Bad Faith)

The assertions and allegations made by Aristocrat in its claims for trade secret misappropriation, copyright infringement, trade dress infringement, and deceptive trade practices are objectively and/or subjectively baseless, groundless, meritless and/or frivolous, and as such, constitute unclean hands. For example, Aristocrat has overstated its trade dress rights and claims rights in elements of its games that are not subject to trademark or copyright protection, thereby attempting to improperly confer a monopoly over such elements and representing trademark and copyright misuse. Additionally, upon information and belief, Plaintiffs' claims in the First Amended Complaint have been asserted for anti-competitive purposes and in bad faith to harass L&W and hinder a competitor in the marketplace.

**FIFTH AFFIRMATIVE DEFENSE**

(Invalidity of Alleged Trade Dress)

Aristocrat does not possess any valid, protectable, or enforceable trade dress rights in the purported trade dress alleged in the First Amended Complaint. The alleged trade dress is not capable of trade dress protection and does not act as a source identifier. Aristocrat's alleged trade dress is also neither inherently distinctive, nor has it acquired distinctiveness. Further, Aristocrat's alleged trade dress is functional. For at least the foregoing reasons, Aristocrat's alleged trade dress

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

is invalid.

### SIXTH AFFIRMATIVE DEFENSE

(Acquiescence/Estoppel/Laches)

Plaintiffs' claims are barred in whole or in part by the doctrines of laches, acquiescence and/or estoppel, in that Plaintiffs unreasonably delayed in bringing suit and that delay has caused prejudice to L&W.  Plaintiffs have acquiesced in and are barred by estoppel from asserting the claims alleged in their First Amended Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

(Copyright Preemption)

Plaintiffs' deceptive trade practices claim pursuant to the Nevada Deceptive Trade Practices Act, under Nev. Rev. Stat. §§ 41.600 & 598.0915, fails because it is preempted by the Copyright Act.  The rights Plaintiffs assert under Nevada state law are rights equivalent to those protected by the Copyright Act, and the alleged work falls within the subject matter of the Copyright Act.

### EIGHTH AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiffs fail to state a claim upon which relief can be granted.  For example, Plaintiffs failed to properly state a claim that they own a valid trade dress or that a reasonable consumer could be confused based on the allegations in the First Amended Complaint.

### COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Defendants/Counterclaimants assert counterclaims against Plaintiffs/Counterclaim-Defendants Aristocrat for a declaratory judgment that: (1) L&W's independently derived game math in Dragon Train does not constitute trade secret misappropriation in violation of 18 U.S.C. § 1836; (2) L&W's independently created visual and cinematographic materials in its Jewel of the Dragon games do not constitute copyright infringement or violate Aristocrat's exclusive rights under 17 U.S.C. § 106; and (3) L&W's use of the Jewel of the Dragon trademark and audiovisual elements in the Jewel of the Dragon games do not infringe any alleged common law trade dress rights Aristocrat asserts in its First Amended

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

1   Complaint under 15 U.S.C. § 1125(a).  In support of its Counterclaims, L&W alleges as follows:

2   **INTRODUCTION**

3       1.      The global electronic gaming industry is a fast-moving, highly competitive market,

4   resulting in the need for leading global gaming companies to prioritize employing top talent in

5   order to maintain a competitive edge and drive game innovation.  As a leading gaming company,

6   L&W seeks to hire the best talent, which in the gaming industry, often correlates with experience

7   level.  Experienced game designers know what makes a game successful—they know how to find

8   the right balance between a win versus a loss, and they know how to create the right emotional

9   experience associated with those same wins or losses.

10      2.      In 2021, an Australian subsidiary of L&W hired Emma Charles, a top performing

11  game designer in Australia, who currently leads its Star Studio game design team.  Years of

12  investment, research, and development by the Star Studio team culminated in the release of L&W's

13  Dragon Train series of games in August 2023.  Setting the new standard for game design, Dragon

14  Train has proven to be a strong commercial success, both in Australia and the United States.

15      3.      L&W is one of Aristocrat's primary competitors in the electronic gaming market.

