JONES DAY
HAROLD K. GORDON, ESQ.
(*pro hac vice*)
hkgordon@jonesday.com
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

JONES DAY
RANDALL E. KAY, ESQ.
(*pro hac vice*)
rekay@jonesday.com
4655 Executive Drive, Suite 1500
San Diego, California 92121
Telephone: (858) 314-1139
Facsimile: (844) 345-3178

CAMPBELL & WILLIAMS
PHILIP R. ERWIN, ESQ. (11563)
pre@cwlawlv.com
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

JONES DAY
ANNA E. RAIMER, ESQ.
(*pro hac vice*)
aeraimer@jonesday.com
717 Texas Street, Suite 3300
Houston, Texas 77002
Telephone: (832) 239-3786
Facsimile: (832) 239-3600

*Attorneys for Defendants*
*Light & Wonder, Inc., LNW Gaming, Inc.,*
*and SciPlay Corporation*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES, INC. and ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LTD.,<br><br>Plaintiffs,<br><br>vs.<br><br>LIGHT & WONDER, INC., LNW GAMING, INC., and SCIPLAY CORPORATION,<br><br>Defendants. | CASE NO.: 2:24-cv-00382-GMN-MDC<br><br>**DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

*DECISION REQUESTED PRIOR TO SEPTEMBER 9, 2024 HEARING*

1

Defendants Light & Wonder, Inc., LNW Gaming, Inc., and SciPlay Corporation (collectively, "L&W") hereby file this Motion to Strike Plaintiffs Aristocrat Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd.'s ("Plaintiffs" or "Aristocrat") Reply in Support of Plaintiffs' Motion for Preliminary Injunction ("Reply").

## I. INTRODUCTION

Plaintiffs' Reply improperly argues evidence and theories that do not belong in a "reply" and should be stricken. Due to the shortcomings in its original preliminary injunction motion, Aristocrat now attempts to pivot and argue brand new grounds of misappropriation, including new alleged trade secrets, at the eleventh hour via its Reply. Aristocrat's Reply also tries to backdoor its pending supplemental materials into the record *before* this Court even ruled on whether those materials are permissible, relying heavily—and often exclusively—on new arguments, evidence, and theories wholly absent from its original injunction motion. Aristocrat's transparent effort to rehabilitate its now-debunked trade secret claims is strategically designed to deprive L&W a full and fair opportunity to respond in advance of the scheduled hearing. Accordingly, this Court should strike or otherwise disregard Aristocrat's Reply.

## II. RELEVANT BACKGROUND

Aristocrat filed its Motion for Preliminary Injunction on May 22, 2024, the day after this Court ordered a stay of discovery. ECF No. 52. After the Court lifted the discovery stay on June 24, 2024, the parties submitted a joint briefing schedule on Aristocrat's preliminary injunction motion, and L&W filed its opposition on July 29, 2024. ECF No. 77.

On August 2, 2024, after L&W filed its opposition, and with no notice to L&W, Aristocrat filed a Motion for Leave to file its supplemental brief and materials ("Motion for Leave"). ECF No. 80. Aristocrat's proposed supplemental filing included over 100 pages of new material, including a supplemental brief, a new expert declaration, a new fact witness declaration, and various additional documents and spreadsheets. *Id*. L&W opposed the Motion for Leave on August 16, 2024. ECF No. 88. Aristocrat's Motion for Leave remains pending.

2

After L&W filed its opposition to the Motion to Leave, Aristocrat filed its Reply on August 19, 2024. ECF No. 90. Yet despite the fact that the Court has not granted Aristocrat's Motion for Leave, Aristocrat's Reply repeatedly relies on new arguments, evidence, and declarations contained in Aristocrat's proposed supplemental filing (ECF No. 80). *See, e.g.*, Reply at 1-2, 6-7. Aristocrat's Reply further incorporates a new declaration from its expert Dr. Vancura, but instead of responding to L&W's opposition, Dr. Vancura's Reply declaration heavily relies on his August 2, 2024 declaration in Aristocrat's proposed supplemental filing. *See, e.g.*, Declaration of Olaf Vancura in Support of Reply ("Vancura Reply Decl.") at ¶¶ 9, 11-12, 17, 28, 35(a)-(e), 38, 40-41, 44, 47, 49, 52-53, 54-55, 60-61. Moreover, Aristocrat's Reply raises additional new evidence for the first time on reply. In short, Aristocrat's Reply is saturated with new theories, arguments, and evidence never raised in its original motion, much of which is still the subject of Aristocrat's pending Motion for Leave, and none of which L&W has been given the opportunity to explain or rebut.

