UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| ARISTOCRAT TECHNOLOGIES, INC., *et. al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> LIGHT & WONDER, INC., *et. al.*, <br><br> Defendants. | Case No.: 2:24-cv-00382-GMN-MDC <br><br> **ORDER** |

Pending before the Court is the Motion for Leave to Submit Supplemental Evidence and Briefing in Support of Plaintiffs' Motion for Preliminary Injunction, (ECF No. 80), filed by Plaintiffs. Defendants filed an Opposition, (ECF No. 88), to which Plaintiffs filed a Reply, (ECF No. 96). Also pending before the Court is Plaintiffs' Motion to Seal, (ECF No. 82), to which Defendants filed a Response, (ECF No. 89).[1] Lastly, Defendants filed a Motion to Strike Plaintiffs' Reply in Support of their Motion for Preliminary Injunction, (ECF No. 98).

On June 24, 2024, this Court granted, in part, Defendants' Motion to Dismiss. The Court did not dismiss Plaintiffs' Trade Secret Claims, which are the basis of Plaintiffs' Motion for Preliminary Injunction. (Order 7:10–11:6, ECF No. 34); (*See generally* Mot. Prelim. Inj., ECF No. 52). Plaintiffs allege that Defendants misappropriated its trade secrets by hiring Plaintiffs' former employee, Ms. Charles, and using her confidential knowledge of Plaintiffs' games to create the same underlying functionality in Defendants' games. (Compl. ¶¶ 65–65, 115–116). After Plaintiffs filed their Motion for Preliminary Injunction, Defendants produced

---

[1] Sealing is warranted upon a showing of "compelling reasons" where, as here, the underlying motion is "more than tangentially related to the merits." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102–03 (9th Cir. 2016). Compelling reasons "justify sealing court records" when publication of those records might "release trade secrets," *Kamakana*, 447 F.3d at 1179, or other "business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Here, Plaintiffs seek to seal confidential trade secret and business information that would harm their competitive standing if disclosed. The Court finds that compelling reasons to seal exist and thus GRANTS the Motion to Seal.

new evidence: "the math files for L&W's Dragon Train game." (Mot. Leave 1:6–16).  Plaintiffs argue that the new evidence demonstrates that Defendants' acquired their trade secrets and used them to develop Dragon train. (*Id.*).

"A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." LR 7-2(g).  The Court finds good cause to grant Plaintiffs' Motion.  Plaintiffs have demonstrated diligence in their efforts to obtain these documents, and initially sought the math files in their Motion for Expedited Discovery, filed the same day as their Complaint, (ECF No. 3). (Mot. Leave 2:17–22).  When the request was denied by the Magistrate Judge, Plaintiffs again requested the math files the day discovery opened. (*Id.* 2:22–23).  The Court agrees that the supplemental material will aid the Court in resolving the Motion for Preliminary Injunction as it directly relates to Plaintiffs' claims that Defendants misappropriated their trade secrets.

As Defendants point out, however, Plaintiffs' Motion for Leave was filed after Defendants filed their Opposition to Plaintiffs' Motion for Preliminary Injunction. (*See* Opp. to Mot. Leave, ECF No. 88).  Therefore, the Court GRANTS Defendants until September 5, 2024, to file a Sur-Reply addressing only the new evidence and arguments presented in Plaintiffs' Supplement and Reply.  Because Defendants may file a Sur-Reply, their Motion to Stike Plaintiffs' Reply for improperly arguing the new evidence is DENIED.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave, (ECF No. 80), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Seal, (ECF No. 82), is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike, (ECF No. 98) is

1  **DENIED**.  Defendants shall have until September 5, 2024, to file a Sur-Reply addressing the
2  new evidence and arguments raised in Plaintiffs' Reply and Motion for Leave.

4  Dated this __30__ day of August, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court