UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ARISTOCRAT TECHNOLOGIES, INC., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 2:24-cv-00382-GMN-MDC |
| vs. | ) ) | **ORDER** |
| LIGHT & WONDER, INC., *et. al.*, | ) ) | |
| Defendants. | ) | |

On September 26, 2024, Plaintiffs Aristocrat Technologies Australia PTY LTD. and Aristocrat Technologies, Inc., (collectively, "Aristocrat"), filed an Emergency Motion to Enforce the Court's Preliminary Injunction Order, (ECF No. 131). Defendants LNW Gaming, Inc., Light & Wonder, Inc., and SCIPLAY Corporation, (collectively "L&W"), filed a Motion to Clarify the Order on Preliminary Injunction on the same day, (ECF Nos. 132, 133). L&W also filed a Motion to Seal portions of its Motion to Clarify and the attached Drane Declaration containing non-public details about its internal business operators and confidential information regarding the distribution of Dragon Train, (ECF No. 134).[1]

L&W asks the Court to clarify two aspects of its Order Granting Preliminary Injunction, (ECF No. 125). First, it asks whether it must remove or replace pre-existing installations of Dragon Train in use by customers, including the online version. (Mot. Clarify 1:23–2:13). The Court clarifies that L&W must withdraw existing Dragon Train installations, whether online or in-person, as part of the Court's Order enjoining L&W from "continued . . . leasing" and

---

[1] L&W has provided compelling reasons for certain information to be redacted from their motion. Compelling reasons can include business operations information, including product data that could harm the company if made publicly available. *See Avocent Huntsville, LLC v. ZPE Sys., Inc.*, No. 3:17-CV-04319-WHO, 2018 WL 1411100, at *2, n. 3 (N.D. Cal. Mar. 21, 2018). Disclosure of these details outweighs the public policies favoring disclosure. L&W has already filed a redacted version that narrowly tailors the information to be sealed, which serves the parties' interests while balancing the public interest in access to court records. *See Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1139 (9th Cir. 2003). L&W's Motion to Seal is therefore GRANTED.

"commercialization" of Dragon Train. (Order Granting Prelim. Inj. 20:13–24).

Second, L&W inquires into the effective date of the Order Granting Preliminary Injunction, as well as the deadline for compliance with the Court's order to remove or replace its pre-existing Dragon Train installations. (Mot. Clarify 2:14–15:9). The Order became effective upon the date it was filed on the docket and sent to the parties: September 23, 2024. The Order also states that within 30 days, L&W must file a certificate of compliance with the Order's requirements, including the removal of all existing Dragon Train installations. The certificate is therefore due by Wednesday, October 23, 2024, and L&W must attest that all Dragon Train installations are removed or replaced by that date.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Clarify Order, (ECF Nos. 132, 133), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Emergency Motion to Enforce Preliminary Injunction, (ECF No. 131), is **GRANTED in part**, consistent with this Order.

**IT IS FURTHER ORDERED** that Defendants' Motion to Seal, (ECF No. 134), is **GRANTED.**

**DATED** this __27__ day of September, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court