NICHOLAS J. SANTORO (NBN 532)
JASON D. SMITH (NBN 9691)
TYLER B. THOMAS (NBN 16637)
**SPENCER FANE**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 408-3400 / Fax: (702) 938-8648
Email:  nsantoro@spencerfane.com
        jdsmith@spencerfane.com
        tbthomas@spencerfane.com

PETER SWANSON (*pro hac vice*)
GARY RUBMAN (*pro hac vice*)
SIMEON BOTWINICK (*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel.: (202) 662-6000
Email: pswanson@cov.com
       grubman@cov.com
       sbotwinick@cov.com

ZIWEI SONG (*pro hac vice*)
**COVINGTON & BURLING LLP**
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Tel.: (415) 591-6000
Email: ksong@cov.com

*Attorneys for Plaintiffs Aristocrat Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES, INC. and ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LTD., <br><br> Plaintiffs/Counterclaim-Defendants, <br><br> vs. <br><br> LIGHT & WONDER, INC., LNW GAMING, INC., and SCIPLAY CORPORATION, <br><br> Defendants/Counterclaim-Plaintiffs. | Case No.: 2:24-cv-00382-GMN-MDC <br><br> **FIRST AMENDED STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** <br><br> **(SPECIAL SCHEDULING REVIEW REQUESTED)** |

Plaintiffs Aristocrat Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd. ("Aristocrat") and Defendants Light & Wonder, Inc., LNW Gaming, Inc., and SciPlay Corporation ("L&W"), by and through their respective undersigned counsel, hereby stipulate and agree, subject to the Court's approval, to the following first amended discovery plan and scheduling order in this matter pursuant to Fed. R. Civ. P. 26(f) and LR 26-1.

A.   **Fed. R. Civ. P. 26(f) Conference:**   On April 19, 2024, the parties held a conference to discuss issues required by Fed. R. Civ. P. 26(f) and LR 26-1. Peter Swanson and Simeon Botwinick of the law firm Covington & Burling and Jason Smith of the law firm Holley Driggs (now Spencer Fane) appeared for Aristocrat. Harold Gordon, Randall Kay, and Anna Raimer of the law firm Jones Day and Philip Erwin of the law firm Campbell & Williams appeared for L&W. The parties also had email exchanges thereafter seeking to reach agreement on the various issues addressed in the parties' discovery plan and scheduling order filed on May 3, 2024. The parties have had additional discussions in connection with the preparation of this first amended discovery plan and scheduling order.

B.   **The Parties' Discovery Plans**

The parties previously filed a stipulated discovery plan and scheduling order on May 3, 2024. ECF No. 44. On May 21, the Court denied that stipulated discovery plan and scheduling order and, on L&W's motion, stayed discovery pending resolution of L&W's then-pending motion to dismiss. ECF No. 51 at 8. On June 24, the Court resolved L&W's motion to dismiss, lifted the discovery stay, and ordered the parties to agree on a briefing schedule for Aristocrat's then-pending preliminary injunction motion. ECF No. 65 at 16–17.

Aristocrat filed an amended complaint on July 15, 2024. ECF No. 72. L&W filed a partial motion to dismiss on August 8, ECF No. 85, and an answer and counterclaims on August 12, ECF No. 87. Aristocrat filed an answer to L&W's counterclaims on September 3. ECF No. 104. The Court granted Aristocrat's motion for preliminary injunction on September 20, ECF No. 125, and L&W filed a notice of appeal on September 25, ECF No. 129.

The parties agree and propose, subject to the Court's approval, that discovery should proceed apace according to the following schedule:

| Deadline | Proposed Date |
|---|---|
| Deadline for substantial completion of document productions[1] | February 20, 2025 (approximately four (4) months before fact discovery deadline) |
| Deadline for motions to amend pleadings or add parties | March 20, 2025 (four (4) weeks after deadline to substantially complete document productions) |
| Close of fact discovery | June 30, 2025 (approximately fourteen (14) months from date of the LR 26(f) conference) |
| Deadline for disclosures concerning burden of proof experts | August 1, 2025 (approximately two (2) months before expert discovery deadline) |
| Deadline for disclosures of rebuttal experts | September 2, 2025 (approximate one (1) month before expert discovery deadline) |
| Close of expert discovery | September 30, 2025 (approximately seventeen (17) months from date of LR 26(f) conference) |
| Deadline for filing dispositive motions | October 31, 2025 (approximately one (1) month after the expert discovery deadline) |
| Deadline for filing joint pretrial order (which shall include the disclosures required pursuant to Fed. R. Civ. P. 26(a)(3), and any objections thereto)[2] | November 24, 2025 (approximately one (1) month after the deadline for filing dispositive motions) |

1. **Joint Statement Regarding Longer Discovery Period (LR 26-1(b))**: The parties request a longer discovery period than set forth in LR 26-1(b)(1) due to the likely scope and volume of discovery and certain contested discovery issues that may require discovery motion practice.

