**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Aristocrat Technologies, Inc., and Aristocrat Technologies Australia Party Ltd., <br><br> Plaintiff(s), <br><br> vs. <br><br> Light & Wonder, Inc.; LNW Gaming, Inc.; and Sciplay Corporation, <br><br> Defendant(s). | 2:24-cv-00382-GMN-MDC <br><br> **ORDER GRANTING THE PARTIES' FIRST AMENDED STIPLATED PLAN AND SCHEDULING ORDER** |

The Court GRANTS the parties' proposed First Amended Stipulated Plan and Scheduling Order (ECF No. 149) and adopts the below deadlines and protocols agreed by the parties. The parties have shown good cause to justify a discovery period longer that the 180-day default period under LR 26-1(b)(1). This is a complex trade secret matter that will necessitate voluminous document discovery and depositions (lay and expert).

**I.   SCHEDULE**

| Event | Deadline |
|---|---|
| Deadline for substantial completion of document productions | **February 20, 2025** |
| Deadline for motions to amend pleadings or add parties | **March 20, 2025** |
| Close of FACT DISCOVERY | **June 30, 2025** |
| Deadline for disclosures concerning burden of proof experts | **August 1, 2025** |
| Deadline for disclosures of rebuttal experts | **September 2, 2025** |
| Close of EXPERT DISCOVERY | **September 30, 2025** |
| Dispositive Motions | **October 31, 2025** |
| Joint Pre-Trial Order. <br> If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended | **November 24, 2025** |

1

| |
|---|
| until 30 days after decision on the dispositive motions or further court order. |

## II. FED. R. CIV. P. 26(A)(3) DISCLOSURES

The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

## III. CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS

The parties agreed that they are not required to identify on a privilege log any privileged documents that (a) were created on or after December 23, 2023, the filing of the application in Aristocrat Techs. Australia Pty Ltd. v. Light & Wonder, Inc. et al. (2023) No. NSD1576 (Fed. Ct. Austl.) (the "Australian Proceeding"), or (b) consist of work product of or communications involving counsel of record in this action or the Australian Proceeding. The parties will negotiate a mutually agreeable time for the exchange of privilege logs.

## IV. DEPOSITIONS

### A. Number of Fact Depositions

Each side is allowed to take up to **fifteen (15)** depositions, including third-party depositions but not including experts. A deposition pursuant to Rule 30(b)(6) counts as a single deposition regardless of the number of witnesses designated to provide testimony. However, if any designated Rule 30(b)(6) witnesses are also deposed in their personal capacity under Rule 30(b)(1), then each of the personal depositions will count separately against the deposition limit. The parties may take additional depositions by stipulation or with leave of Court.

### B. Duration of Depositions

The duration of depositions will be governed by Fed. Civ. P. 30(d)(1).

### C. Rule 30(b)(6) Depositions

The parties shall meet and confer in good faith to schedule the date and location of Rule 30(b)(6) depositions. The parties shall provide reasonable notice to each other in advance of a Rule 30(b)(6) deposition of both the deponent(s) and the topics that the deponent will address. As to the Rule 30(b)(6)

deponent designated by the responding party, if the noticing party desires an individual deposition of that deponent, both the individual deposition and the 30(b)(6) deposition will be taken in a single continuous deposition, absent good cause for holding depositions separately.

**V.     REQUESTS FOR ADMISSION**

Each side will be limited to **fifty (50)** requests for admission, exclusive of requests to establish the admissibility of documents. Prior to submitting the Joint Pretrial Order, the parties shall meet and confer in good faith to discuss a stipulation regarding the authenticity and admissibility of intended trial exhibits.

**VI.    REQUESTS FOR DOCUMENTS, TANGIBLE THINGS, OR INSPECTIONS**

The parties shall comply with Fed. R. Civ. P. 34.

**VII.   ELECTRONIC COPIES AND SERVICE**

Pursuant to Rule 5(b)(2)(E), the parties' consent to service by electronic means and service shall be "complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served." Service of all documents filed with the Court shall be made through the Court's ECF system.

Electronic service on Aristocrat will be made to at least the following:

nsantoro@spencerfane.com

jdsmith@spencerfane.com

mvallette@spencerfane.com

pswanson@cov.com

grubman@cov.com

sbotwinick@cov.com

ksong@cov.com

Aristocrat-LW-Cov@cov.com

Electronic service on L&W will be made to at least the following:

pre@cwlawlv.com

        hkgordon@jonesday.com

        rekay@jonesday.com

        aeraimer@jonesday.com

        lnw382@jonesday.com

        nmanne@SusmanGodfrey.com

        jgrinstein@susmangodfrey.com

        rmagni@susmangodfrey.com

**VIII.   FUTURE EXTENSIONS**

A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must comply with LR IA 6-1, LR 26-3, be supported by a showing of good cause for the extension.

A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:

    (a) A statement specifying the discovery completed;
    (b) A specific description of the discovery that remains to be completed;
    (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and
    (d) A proposed schedule for completing all remaining discovery

**IX.   DISCOVERY DISPUTES**

Should any discovery disputes arise, the parties shall comply with the Court's Standing Order (ECF No. 97).

Dated:  October 21, 2024

                                                        _____
                                                        Maximiliano D. Couvillier III
                                                       United States Magistrate Judge