# DECLARATION OF JAMES VAUGHN

## (FILED UNDER SEAL)

PHILIP R. ERWIN, ESQ. (11563)
pre@cwlawlv.com
CAMPBELL & WILLIAMS
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

NEAL MANNE *(Pro Hac Vice)*
nmanne@susmangodfrey.com
ROCCO MAGNI *(Pro Hac Vice)*
rmagni@susmangodfrey.com
JOSEPH GRINSTEIN *(Pro Hac Vice)*
jgrinstein@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

ERIK WILSON *(Pro Hac Vice)*
ewilson@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

ANDREW NASSAR *(Pro Hac Vice)*
anassar@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, New York 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

*Attorneys for Defendants Light & Wonder, Inc.,*
*LNW Gaming, Inc., and SciPlay Corporation*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES, INC. and ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LTD., <br><br> Plaintiffs, <br> v. <br><br> LIGHT & WONDER, INC., LNW GAMING, INC., and SCIPLAY CORPORATION, <br><br> Defendants. | Case No. 2:24-cv-00382-JCM-MDC <br><br> **DECLARATION OF JAMES VAUGHN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE PRELIMINARY INJUNCTION** |

Pursuant to 28 U.S.C. § 1746, I, James Vaughn, declare as follows:

1. I am Managing Director of iDiscovery Solutions ("iDS"), a professional services consulting firm that specializes in digital forensics, e-discovery, structured data, cybersecurity, data privacy, and information governance. I make this declaration in support of Defendants' Opposition to Plaintiffs' Motion to Enforce the Preliminary Injunction in

this case. I am over eighteen years old, have personal knowledge of the matters set forth below and, if called and sworn as a witness, I could and would competently testify to the following facts.

2.  On November 6, 2024, I submitted a Declaration in Support of Defendants' Supplemental Certification of Compliance with the Preliminary Injunction Order ("Certification Declaration"). *See* ECF No. 155-3. Additional information on my qualifications are provided in my curriculum vitae, which was attached as Exhibit A to my Certification Declaration. *See* ECF No. 155-4.

3.  I have read and am familiar with the Court's Order Granting Preliminary Injunction entered in this matter, as well as the Court's clarification order entered on September 27, 2024.

4.  My Certification Declaration discusses L&W and iDS efforts to comply with the Court's Preliminary Injunction. I make this declaration to provide additional facts relevant to Plaintiffs' Motion to Enforce the Preliminary Injunction.

5.  L&W and iDS developed a comprehensive methodology to identify and segregate files to comply with the Preliminary Injunction. Searching the contents of files was an impractical way to comply because doing so was not feasible within the time period set forth in the Preliminary Injunction. Searching the contents of files across L&W's global network of servers would take months to complete and would require indexing company files and disabling L&W servers for prolonged periods of time. As a result, L&W and iDS determined that it was not practical to conduct content-based searches.

6.  Instead, L&W and iDS deployed multiple search terms devised by collaboration between iDS, L&W, and attorneys at Jones Day to identify relevant files and folders to comply with the Preliminary Injunction. Our teams built custom scripts around the search terms to

identify documents and folders containing those terms in the title. The server repositories that L&W searched are identified in my Certification Declaration. *See* ECF No. 155-3 at 2–4.

7.  In addition to these server-wide scripts, L&W and iDS relied on tools called Tanium and Jamf to deploy these search terms across the devices and workstations of employees identified in supplemental investigations.

8.  If a file hit on a search term, then the file was collected. If a folder hit on a search term, then all of the files in that folder were collected, regardless of whether the file itself hit on a search term.

9.  L&W also retained an Australian based digital forensics firm (Law in Order) to forensically image Star Studio devices, regardless of whether the items on these devices hit on any search terms.

10. In total, these searches and accompanying investigations collected in excess of 35–40 terabytes of data.

REDACTED

3

14. As I stated in my Certification Declaration, in my professional opinion and based on my knowledge, training, and experience, this process constitutes a comprehensive, reasonable effort to comply with the Preliminary Injunction Order's requirements to identify and isolate potentially responsive materials so that they cannot be used or disclosed in any way, and to provide Plaintiffs with an accounting of the identified materials.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 12, 2024, in Orange County, California.


James Vaughn