16  Threatened by L&W's recent success—and having failed to innovate and create a product to fairly

17  compete with Dragon Train—Aristocrat filed this action, seeking to enjoin the distribution of

18  Dragon Train through meritless claims that L&W misappropriated trade secret information from

19  Aristocrat.  Without even identifying any protectable trade secrets associated with its Dragon Link

20  games, Aristocrat based its trade secret misappropriation claims on assumptions that Ms. Charles,

21  a former Aristocrat employee, must have taken trade secrets from Aristocrat when she left the

22  company back in 2017, and then used them in the development of the Dragon Train games.

23      4.      In an effort to bolster these weak claims baselessly leveled against L&W and its

24  Dragon Train games, Aristocrat tagged on meritless copyright and trade dress claims regarding a

25  different L&W game series, Jewel of the Dragon.

26      5.      As detailed below, L&W independently designed and developed its Dragon Train

27  and Jewel of the Dragon games, neither of which impermissibly borrow from any intellectual

28

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

property rights of Aristocrat.  Accordingly, L&W seeks a declaratory judgment that it has not misappropriated any Aristocrat trade secrets in connection with its Dragon Train games, as well as a declaratory judgment of non-infringement of copyright and trade dress with respect to its Jewel of the Dragon games.

### THE PARTIES

6.     Counterclaimant Light & Wonder, Inc. is a Nevada corporation with its principal place of business at 6601 Bermuda Road, Las Vegas, Nevada 89119.

7.     Counterclaimant LNW Gaming, Inc. is a Nevada corporation with its principal place of business at 6601 Bermuda Road, Las Vegas, Nevada 89119.

8.     Counterclaimant SciPlay Corporation is a Nevada corporation with its principal place of business at 6601 Bermuda Road, Las Vegas, Nevada 89119.

9.     As alleged in Paragraph 15 of the First Amended Complaint, Plaintiff/Counterclaim-Defendant Aristocrat Technologies, Inc. ("ATI") is a Nevada corporation with its principal place of business at 10220 Aristocrat Way, Las Vegas, Nevada 89135.

10.    As alleged in Paragraph 16 of the First Amended Complaint, Plaintiff/Counterclaim-Defendant Aristocrat Technologies Australia Pty Ltd. ("ATA") is an Australian corporation with its principal place of business at Building A, Pinnacle Office Park, 85 Epping Road, North Ryde, New South Wales, Australia 2113.

### JURISDICTION AND VENUE

11.    L&W's counterclaims seek declaratory and other relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 to 2202, the Lanham Act, Title 15 of the United States Code, §§ 1051, *et seq*., the Copyright Act, Title 17 of the United States Code, § 106, and the Defend Trade Secrets Act, Title 18 of the United States Code, § 1836.

12.    This Court has subject matter jurisdiction over L&W's counterclaims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 in that these counterclaims raise federal questions arising under the Lanham Act, the Copyright Act, and the Defend Trade Secrets Act.  The Court also has supplemental jurisdiction over L&W's counterclaims arising under Nevada state law

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

1   pursuant to 28 U.S.C. § 1367(a).

2       13.     By filing its First Amended Complaint, Aristocrat has consented to the personal

3   jurisdiction of this Court.

4       14.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

5       15.     Aristocrat filed its First Amended Complaint, alleging that an immediate, real and

6   justiciable controversy exists.

7       16.     An actual controversy exists warranting declaration of the rights of L&W and

8   Aristocrat.  L&W seeks a declaration of rights under the Declaratory Judgment Act which allows

9   for declaration of the rights and other legal relations of L&W and Aristocrat as a case of actual

10  controversy has arisen.  A real and substantial controversy exists warranting determination of

11  specific relief through a decree of a conclusive character, and such controversy is ripe for

12  determination as a controversy over legal rights.  A substantial controversy exists between L&W

13  and Aristocrat of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

14      17.     As a consequence of the foregoing, an actual controversy has arisen and now exists

15  between L&W and Aristocrat regarding L&W's request for a declaration: (1) that L&W has

16  freedom to operate its businesses without obligation to Aristocrat for any alleged trade secret

17  misappropriation or other claim of misuse of proprietary information; (2) of non-infringement of