### III.  ARGUMENT

Aristocrat's Reply abandons its original theory of misappropriation and seeks instead to introduce an entirely new theory based on newly-described alleged trade secrets not disclosed in its original motion. Aristocrat raises this new theory by citing to its own proposed supplemental brief—which has *not* been accepted by the Court and was filed *after* L&W's opposition to Aristocrat's preliminary injunction motion —and insisting that the math elements described in the supplemental materials, which are *not* described its original motion, constitute trade secrets that L&W allegedly misappropriated. Aristocrat's effort to re-write its theory of misappropriation and change its alleged trade secrets in its Reply shortly before the hearing by relying on its own improperly-submitted supplemental materials is blatantly improper and deprives L&W a full and fair opportunity to respond to this new and entirely meritless theory. Accordingly, Aristocrat's Reply should neither be considered by this Court nor provide a basis for Aristocrat to delay resolution of its baseless injunction on the merits of its original motion.

"[A] party is generally prohibited from raising new issues for the first time in its reply brief." *F.D.I.C. v. Lewis*, No. 2:10-CV-439-JCM-VCF, 2015 WL 4579323, at *2 (D. Nev. July 29, 2015), *aff'd sub nom. AmTrust Bank v. Lewis*, 687 Fed. App'x 667 (9th Cir. 2017); *see also Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (explaining that "[t]o the extent that the [reply] brief presents new information, it is improper" and ordering portions of the brief stricken). Courts will regularly "disregard new arguments raised in [a] reply brief." *Evans v. Equifax Info. Servs., LLC*, No. 2:23-cv-00237-MMD-DJA, 2023 WL 4546429, at *2 (D. Nev. July 14, 2023). Moreover, where the new arguments and evidence raised on reply include "extensive supplemental declarations," including fact and expert declarations, "the scope of new evidence is too extensive to remedy by merely allowing supplemental briefing." *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006). Accordingly, the proper remedy in light of Aristocrat's efforts to introduce its voluminous new arguments and evidence, including the multiple new fact and expert declarations in its proposed supplement and Reply, is to strike the Reply and hear Aristocrat's original motion on its own merits.

**A.     ARISTOCRAT'S REPLY IMPROPERLY ASSERTS A NEW THEORY OF MISAPPROPRIATION**

Instead of addressing the shortcomings in its original motion, Aristocrat's Reply adopts a new theory of misappropriation based on newly-identified math elements—namely Hold & Spin math—never described in its original motion. And Aristocrat does so by incorporating new evidence and arguments raised in Aristocrat's proposed supplemental brief, which this Court has not permitted. Aristocrat's efforts to re-write its misappropriation claims shortly before the parties' hearing, and after L&W spent time and effort to systematically refute Aristocrat's original theories, is wholly improper. For that reason alone, Aristocrat's Reply should be stricken.

Aristocrat's new theory of misappropriation in its Reply is completely different than what it put forth in its original motion. Whereas Aristocrat's original motion tried—and failed—to establish that L&W misappropriated vague base game elements, such as reel strips, RTP, and volatility reflected in three supposed "confidential" documents, Aristocrat has abandoned that

4

theory in its Reply in favor of newly alleged "***specific Aristocrat trade secrets*** that L&W used to develop Dragon Train, ***as further discussed in Aristocrat's supplemental filing***[.]" Reply at 2 (emphasis added).  But the alleged trade secrets "discussed in Aristocrat's supplemental filing"—such as "Aristocrat's Secret Method for Assigning Prize Amounts to Hold & Spin Bonus Symbols" (ECF No. 80 at Appn. 044-050), the "implementation" of "Hold & Spin Reels" (*id*. at Appn 050-052), and "probability of winning the Major Jackpot" (*id*. at Appn 053)—appear nowhere in Aristocrat's original motion, and are irrefutably *not* reflected in the alleged "confidential" documents that form the basis of Aristocrat's original motion.  Aristocrat raises these elements now for the first time on Reply and only after L&W filed its opposition, making them wholly inappropriate to assert at this late juncture.