C. **Information Pursuant to Fed. R. Civ. P. 26(f)**

1. **Initial Disclosures:** The parties previously exchanged initial disclosures on May 3, 2024. L&W served first supplemental disclosures on July 26.

2. **Subjects of Discovery:** The parties agree that discovery should extend to the full extent allowed by the Federal Rules of Civil Procedure and that discovery should not be limited

---

[1] The parties agree to work diligently to collect and produce documents on a rolling basis before this deadline (*i.e.*, they will not delay production until the deadline).

[2] If dispositive motions are filed, the deadline for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motions or until further order of the Court.

to any particular issue (without prejudice to a party's right to object to discovery or seek a protective order).

3. **Phasing and Timing of Discovery:** The parties agree that expert discovery should close after the close of fact discovery.

4. **Issues Regarding Disclosure of Electronically Stored Information:** The parties do not anticipate any unique issues concerning discovery of electronically stored information.

5. **Issues About Claims of Privilege/Protection of Trial Preparation Materials**: The parties agree that they are not required to identify on a privilege log any privileged documents that (a) were created on or after December 23, 2023, the filing of the application in *Aristocrat Techs. Australia Pty Ltd. v. Light & Wonder, Inc. et al.* (2023) No. NSD1576 (Fed. Ct. Austl.) (the "Australian Proceeding"), or (b) consist of work product of or communications involving counsel of record in this action or the Australian Proceeding. The parties will negotiate a mutually agreeable time for the exchange of privilege logs.

6. **Changes Made in Limitations on Discovery**: The parties have discussed and agreed on the following modifications to limitations on discovery.

    i. **Fact Depositions**:

        1. The parties agree that the number of depositions allowed pursuant to this discovery plan and scheduling order includes third-party depositions but not experts, provided that a deposition pursuant to Rule 30(b)(6) counts as a single deposition regardless of the number of witnesses designated to provide testimony. However, if any designated Rule 30(b)(6) witnesses are also deposed in their personal capacity under Rule 30(b)(1), then each of the personal depositions will count separately against the deposition limit. The parties may take additional depositions by stipulation or with leave of Court.

        2. <u>Aristocrat's Position</u>

Aristocrat proposes that each side be allowed to take up to eighteen (18) fact depositions without consent of the parties or leave of Court. This is a

complex case with (a) five claims, which allege trade secret misappropriation, copyright infringement, trade dress infringement, and deceptive trade practices relating to L&W's company-wide efforts to copy Aristocrat's highly successful Dragon Link game, (b) three counterclaims asserted by L&W, (c) multiple L&W games, from different game studios, that have copied, incorporated, or used Aristocrat's intellectual property, and (d) numerous current and former L&W employees, including game designers, executives, and managers, who appear to have been involved in the development and commercialization of the games at issue.

Even L&W appears to agree that the default ten-deposition limit set by Rule 30 will not be sufficient. For example, there are eleven L&W witnesses in L&W's initial disclosures alone, nine of whom submitted declarations in opposition to Aristocrat's preliminary injunction motion. Aristocrat's initial disclosures identify an additional L&W witness (Siabhon Lane). ECF No. 106-4. Aristocrat also intends to take a Rule 30(b)(6) deposition of L&W, as well as multiple depositions of other witnesses who were not included in the parties' initial disclosures but have been identified through discovery—including, for example, L&W's CEO Matt Wilson, L&W personnel who worked on the Jewel of the Dragon game, and L&W personnel who received Aristocrat's trade secrets and confidential information.[3]

Aristocrat expects that further discovery, as well as the accountings that L&W is required to provide pursuant to the Court's preliminary injunction

---

[3] Discovery has already revealed that the dissemination of Aristocrat's trade secrets within L&W extended beyond Star Studio (e.g., as seen in emails between Emma Charles and Hong Wei).

order, ECF No. 125 at 20–21, will reveal the need for additional depositions.[4] Under these circumstances, Aristocrat respectfully submits that at least eighteen (18) depositions per side will be necessary to ensure that the parties can fully and fairly develop their claims and defenses.