18  Aristocrat's alleged copyrights in its Dragon Link games; and (3) of non-infringement of

19  Aristocrat's alleged trade dress rights in its Dragon Link games.

20                          **STATEMENT OF FACTS**

21  **A.      L&W Is a Global Leader in Game Experiences and Conducts Extensive
            Research in Connection with Its Games**
22

23      18.     L&W is a leading cross-platform global games company, which creates immersive

24  content that forges lasting connections with players, wherever players choose to engage with

25  L&W—on the casino floor, online, or on a mobile gaming application.  From creating brand new

26  games, to revitalizing well-known and well-loved titles, L&W brings innovative features, unique

27  gameplay, and attractive experiences to all types of players.  In doing so, L&W maintains core

28

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

values, such as celebrating diverse perspectives, promoting accountability and respect in order to raise the bar for the industry, and relentlessly pushing forward to create the extraordinary in every final detail.

19.     As a leader in the global electronic gaming industry, L&W conducts extensive market research into the performance of its competition, including the introduction of new games and game features, current and new game performance metrics, game appearance, game feature functionality, game probabilities, jackpots values, other return to player ("RTP") values, and many other performance characteristics.  L&W's research includes the reverse engineering of competitive games.

20.     It is common practice within the electronic gaming industry to play or observe the gameplay of new or high-performing games and game functions with the goal of reverse engineering game functions and values.

21.     By playing games or observing gameplay, various functions and values of electronic games can be reverse engineered, or mathematically approximated by a model that returns the same or similar results as the observed game function or value within an acceptable degree of mathematical certainty.  This task can be undertaken by observing inputs and outputs of a particular game function or value and attempting to mathematically describe what is taking place.

22.     Electronic game functions and values that can be reasonably approximated or reverse engineered by gameplay or gameplay observation through publicly available videos include: base game reel strip functions, free game reel strip functions, hold and spin feature functions, base game RTP values, parts of the free game RTP values, feature hit rate, line hit rate, prize pools or shelving and the hit rates contained therein, prize distributions, the probability of landing scatters within a particular feature, and many other game metrics.

23.     L&W successfully reverse engineered mathematical game functions and values contained in Aristocrat's Lightning Link and Dragon Link games, and L&W did so years before it began development of the Dragon Train games.

24.     In 2014, L&W employees successfully reverse engineered the base games function,

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

free game function, and hold and spin feature of the Lightning Link game.  L&W employees successfully determined, with an acceptable degree of mathematical confidence, certain game functions, including the reel strips and feature frequencies.  Following the release of the Dragon Link games, L&W employees reverse engineered the base game function, free game function, and hold and spin feature using the same method to determine certain game functions with an acceptable degree of mathematical confidence, including the reel strips and feature frequencies.

25.     In 2016, different L&W employees successfully reverse engineered the base game functionality of Aristocrat's Lightning Link games by observing publicly available gameplay from Lightning Link titles and reconstructing the game's reel strip function.  L&W employees successfully determined, with an acceptable degree of mathematical confidence, the RTP values and feature hit rates of the Lightning Link base game, the feature hit rates for the base games, free games, and hold and spin features, and the line hit rate.

26.     In 2017, L&W employees also successfully reverse engineered the free game functionality of Aristocrat's Tiki Fire–Lightning Link and High Stakes–Lightning Link games. They successfully determined, with an acceptable degree of mathematical confidence, the return or expected value of the free games and, through simulation, the "feel" of how the games played.

27.     In 2017, L&W employees successfully reverse engineered the functionality of the hold and spin feature and prize distribution for Aristocrat's Lightning Cash/Lighting Link and Dragon Cash/Dragon Link games.  They successfully determined, with an acceptable degree of mathematical confidence, the hold and spin reel strip functionality, the prize pools, the hit rates and estimated value ("EV") within those prize pools, the probability of how different reel strip sets were used, how the expected value of different sets affected the results of the hold and spin feature and how that created a different play experience from having one prize set, the odds of landing scatters within the feature, the distribution of prizes on reel symbols, and at what points in the game play different prizes were displayed in both the base game and the hold and spin feature.