Specifically, when Aristocrat failed to establish that components of the base game were secret, misappropriated, or even similar, it revamped its entire theory, now alleging that L&W misappropriated elements of its Hold & Spin feature (not the base game) that it never described in its original motion and are nowhere to be found in those "confidential" documents cited in its original motion.  *See* Reply at 6-7 (describing "L&W's use of Aristocrat trade secrets ***as discussed in Aristocrat's supplemental filing***" as "Aristocrat's implementation of the 'Hold & Spin' feature") (emphasis added); ECF No. 52 at 15 (describing three documents containing alleged "confidential information about Dragon Link's mathematical design").  Indeed, Aristocrat seems to have abandoned these "confidential" documents as evidence of misappropriation altogether—nowhere in the Reply's discussion of misappropriation are any of these documents meaningfully referenced.  *See* Reply at 6-9.  This makes sense, given that none of these allegedly "confidential" documents contain any of the elements Aristocrat now asserts as trade secret for the first time in its Reply.  For example, the LNW_000005 spreadsheet Aristocrat relies on it its original motion contains only base game information, and therefore cannot support any allegation that Ms. Charles or L&W used any confidential information related to Aristocrat's Hold & Spin feature.[1]  *See* ECF No. 52 at 15

---

[1] LNW_000005 also contains hit rates for the Hold & Spin feature, which is a metric calculated from the base game reel strips.  It does not contain any of the Hold & Spin elements Aristocrat describes in its proposed supplemental materials or Reply.

5

(describing LNW_000005 as allegedly containing "confidential information about the reel strips, symbol counts, RTP, and hit rates for the Dragon Link ***base game***") (emphasis added). Instead, Aristocrat concocts new grounds to support its new theory for the first time on Reply: that manufactured alleged math similarities in a Hold & Spin feature that is commonly implemented across the industry among competing games somehow alone establishes L&W misappropriated Aristocrat's secret information. Aristocrat's abrupt pivot to new theories at this late stage muddies a record that L&W has already spent significant time and effort to correct. Accordingly, Aristocrat's new arguments and evidence are neither timely nor helpful and should be stricken.

Notably, in addition to relying on its proposed supplemental filing, Aristocrat's Reply also introduces additional new evidence not contained in that filing. For example, Aristocrat cites a spreadsheet labeled LNW_012198 as new evidence that L&W "started with the Dragon Link math design" based on Ms. Charles's alleged "idiosyncratic formatting" rather than any forensic evidence that the document belonged to Aristocrat. Reply at 6-7. Regardless, when combined with the numerous documents and declarations submitted with Aristocrat's supplemental filing, the volume of new evidence Aristocrat aims to improperly introduce with its Reply is staggering and should be stricken entirely rather than allowing Aristocrat to further delay these proceedings. *Docusign, Inc.*, 468 F. Supp. 2d at 1307 (granting motion to strike where "the scope of new evidence is too extensive to remedy by merely allowing supplemental briefing").

Finally, Aristocrat's arguments on Reply demonstrate how it is leveraging its strategic bait-and-switch to prejudice L&W. Aristocrat's Reply now accuses L&W of failing to address Aristocrat's arguments that L&W allegedly misappropriated the elements of its Hold & Spin feature described in its supplemental brief, even though Aristocrat never discussed those elements in its original motion. *See* Vancura Reply Decl. at 24; Reply at 3-4. Accordingly, L&W had no opportunity to respond to this new theory, which was only raised after L&W filed its opposition. That Aristocrat is using its own strategic conduct to imply that L&W failed to address a brand new theory introduced on Reply is alone grounds to strike Aristocrat's Reply. Moreover, repeatedly responding to every mundane similarity between two directly competing products that Aristocrat

raises in piecemeal will continue to prejudice L&W because Aristocrat is a moving target raising new grounds once L&W disproves the prior grounds. Indeed, Aristocrat has shown no indication that its theories will not continue to change up until the hearing, so as to continue presenting a moving target and depriving L&W full and fair opportunity to demonstrate that each of its newly-manufactured theories is baseless. Accordingly, Aristocrat's new theory and evidence should be stricken without further delay to resolving this proceeding.

### B. ARISTOCRAT COULD HAVE RAISED ITS NEW THEORY PRIOR TO L&W'S OPPOSITION

L&W produced the information on which Aristocrat premises its new theory over *two weeks* before L&W filed its opposition to Aristocrat's preliminary injunction motion. Yet Aristocrat strategically chose to withhold that information until after L&W filed its opposition, rather than conferring with L&W or re-filing its motion for preliminary injunction to afford L&W fair opportunity to fully respond to Aristocrat's new theories. Aristocrat's strategic sandbagging is further grounds to strike its Reply and avoid delaying the injunction hearing on the merits of Aristocrat's original theory. *See Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1028 (C.D. Cal. 2018) (granting motion to strike new evidence on reply and declining to postpone hearing because "the timing of Plaintiffs' disclosure of the new evidence thus appears aimed at strategically limiting Defendants' opportunity to respond").