3. L&W's Position

LNW contends that the default number of depositions under the Federal Rules is sufficient at this juncture. First, Aristocrat's allegations put at issue the conduct of a few individuals of an game development studio (Star Studio) in Australia; not the broader LNW entity and its employees. Thus, few individuals are truly material to the dispute. Second, in the event Aristocrat determines during the discovery process that certain individuals need to be deposed beyond the 10 allotted slots, Aristocrat can raise the issue at that time with specifics, rather than generalizations.

Aristocrat's justification for nearly double the default number of depositions—18—is unavailing. First, Aristocrat argues that it must have enough depositions to depose *all* 11 individuals LNW identified in its initial disclosures, in addition to every individual who has submitted a declaration in the case and unidentified employees. But parties rarely depose every such person, particularly since initial disclosures are intended to be over-inclusive. And justifying an expansive number of depositions on that basis would only punish LNW for being forthright.

---

[4] Despite the Court's order enjoining the "commercialization of Dragon Train," as well as any "game development efforts that would involve the use or disclosure of Plaintiffs' Trade Secrets," ECF No. 125 at 20, L&W announced on October 3 that it is "working actively" to develop a new version of Dragon Train, which L&W refers to as "Dragon Train 2.0." *See* https://d18rn0p25nwr6d.cloudfront.net/CIK-0000750004/8e60ac80-6bb9-4dfa-9300-bae0981bda1f.pdf. L&W has agreed to provide discovery on its continued development of

LNW attempted to resolve the dispute by offering Aristocrat 15 depositions, which LNW believes is still an excessive number of depositions. Aristocrat declined to compromise on the number of depositions it seeks.

4. The duration of depositions will be governed by the Federal Rules of Civil Procedure, in particular Rule 30(d)(1), except for any Rule 30(b)(6) depositions of a party. Aristocrat's position is that the parties should agree to meet and confer in good faith regarding the duration of Rule 30(b)(6) depositions of a party. L&W's position is that the duration of the Rule 30(b)(6) depositions should be as set forth in the Federal Rules of Civil Procedure.

5. The parties will attempt to schedule the Rule 30(b)(6) testimony sessions at the convenience of the witnesses. The parties agree to provide reasonable notice to each other in advance of a Rule 30(b)(6) deposition of both the deponent(s) and the topics that the deponent will address.

6. The parties agree that, as to the deponent designated by the responding party, if the noticing party desires an individual deposition of that deponent, both the individual deposition and the 30(b)(6) deposition will be taken in a single continuous deposition, absent good cause for holding depositions separately.

7. The parties agree to negotiate in good faith to identify a mutually agreeable location for depositions.

**ii.** **Requests for Admission**: Each side will be limited to fifty (50) requests for admission, exclusive of requests to establish the admissibility of documents. As part of their pre-trial conference, however, the parties agree to work in good faith toward a

---

Dragon Train 2.0, though it has yet to do so. Aristocrat expects that there will be additional depositions related to this issue.

1  suitable stipulation regarding the authenticity and admissibility of intended trial exhibits.
2  No other modifications to the default discovery limitations are needed at this time.

3        **iii.**     **Electronic Copies and Service:** Pursuant to Rule 5(b)(2)(E), the parties
4  consent to service by electronic means and service shall be "complete upon transmission,
5  but is not effective if the serving party learns that it did not reach the person to be
6  served." Service of all documents filed with the Court shall be made through the Court's
7  ECF system.

8  Electronic service on Aristocrat will be made to at least the following:
9      nsantoro@spencerfane.com
10     jdsmith@spencerfane.com
11     mvallette@spencerfane.com
12     pswanson@cov.com
13     grubman@cov.com
14     sbotwinick@cov.com
15     ksong@cov.com
16     Aristocrat-LW-Cov@cov.com

17 Electronic service on L&W will be made to at least the following:
18     pre@cwlawlv.com
19     hkgordon@jonesday.com
20     rekay@jonesday.com
21     aeraimer@jonesday.com
22     lnw382@jonesday.com
23     nmanne@SusmanGodfrey.com
24     jgrinstein@susmangodfrey.com
25     rmagni@susmangodfrey.com

26     **D.**     **Other Orders:** The parties previously submitted a stipulated protective order to
27 govern the exchange of confidential documents and information, ECF No. 47, which the Court

entered, ECF No. 50.