28.     Based on L&W's reverse engineering efforts, L&W employees concluded that Aristocrat's Lightning Cash/Lightning Link games and Dragon Cash/Dragon Link games use

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

1  common industry practices to achieve outcomes for the hold and spin feature, including the use of

2  prize pools.  They also determined that the games were mathematically similar to other popular

3  games, including L&W's 88 Fortunes game.

4      29.    In 2017, L&W employees successfully reverse engineered the base game of the

5  Dragon Cash game.  Upon information and belief, the Dragon Cash game is essentially the same

6  mathematically as the Dragon Link games aside from the hit rate to the grand progressive jackpot.

7  L&W employees determined the reel strip functionality of Dragon Cash.

8      30.    Through various exercises, L&W employees then successfully determined, with an

9  acceptable degree of mathematical confidence, the reel strip symbols, the hit rates of line and

10  feature hits, prize pool distribution, and weighting tables for the prize pool distributions, among

11  other mathematical data features of the Lightning Link and Lightning Cash games.

12      31.    As shown by the foregoing examples, various game metric information is reverse

13  engineerable.  Therefore, it is not eligible for trade secret protection.

14      **1.**    **L&W's Dragon Train Games**

15      32.    After years of extensive research and development, L&W released its Dragon Train

16  games to the Australian market in August 2023.  L&W then displayed the games in October 2023

17  at the Global Gaming Expo in Las Vegas, before the wider launch to the U.S. market in March

18  2024.

19      33.    Like many of L&W's games, the Dragon Train game series comprises multiple

20  distinct themes.  Specifically, Dragon Train has four themes: Chi Lin Wins, Khutulun Battle

21  Princess, Sun Shots, and Forever Emperor.

22      34.    The success of the Dragon Train games in the United States and Australia is in large

23  part due to numerous original and engaging game design elements.  First, Dragon Train's

24  "secondary" hold and spin feature is an integral part of its success, as it is one of the first of its kind

25  in the market.  The standard hold and spin game has been prolific in the industry for approximately

26  a decade and generally can be described as a "game-within-a-game."  Numerous companies

27  implement standard hold and spin games (e.g., Aristocrat, IGT, AGS, Everi, Bluberi, Playson,

28

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

Konami, and Novomatic), as well as dragon-themed hold and spin games where the words "Hold and Spin" are displayed in the title (e.g., Pragmatic Play's "Dragon Hot Hold and Spin" game and Pragmatic Play's "Floating Dragon Hold and Spin" game).   However, Dragon Train has an additional hold and spin feature that is "secondary," which means that it offers an additional game *within* the hold and spin game.  Upon information and belief, Aristocrat's Dragon Link games do not offer secondary hold and spin features.

35.     In Dragon Train, during the hold and spin feature, players may unlock the secondary hold and spin event by triggering the hold and spin icon with a Dragon Train symbol on the reels. The secondary hold and spin game features a circular grid of eight trigger symbols on the front of the game's "dragon train."  If the player unlocks all eight hold and spin trigger symbols, the player wins the $1000 jackpot.  Because the secondary hold and spin event is an additional game a player may unlock during the hold and spin feature, players receive another chance to win prize money, which is a reason the game is popular among players.

36.     Dragon Train's success is also due to the game's hardware (e.g., the EGM's "cabinet").  A "cabinet" is the electronic gaming machine's external housing.  The past four cabinets L&W has released have been ranked number one in the market, according to data from Eilers & Krejcik Gaming as of April 2024.  The Dragon Train games utilize one of the most popular cabinets.

37.     Another important reason for Dragon Train's success is the game's audiovisual experience, including its artwork, which reflects the game's graphic and visual art and its audio features.  The top box displaying Dragon Train's jackpots is different from the industry standard jackpot layouts in that the display's "dragon train" image is moving at all times throughout the player experience.  The sounds and graphics associated with trains also consistently reinforce the "dragon train" theme throughout the entire game.  Screen shots of L&W's Dragon Train game and its unique and striking imagery are included for reference below.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

| Imagery from L&W's Dragon Train Games | | |
|---|---|---|
| **Dragon Train Game Display During Gameplay** | **Display of Dragon Train: Khutulun Battle Princess** | **"Dragon Train" Image on Top Box Display** |