Moreover, Aristocrat's new theory on Reply is premised on alleged misappropriation of its Hold & Spin math, rather than base game features. Yet Aristocrat offers no reasoning in either its Reply or Motion for Leave to explain why it could not have described its allegedly secret Hold & Spin math elements in its original motion, other than the obvious: it failed to establish misappropriation with respect to any base game features, so it needed a new theory to support its preliminary injunction motion. *See Pacquiao v. Mayweather*, No. 2:09-cv-2448-LRH-RJJ, 2010 WL 3271961, at *1 (D. Nev. Aug. 13, 2010) (granting motion to strike reply where the party has "not established that the [new] evidence could have only been provided in response to [the] opposition"); *1600 E. Newlands Drive, LLC v. Amazon.com.NVDC, LLC*, No. 3:17-cv-00566-RCJ-

WGC, 2020 WL 7319412, at *2 (D. Nev. Dec. 11, 2020) (granting motion to strike reply where the party's "new argument . . . could have been raised in the original motion"). Had Aristocrat timely identified any allegedly misappropriated trade secrets related to its Hold & Spin math in its original motion, L&W could have already debunked why those math elements are not secret, similar, or evidence of misappropriation. Accordingly—whether strategic or a lack of diligence—Aristocrat cannot now assert new trade secrets in its Reply that it could have described in its original motion. *See Keywords, LLC v. Internet Shopping Enters., Inc.*, No. CV 05-2488 MMM (Ex), 2005 WL 8156440, at *17-18 (C.D. Cal. June 29, 2005) (rejecting trade secret plaintiff's attempts "to identify its alleged trade secret with particularity . . . for the first time in reply"). Therefore, the Court should strike Aristocrat's Reply.

### C. ARISTOCRAT'S RELIANCE ON ITS PENDING SUPPLEMENTAL FILING IS IMPROPER

Notwithstanding the fact that Aristocrat's supplemental filing constitutes improper new arguments on Reply, that supplemental filing has not at this time been accepted by the Court. Indeed, L&W opposed Aristocrat's Motion for Leave, explaining that Aristocrat's strategic delay does not constitute good cause to supplement its original motion with a brand new theory of misappropriation shortly before the scheduled hearing. *See* ECF No. 88. Nevertheless, Aristocrat's Reply repeatedly points to its *still-pending* "supplemental filing" in support of its arguments in its Reply, essentially trying to bypass the Court's consideration of its Motion for Leave and unilaterally forcing its supplemental materials into the record via Reply. *See, e.g.*, Reply at 1-2, 6-7. Likewise, Aristocrat's expert, Dr. Vancura, cites to and relies on his own supplemental declaration throughout his Reply declaration, effectively illustrating that Aristocrat's arguments on Reply are premised on supplemental materials that this Court has not accepted. *See, e.g.*, Vancura Reply Decl. at ¶¶ 9, 11-12, 17, 28, 35(a)-(e), 38, 40-41, 44, 47, 49, 52-53, 54-55, 60-61. Aristocrat's attempt at an end-run around this Court's consideration of its supplemental materials by incorporating them into its Reply

8

is conduct that further warrants striking Aristocrat's Reply.[2]

## IV. CONCLUSION

For the foregoing reasons, L&W respectfully requests that the Court strike Aristocrat's Reply.[3]

Dated: August 26, 2024                              CAMPBELL & WILLIAMS

By: /s/ Philip R. Erwin
PHILIP R. ERWIN, ESQ. (11563)
710 South Seventh Street
Las Vegas, Nevada 89101

JONES DAY

HAROLD K. GORDON, ESQ.
(*pro hac vice*)
RANDALL E. KAY, ESQ.
(*pro hac vice*)
ANNA E. RAIMER, ESQ.
(*pro hac vice*)

*Attorneys for Defendants*
*Light & Wonder, Inc., LNW Gaming, Inc., and SciPlay Corporation*

---

[2] Moreover, by incorporating a separate, 13-page supplemental filing into its Reply, Aristocrat has essentially granted itself an additional 13 pages for its Reply without seeking leave for a page extension under Local Rule7-3(c). This is further grounds to strike Aristocrat's Reply.

[3] In the alternative, as noted in L&W's Opposition to Aristocrat's Motion for Leave, L&W requests leave to file a sur-reply and requests a five-week briefing period as necessary to address the voluminous documents and declarations Aristocrat raises for the first time on Reply.

9

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of August, 2024, I caused a true and correct copy of the foregoing **Defendants' Motion to Strike Plaintiffs' Reply in Support of Plaintiffs' Motion for Preliminary Injunction** to be served via the United States District Court CM/ECF system on all parties or persons requiring notice.

 /s/ *Philip R. Erwin*
An employee of Campbell & Williams