**E.    Settlement:**  In accordance with Fed. R. Civ. P. 26(f) and LR 26-1(b)(7), the parties have discussed the possibility of using alternative dispute-resolution processes including mediation and arbitration but have not reached any agreement at this time.

**F.    Alternative Forms of Case Disposition:**  The parties have considered consenting to trial by magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, as well as the Short Trial Program. The parties decline to engage in those programs. LR 26-1(b)(8).

**G.    Electronic Evidence:**  The parties anticipate presenting evidence in electronic form to jurors for jury deliberation purposes. The parties anticipate reaching stipulations regarding disclosure of electronically stored information in a format that is compatible with the Court's electronic display system. LR 26-1(b)(9).

**H.    Later Appearing Parties:**  A copy of this discovery plan and scheduling order shall be served upon any person served after it is entered or, if additional defendants should appear, within five (5) days of their first appearance. This discovery plan and scheduling order shall apply to such later appearing parties, unless the parties stipulate otherwise with the Court's approval or the Court otherwise orders.

**I.    Additional Information:**  None.

**J.    Court Conference:**  The parties do not request a conference with the Court before the entry of this discovery plan and scheduling order.

| | |
|---|---|
| Dated: October 17, 2024 | Dated: October 17, 2024 |
| */s/ Peter Swanson* | */s/ Neal S. Manne* |
| NICHOLAS J. SANTORO (NBN 532) | PHILIP R. ERWIN, ESQ. (11563) |
| JASON D. SMITH (NBN 9691) | **CAMPBELL & WILLIAMS** |
| TYLER B. THOMAS (NBN 16637) | 710 South Seventh Street, Suite A |
| **SPENCER FANE** | Las Vegas, Nevada 89101 |
| 300 South Fourth Street, Suite 1600 | Tel: (702) 382-5222 / Fax: (702) 382-0540 |
| Las Vegas, Nevada 89101 | Email: pre@cwlawlv.com |
| Tel.: (702) 408-3400 / Fax: (702) 938-8648 | |
| Email:   nsantoro@spencerfane.com | NEAL S. MANNE (*pro hac vice*) |
|          jdsmith@spencerfane.com | JOSEPH S. GRINSTEIN (*pro hac vice*) |
|          tbthomas@spencerfane.com | ROCCO MAGNI (*pro hac vice*) |
| | **SUSMAN GODFREY L.L.P** |
| PETER SWANSON (*pro hac vice*) | 1000 Louisiana Street, Suite 5100 |
| GARY RUBMAN (*pro hac vice*) | Houston, Texas 77002-5096 |
| SIMEON BOTWINICK (*pro hac vice*) | Telephone: (713) 651-9366 |
| **COVINGTON & BURLING LLP** | Fax: (713) 654-6666 |
| One CityCenter | nmanne@susmangodfrey.com |
| 850 Tenth Street, NW | jgrinstein@susmangodfrey.com |
| Washington, DC 20001 | rmagni@susmangodfrey.com |
| Tel.: (202) 662-6000 | |
| Email: pswanson@cov.com | HAROLD K. GORDON, ESQ. (*pro hac vice*) |
|        grubman@cov.com | **JONES DAY** |
|        sbotwinick@cov.com | 250 Vesey Street |
| | New York, New York 10281 |
| ZIWEI SONG (*pro hac vice*) | Tel: (212) 326-3939 / F: (212) 755-7306 |
| **COVINGTON & BURLING LLP** | Email: hkgordon@jonesday.com |
| Salesforce Tower | |
| 415 Mission Street, Suite 5400 | RANDALL E. KAY, ESQ. (*pro hac vice*) |
| San Francisco, CA 94105-2533 | **JONES DAY** |
| Tel.: (415) 591-6000 | 4655 Executive Drive, Suite 1500 |
| Email: ksong@cov.com | San Diego, California 92121 |
| | Tel: (858) 314-1139 / F: (844) 345-3178 |
| *Attorneys for Plaintiffs* | Email: rekay@jonesday.com |
| | |
| | ANNA E. RAIMER, ESQ. (*pro hac vice*) |
| | **JONES DAY** |
| | 717 Texas Street, Suite 3300 |
| | Houston, Texas 77002 |
| | Tel: (832) 239-3786 / F: (832) 239-3600 |
| | Email: aeraimer@jonesday.com |
| | |
| | *Attorneys for Defendants* |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

Dated:_____

**CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2024, I caused a true and correct copy of the foregoing to be served via the United States District Court CM/ECF system on all parties or persons requiring notice.

/s/ *Peter Swanson*