### 2.    L&W's Jewel of the Dragon Games

38.    L&W launched its original Jewel of the Dragon games in 2011.  In connection therewith, L&W owns the JEWEL OF THE DRAGON trademark, U.S. Trademark Registration No. 4,132,968 (the "JEWEL OF THE DRAGON Mark").  This registration, which claims a first use date of September 15, 2011, was filed on March 11, 2011.  The registration issued on April 24, 2012, covering "Gaming machines, namely, devices which accept a wager and gaming software that generates or displays outcomes for gaming machines" in International Class 9.

39.    L&W subsequently launched the new Jewel of the Dragon games under the JEWEL OF THE DRAGON Mark in 2022 and 2023 as a linked progressive game series.  The Jewel of the Dragon games center around an Asian-inspired theme, which is an in-demand and well-received theme in the casino gaming industry.

40.    In designing its Jewel of the Dragon games, L&W invested significant research, time, and development initiatives into the games' creation, including research into Chinese history and art.  The game designers focused on features such as symmetry and characters based on

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

constellations.  There are currently four games in the Jewel of the Dragon series: A Thousand Warriors, Valley of the Tiger, Red Phoenix, and Prosperity Tortoise.  The base game for each Jewel of the Dragon game is depicted below.

| Different Titles Under L&W's Jewel of the Dragon Games | | | |
|---|---|---|---|
| **Prosperity Tortoise** | **Red Phoenix** | **A Thousand Warriors** | **Valley of the Tiger** |



41.     The Jewel of the Dragon game themes share a common constellation theme and elements like a faceted jewel bonus symbol.  However, there are also many visual differences between the Jewel of the Dragon games based on the themes, as shown above.  A Thousand Warriors incorporates a female warrior clothed in ornate gear ready for battle.  Valley of the Tiger centers on a rare white species tiger decorated in jewels.  Red Phoenix incorporates a woman wearing Asian dress styled with feathers to evoke a mythical red phoenix in the color red, which color is understood to represent luck and fortune in Asian culture.  Prosperity Tortoise features a tortoise with a gold shell—a color which similarly represents luck and fortune in Asian culture.

42.     Despite these varying themes, as part of the development of the Jewel of the Dragon games, L&W employed certain designs that are common throughout popular slot machine games, such as hold and spin features, bonuses, "wild" symbols, royal symbols, "push" sounds during a spin, flaming explosions and accompanying sounds, glowing jewels, coin animations, and jackpot displays.  Many successful games incorporate these types of stock, familiar elements.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

43.     In connection with developing the Jewel of the Dragon game themes, L&W's artists and animators extensively researched Chinese art, history, and design in preparation for creating the graphics in the games.  In particular, one aspect of Chinese art that is commonly used in the casino gaming industry includes dragons.  Notably, there are hundreds of trademark registrations for games that include the word "dragon" in the mark.  This is not surprising, as dragons are understood to symbolize luck and fortune, motifs for which are commonplace in the casino industry. Similarly, the colors red and gold are commonly understood to symbolize good luck, prosperity, and fortune.  This symbolism is well-recognized in not only academia and art history, but also commentary within the casino industry.

44.     It is common for new games in the market to incorporate already ubiquitous design elements such as hold and spin features, glowing orbs, coin animations, and jackpot displays, which are familiar features to players.

**B.     Aristocrat's Different Dragon Link Games**

45.     According to Aristocrat's First Amended Complaint, Dragon Link was released in the United States in 2017.

46.     Aristocrat's Dragon Link games come in ten different themes, which are all visually different from each other.  A table reflecting the Dragon Link game themes is included below for reference:

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

| Different Titles Under Aristocrat's Dragon Link Games | | | | |
|---|---|---|---|---|
| Autumn Moon | Genghis Khan | Golden Century | Golden Gong | Silk Road |
|  |  |  |  |  |
| Happy & Prosperous | Panda Magic | Peace & Long Life | Peacock Princess | Spring Festival |
|  |  |  |  |  |

47.     Aristocrat has alleged ownership of registered copyrights in connection with certain aspects of specific themes of its Dragon Link games.   For example, Aristocrat's asserted registrations for visual materials, along with the deposit materials submitted in connection with the registrations, are shown below:

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

| Aristocrat's Alleged Copyright Registrations in Visual Art | | |
|---|---|---|
| VA 2-369-827<br>Autumn Moon – Goddess | VA 2-372-588<br>Golden Century – Emperor | VA 2-372-489<br>Peacock Princess – Princess |
|  |  |  |

48.     Aristocrat's copyright registrations in visual art as alleged in the First Amended Complaint cover the discrete, two-dimensional visual artwork depicted above.  Copyright protection does not extend to ideas, concepts, or facts—only the precise *expression* of ideas, concepts, or facts.  As such, Aristocrat is the alleged copyright holder for the expression of its Autumn Moon Goddess, Golden Century Emperor, and Peacock Princess, as depicted above.

**C.     L&W's Jewel of the Dragon Games Are Not Substantially Similar to Aristocrat's Alleged Copyrights in the Dragon Link Games**

49.     None of the Jewel of the Dragon games, or protectable elements thereof, are substantially similar to the Dragon Link games, or any protectable elements thereof.  For example, L&W does not use substantially similar imagery to the visual artwork that is the subject of Aristocrat's alleged copyright registrations in its Dragon Link games.  The stark differences are shown below:

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

| Aristocrat Dragon Link Deposit Materials | L&W Jewel of the Dragon Screen Shots |
|---|---|
| |  |
|  |  |
|  | *Screen Shot from Prior Version of A Thousand Warriors*<br><br>*Screen Shot from Current Version of A Thousand Warriors*<br> |

50.     In the First Amended Complaint, Aristocrat also alleges that it owns copyright registrations covering cinematographic materials from the hold and spin bonus features of two of its Dragon Link games.  As with the visual materials, the hold and spin bonus features of the Jewel of the Dragon games—which are ubiquitous throughout the industry—share no substantial similarities with the hold and spin bonus features of the Dragon Link games, as shown below:

| Aristocrat Dragon Link Hold & Spin from First Amended Complaint | L&W Jewel of the Dragon Screen Shots |
|---|---|
|  |  |
|  |  |

51.     As shown above, audiovisual graphics in Aristocrat's Dragon Link games also contain unoriginal, standard stock elements (also known as *scenes a faire*) in the casino gaming industry, which are not subject to copyright protection.  Examples of these elements include coin animations, glowing orbs, spinning rings of fire, and flame fares—all of which are ubiquitous in

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

slot games.

52.     Furthermore, many of the audiovisual elements that are part of Aristocrat's alleged copyright registrations for the hold and spin features also appear in Dragon Link's predecessor game, Lightning Link, or the public domain.  Accordingly, Aristocrat excluded "visual material" from its copyright claim in the hold and spin features of Spring Festival and Autumn Moon.

53.     In sum, L&W's Jewel of the Dragon games are not substantially similar to any protectable expression in the Dragon Link games.

**D.     L&W's Jewel of the Dragon Games Do Not Use Elements Likely to Cause Confusion with Any Alleged Trade Dress Rights in the Dragon Link Games**

54.     There is no likelihood of confusion between L&W's Jewel of the Dragon games and any alleged trade dress in Aristocrat's Dragon Link Games.

55.     In connection with the trademarks for the titles of their respective games, and ability to use such trademarks in any stylized format, L&W has priority over Aristocrat.

56.     Aristocrat filed an application for DRAGON LINK on November 5, 2015, which issued as U.S. Trademark Registration No. 5,360,457 on December 19, 2017.  This registration, which claims a first use date for the mark of July 10, 2017, covers "Electronic gaming machines, namely, devices which accept a wager" in International Class 28.

57.     Based on L&W's U.S. Trademark Registration No. 4,132,968 for JEWEL OF THE DRAGON, L&W has priority with respect to its rights in the JEWEL OF THE DRAGON Mark as of the filing date of the application on March 4, 2011.

58.     Audiovisual elements such as jackpot displays, orbs, and hold and spin features are functional and common across slot machine games, and these elements do not serve a source-identifying function.

59.     Aristocrat does not own a valid, protectable trade dress in the combination of elements alleged in the First Amended Complaint, namely the Dragon Link Standard Logo, Dragon Link Jackpot Display, Dragon Link Orb Design, and Dragon Link Hold & Spin Design, as defined in the First Amended Complaint.  These elements are not subject to trade dress protection.

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

60.     Aristocrat also does not own a protectable trade dress because the trade dress alleged in the First Amended Complaint is not inherently distinctive, nor has it acquired distinctiveness.

61.     Aristocrat's alleged trade dress is also functional.

62.     Even if Aristocrat could claim trade dress protection over the alleged elements, which it cannot, there is no likelihood of consumer confusion with the Jewel of the Dragon games.

63.     L&W is not aware of any actual confusion resulting from the use of the accused audiovisual elements in the Jewel of the Dragon games with Aristocrat or its Dragon Link games. The lack of actual confusion despite years of concurrent use demonstrates there is no likelihood of confusion.

64.     There is also no evidence of any harm to Aristocrat resulting from L&W's use of its JEWEL OF THE DRAGON Mark and audiovisual elements in the Jewel of the Dragon games.

### **FIRST COUNTERCLAIM**
### **Declaration of No Misappropriation of Alleged Trade Secrets**

65.     L&W repeats, realleges, and incorporates by reference each and every allegation set forth in Paragraphs 1-64 as if fully set forth herein.

66.     Aristocrat alleges that an actual controversy exists based on L&W's alleged misappropriation of Aristocrat trade secrets in violation of the Defend the Trade Secret Act, 18 U.S.C. § 1836, et seq. and the Nevada Uniform Trade Secrets Act, Nev. Rev. Stat. § 600A.030, et seq.

67.     Aristocrat fails to identify any information subject to trade secret protection that L&W used in the development or production of its Dragon Train games.

68.     L&W did not use any Aristocrat trade secret in the development or production of its Dragon Train games.  L&W independently developed the Dragon Train games using past L&W work product and reverse engineered game math.

69.     L&W cannot be liable for misappropriation of information that was readily ascertainable by proper means—through reverse engineering or otherwise.

70.     L&W seeks a declaratory judgment from this Court that L&W has not

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

1    misappropriated and is not now misappropriating any trade secret asserted by Aristocrat in its

2    development and production of L&W's Dragon Train games.

3    **SECOND COUNTERCLAIM**

4    **Declaration of Non-Infringement of Alleged Copyrights**

5    71.     L&W repeats, realleges, and incorporates by reference each and every allegation set

6    forth in Paragraphs 1-70 as if fully stated herein.

7    72.     Aristocrat alleges that an actual controversy exists between the parties as to whether

8    L&W has infringed Aristocrat's alleged copyrights in its Dragon Link games.

9    73.     L&W game designers independently created the Jewel of the Dragon games.

10   74.     The Jewel of the Dragon games do not contain audiovisual elements that are

11   substantially similar to, or otherwise copy protectable expression from, Aristocrat's Dragon Link

12   games.

13   75.     L&W has not infringed any of Aristocrat's exclusive rights under 17 U.S.C.

14   §106(1)-(6).

15   76.     L&W seeks a declaratory judgment from this Court that none of its Jewel of the

16   Dragon games, including none of the different versions and themes of the Jewel of the Dragon

17   games (nor any parts of protectable expression thereof), distributed and made available either in

18   casinos or online, have infringed, infringe, or would infringe any valid, enforceable and/or

19   protectable expression in Aristocrat's purported copyrights.

20   77.     L&W is being harmed by Aristocrat's efforts to press its baseless assertion of

21   copyright infringement against L&W's Jewel of the Dragon games.  Absent a declaration of non-

22   infringement, Aristocrat will continue to wrongfully allege infringement and thereby cause injury

23   to L&W.

24   **THIRD COUNTERCLAIM**

25   **Declaration of Non-Infringement of Plaintiffs' Alleged Trade Dress Rights**

26   78.     L&W repeats, realleges, and incorporates by reference each and every allegation set

27   forth in Paragraphs 1-77 as if fully stated herein.

28   79.     Aristocrat alleges that an actual controversy exists between the parties as to whether

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

L&W has infringed Aristocrat's purported common law rights in its alleged trade dress associated with the Dragon Link games.

80.     Aristocrat does not own a valid, protectable trade dress in the combination of elements in the Dragon Link games as alleged in the First Amended Complaint.  The alleged trade dress is not capable of protection as trade dress and does not act as a source identifier.  Additionally, the alleged trade dress is not inherently distinctive, has not acquired distinctiveness, and is functional.

81.     Aristocrat alleges that L&W's use of certain elements in its Jewel of the Dragon games, including the Jewel of the Dragon logo, jackpot display, hold and spin bonus feature design, and purported orb-like imagery violates 15 U.S.C. § 1125(a) for federal false designation of origin, unfair competition, trademark, and trade dress infringement (Count III), as well as Deceptive Trade Practices under Nev. Rev. Stat. §§ 41.600 & 598.0915 (Count V).

82.     L&W's use of the JEWEL OF THE DRAGON Mark along with other challenged audiovisual elements as set forth in the First Amended Complaint has not caused, and is not likely to cause, confusion, mistake, or deception as to origin, sponsorship, or approval of L&W's Jewel of the Dragon games, or regarding any affiliation of the games with Aristocrat.

83.     As there is no likelihood of confusion between L&W's use of its JEWEL OF THE DRAGON Mark and audiovisual elements in its Jewel of the Dragon games and Aristocrat's alleged trade dress, and because Aristocrat does not own a valid trade dress, L&W's acts do not constitute false designation of origin, unfair competition, trademark infringement, trade dress infringement, or deceptive trade practices.

84.     Accordingly, pursuant to 28 U.S.C. §§ 2201 and 2202, L&W is entitled to a declaratory judgment that its use of the JEWEL OF THE DRAGON Mark and audiovisual elements in the Jewel of the Dragon games, as alleged in the First Amended Complaint, does not violate Aristocrat's alleged trade dress rights, or otherwise constitute unfair competition or deceptive trade practices under federal or state law.

85.     L&W is being harmed by Aristocrat's efforts to press its meritless assertion of trade

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

dress infringement against L&W.  Absent a declaration of non-infringement, Aristocrat will continue to assert its invalid alleged trade dress against L&W and wrongfully allege infringement, thereby causing injury to L&W.

### PRAYER FOR RELIEF

WHEREFORE, L&W respectfully requests that this Court enter an Order:

1.      Dismissing the First Amended Complaint with prejudice and entering judgment against Aristocrat on all counts and requests for relief;

2.      Granting judgment in favor of L&W on its Counterclaims for Declaration of No Misappropriation of Alleged Trade Secrets, Declaration of Non-Infringement of Alleged Copyrights, and Declaration of Non-Infringement of Plaintiffs' Alleged Trade Dress Rights;

3.      Awarding L&W its costs and attorneys' fees incurred in this action, including in accordance with 15 U.S.C. § 1117, 17 U.S.C. § 505, 18 U.S.C. § 1836(b)(3)(D); and

4.      Granting L&W any such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, L&W hereby demands a trial by jury on all issues so triable in this action.

Dated: August 12, 2024                    **CAMPBELL & WILLIAMS**


By:  */s/ Philip R. Erwin*
       PHILIP R. ERWIN, ESQ. (11563)
       710 South Seventh Street
       Las Vegas, Nevada  89101


JONES DAY

HAROLD K. GORDON, ESQ.
(*pro hac vice*)
RANDALL E. KAY, ESQ.
(*pro hac vice*)
ANNA E. RAIMER, ESQ.
(*pro hac vice*)

*Attorneys for Defendants*
*Light & Wonder, Inc., LNW Gaming, Inc.,*
*and SciPlay Corporation*

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

- 41 -

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of August, 2024, I caused a true and correct copy of the foregoing **Defendants' Answer to First Amended Complaint and Counterclaims** to be served via the United States District Court CM/ECF system on all parties or persons requiring notice.

*/s/ Philip R. Erwin*
An employee of Campbell & Williams

DEFENDANTS' ANSWER TO FIRST
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC