1  PHILIP R. ERWIN, ESQ. (11563)
   pre@cwlawlv.com
2  CAMPBELL & WILLIAMS
   710 South Seventh Street, Suite A
3  Las Vegas, Nevada 89101
   Telephone: (702) 382-5222
4  Facsimile: (702) 382-0540

5  NEAL MANNE (pro hac vice)
   nmanne@susmangodfrey.com
6  JOSEPH GRINSTEIN (pro hac vice)
   jgrinstein@susmangodfrey.com
7  ROCCO MAGNI (pro hac vice)
   rmagni@susmangodfrey.com
8  SUSMAN GODFREY L.L.P.
   1000 Louisiana, Suite 5100
9  Houston, Texas 77002
   Telephone: (713) 651-9366
10 Facsimile: (713) 654-6666

ERIK WILSON (pro hac vice)
ewilson@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

DINIS CHEIAN (pro hac vice)
dcheian@susmangodfrey.com
ANDREW NASSAR (pro hac vice)
anassar@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, New York 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

11 *Attorneys for Defendants Light & Wonder, Inc.,*
   *LNW Gaming, Inc., and SciPlay Corporation*

12

13                    **UNITED STATES DISTRICT COURT**
                           **DISTRICT OF NEVADA**
14

15 ARISTOCRAT TECHNOLOGIES, INC. and
   ARISTOCRAT TECHNOLOGIES AUSTRALIA
16 PTY LTD.,                                    Case No.: 24-cv-00382-GMN-MDC

17              Plaintiffs,                      **DEFENDANTS' ANSWER TO SECOND**
                                                **AMENDED COMPLAINT AND**
18        vs.                                   **COUNTERCLAIMS**

19 LIGHT & WONDER, INC., LNW GAMING, INC.,      **DEMAND FOR JURY TRIAL**
20 and SCIPLAY CORPORATION,

21              Defendants.

22 LIGHT & WONDER, INC., LNW GAMING, INC.,
   and SCIPLAY CORPORATION,
23
                Counterclaim Plaintiffs,
24
          vs.
25
26 ARISTOCRAT TECHNOLOGIES, INC. and
   ARISTOCRAT TECHNOLOGIES
27 AUSTRALIA PTY LTD.,

28              Counterclaim Defendants.

**DEFENDANTS' ANSWER**

Defendants Light & Wonder, Inc., LNW Gaming, Inc. and SciPlay Corporation (collectively, "L&W" or "Defendants") hereby file this Answer and Counterclaims to the Second Amended Complaint filed by Plaintiffs Aristocrat Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd. (collectively, "Plaintiffs" or "Aristocrat"). Except as specifically admitted herein, Defendants deny all allegations and averments contained in Plaintiffs' Second Amended Complaint and otherwise respond as follows:

**INTRODUCTION**

1.      L&W denies the allegations in Paragraph 1 of the Second Amended Complaint.

2.      L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 2.

3.      L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 3.

4.      L&W denies Aristocrat owns trade secrets asserted in this case and L&W denies that the alleged continued success of Dragon Link and Lightning Link "many years after their initial release demonstrates that the math is unique, difficult (if not impossible) for others to replicate, and highly valuable." L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Second Amended Complaint, and therefore denies the remaining allegations in Paragraph 4.

5.      L&W admits that the U.S. Copyright Office issued certain copyright registrations attached to the Second Amended Complaint, which speak for themselves. Except as so admitted, L&W denies the allegations in Paragraph 5 of the Second Amended Complaint.

6.      L&W denies the allegations in Paragraph 6 of the Second Amended Complaint.

7.      L&W admits that it changed the name of one of its games from "Dragon Unleashed" to "Dragon Unleashed Link" in Australia in 2022 to describe the game's placement on a linked progressive platform. Except as so admitted, L&W denies all remaining allegations and inferences

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

in Paragraph 7 of the Second Amended Complaint.

8.     L&W denies the allegations in Paragraph 8 of the Second Amended Complaint.

9.     L&W denies the allegations in Paragraph 9 of the Second Amended Complaint.

10.     L&W admits that Ms. Charles had prior experience with and exposure to Dragon Link and Lightning Link game math. L&W admits that Emma Charles is a former Aristocrat game designer who worked on various Aristocrat games while employed by Aristocrat. L&W admits that Emma Charles used certain knowledge about how Dragon Link and Lightning Link work in her individual work on Dragon Train. Except as expressly admitted, L&W denies the remaining allegations and inferences in Paragraph 10 of the Second Amended Complaint.

11.     L&W admits that Dragon Train has enjoyed considerable success in Australia. L&W admits that it is developing or has developed new games to replace Dragon Train. Except as expressly admitted, L&W denies the remaining allegations in Paragraph 11 of the Second Amended Complaint.

12.     L&W admits that certain math information Aristocrat alleges is confidential has been shared with and/or used by certain L&W employees involved in the development of Jewel of the Dragon and one unreleased game. With respect to Double Dragon, L&W denies that Double Dragon uses any math information Aristocrat claims is confidential. With respect to the unreleased game, L&W's internal review process identified an early version of this game's math model potentially presented issues relating to Aristocrat. These issues had been removed from later versions, but L&W took a conservative approach and promptly acted to stop further development of the game. Except as expressly admitted, L&W denies the remaining allegations in Paragraph 12 of the Second Amended Complaint.

13.     L&W denies the allegations in Paragraph 13 of the Second Amended Complaint.

## JURISDICTION AND VENUE

14.     L&W admits that this Court has original jurisdiction over Aristocrat's claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, 18 U.S.C. § 1836, and 28 U.S.C. §§ 1331 and 1338, if such claims were properly alleged or meritorious, which L&W denies.  L&W admits that this

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

1    Court has supplemental jurisdiction over Aristocrat's state law claims under 28 U.S.C. § 1367(a),

2    if such claims were properly alleged or meritorious, which L&W denies.  However, if Aristocrat's

3    federal claims fail to survive, L&W denies that this Court would have supplemental jurisdiction

4    over Aristocrat's state law claims under 28 U.S.C. § 1367(a).

5        15.    L&W admits that it conducts business in, has a principal place of business in, is

6    incorporated in, and resides in, the District of Nevada.  L&W admits that, for the purposes of this

7    action only, this Court has personal jurisdiction over L&W, if the claims in the Second Amended

8    Complaint were properly alleged, which L&W denies.  Except as expressly admitted, L&W denies

9    the allegations in Paragraph 15.

10       16.    L&W admits that venue is proper under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C.

11   § 1400(a).  To the extent there are remaining allegations in Paragraph 16 of the Second Amended

12   Complaint, L&W denies them.

13                              **THE PARTIES**

14       17.    L&W lacks knowledge or information sufficient to form a belief about the truth of

15   the allegations in Paragraph 17 of the Second Amended Complaint, and therefore denies the

16   allegations in Paragraph 17.

17       18.    L&W lacks knowledge or information sufficient to form a belief about the truth of

18   the allegations in Paragraph 18 of the Second Amended Complaint, and therefore denies the

19   allegations in Paragraph 18 of the Second Amended.

20       19.    L&W admits the allegations in Paragraph 19 of the Second Amended Complaint.

21       20.    L&W admits the allegations in Paragraph 20 of the Second Amended Complaint.

22       21.    L&W admits the allegations in Paragraph 21 of the Second Amended Complaint.

23       22.    L&W admits the allegations in Paragraph 22 of the Second Amended Complaint.

24                                **FACTS**

25       23.    L&W lacks knowledge or information sufficient to form a belief about the truth of

26   the allegations in Paragraph 23 of the Second Amended Complaint, and therefore denies the

27   allegations in Paragraph 23.

28

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

- 4 -

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

24.    L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 24.

25.    L&W admits that hold and spin features are pervasive in the electronic gaming machine ("EGM") industry. Except as so admitted, L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 25.

26.    L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 26.

27.    L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 27.

28.    L&W denies the allegations in Paragraph 28 of the Second Amended Complaint.

29.    L&W denies the Dragon Link "design features" are distinctive.    L&W lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 29 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 29.

30.    L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Second Amended Complaint and the accompanying footnote, and therefore denies the allegations in Paragraph 30 and the accompanying footnote.

31.    L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 31.

32.    L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 32.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

33.    L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 33.

34.    L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 34.

35.    L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 35.

36.    L&W denies the allegations in Paragraph 36 of the Second Amended Complaint.

37.    L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 37.

38.    The allegations in Paragraph 36 fail to identify any specific alleged trade secrets allegedly owned by Aristocrat, and L&W denies that trade secret protection exists for various game mechanics of the Dragon Link series, including at least the timing, frequency, and amount of payouts.  To the extent there are remaining allegations in Paragraph 38 of the Second Amended Complaint, L&W denies them.

39.    The allegations in Paragraph 39 fail to identify any specific alleged trade secrets allegedly owned by Aristocrat, and L&W denies that trade secret protection exists for various aspects of game math and functionality of Dragon Link included in Paragraph 39.  L&W lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 39 of the Second Amended Complaint, and therefore L&W denies the remaining allegations in Paragraph 39.

40.    L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 40.

41.     L&W lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 41.

42.     L&W denies that various information about game math and functionality is not generally known to the public or in the industry. L&W also denies the allegation that the underlying game math and functionality of Lightning Link and Dragon Link cannot be ascertained through proper means, such as reverse engineering, and L&W denies that "competitors do not know, and cannot emulate through proper means, the underlying math and functionality of the games." L&W further denies that L&W's games "utilized similar features" to Dragon Link or Lightning Link as that term is not defined, and the audiovisual aspects and other features of the games are not substantially similar. L&W lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 42 of the Second Amended Complaint, and therefore denies the remaining allegations in Paragraph 42.

43.     The allegations in Paragraph 43 fail to identify any specific alleged trade secrets allegedly owned by Aristocrat, and L&W denies that trade secret protection exists for the unidentified underlying game math and functionality of Dragon Link or Lightning Link. L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43 of the Second Amended Complaint, and therefore denies the remaining allegations in Paragraph 43.

44.     L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 44.

45.     L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 45.

46.     L&W admits that the U.S. Copyright Office issued purported registrations attached in Exhibit A to Aristocrat's Second Amended Complaint. L&W lacks knowledge or information

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 of the Second Amended Complaint, and therefore denies the remaining allegations in Paragraph 46.

47.    L&W denies the allegations in Paragraph 47 of the Second Amended Complaint. L&W also denies the allegations in footnote 2 of Paragraph 47 of the Second Amended Complaint. L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 3 accompanying Paragraph 47 of the Second Amended Complaint, and therefore denies the allegations in the footnote.

48.    L&W denies that the "Dragon Link Trade Dress," as defined in the Second Amended Complaint, constitutes a protectable trade dress.  L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 48.

49.    L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Aristocrat's competitors use a wide variety of alternative design elements for their competing games.  L&W denies the remaining allegations in Paragraph 49 of the Second Amended Complaint.

50.    L&W denies the allegations in Paragraph 50 of the Second Amended Complaint.

51.    L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Second Amended Complaint regarding whether "Aristocrat has heavily invested in the marketing of Dragon Link."  L&W denies  the remaining allegations in Paragraph 51 of the Second Amended Complaint.

52.    L&W denies that "Aristocrat's advertising for Dragon Link prominently features the Dragon Link Trade Dress elements" together.  L&W lacks knowledge or information  sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 52.

53.    L&W denies the allegations in Paragraph 53 of the Second Amended Complaint.

54.    Paragraph 54 purports to quote from an Aristocrat website, which speaks for itself, and to which no response is required.  To the extent a response is required, L&W denies the

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

allegations in Paragraph 54 of the Second Amended Complaint.

55.     L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 55.

56.     Paragraph 56 purports to quote from a document, which speaks for itself, and to which no response is required.  L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 of the Second Amended Complaint, and therefore denies the remaining allegations in Paragraph 56.

57.     L&W denies that any publicity, including the articles quotes in Paragraph 57, "explicitly highlights" the Dragon Link Trade Dress as defined in the Second Amended Complaint. The purported quotes in Paragraph 57 are from documents, which speaks for themselves, and to which no response is required.  L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57 of the Second Amended Complaint, and therefore denies the remaining allegations in Paragraph 57.

58.     Paragraph 56 purports to quote from publications, which speak for themselves, and to which no response is required.  L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 58 of the Second Amended Complaint, and therefore denies the remaining allegations in Paragraph 58.

59.     L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 59.

60.     L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 60.

61.     L&W denies that consumers recognize the Dragon Link Trade Dress as defined in the Second Amended Complaint.  Paragraph 61 of the Second Amended Complaint purports to quote from a video caption, which speaks for itself, and to which no response is required; however,

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

L&W denies the quote supports any consumer recognition of the purported Dragon Link Trade Dress.  L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61 of the Second Amended Complaint, and therefore denies the remaining allegations in Paragraph 61.

62.    Paragraph 62 of the Second Amended Complaint purports to quote from a video, which speaks for itself, and to which no response is required.  L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 of the Second Amended Complaint, and therefore denies the remaining allegations in Paragraph 62.

63.    Paragraph 63 of the Second Amended Complaint purports to quote from a document, which speaks for itself, and to which no response is required.  L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63of the Second Amended Complaint, and therefore denies the remaining allegations in Paragraph 63.

64.    L&W denies the allegations in Paragraph 64 of the Second Amended Complaint.

65.    L&W admits that L&W and Aristocrat are competitors in the EGM industry.  Except as so admitted, L&W denies all remaining allegations or inferences in Paragraph 65 of the Second Amended Complaint.

66.    Paragraph 66 of the Second Amended Complaint purports to paraphrase and quote from L&W's Annual Financial Report, which speaks for itself, and to which no response is required.  To the extent a response is required, L&W denies any allegations or inferences inconsistent with the purported document as written.

67.    Paragraph 67 of the Second Amended Complaint purports to quote from a document, which speaks for itself, and to which no response is required.  L&W admits that the individuals listed in Paragraph 67 joined L&W since 2020 and currently hold the respective titles as alleged in Paragraph 67, except L&W denies that Nathaniel Drane hold the job title at L&W as alleged in Paragraph 67.  Mr. Drane's title is Executive Vice President and Chief Product Officer of L&W.  L&W lacks knowledge or information sufficient to form a belief as to the titles of

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

Aristocrat's former employees while at Aristocrat as alleged in Paragraph 67, and therefore denies these allegations on that basis. Except as so admitted, L&W denies the remaining allegations and inferences in Paragraph 67 of the Second Amended Complaint.

68.   L&W admits that Rich Schneider joined L&W as Executive Vice President and Chief Product Officer in July 2021 and oversees L&W's land-based gaming product strategy. L&W denies that Mr. Schneider joined L&W "directly" from his role at Aristocrat. Paragraph 68 purports to quote from Mr. Schneider's biography, which speaks for itself, and to which no response is required; however, L&W denies that Aristocrat properly quotes from the biography, which does not state that Mr. Schneider "was hired because of his 'product expertise.'" L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 of the Second Amended Complaint, and therefore denies the remaining allegations in Paragraph 68.

69.   L&W admits that Ms. Charles is a former Aristocrat employee who worked at L&W until her employment was terminated in October 2024. L&W admits that that Ms. Charles had access to, and was knowledgeable about, information relating to Lightning Link and Dragon Link and had firsthand knowledge of Lightning Link and Dragon's Link features but does not endorse the characterization regarding those features. Except as so admitted, L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Second Amended Complaint and accompanying footnote, and therefore denies the allegations in Paragraph 69 and the footnote.

70.   L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 70.

71.   L&W admits that Mr. Sefton, a former Aristocrat employee, was an employee at a subsidiary of Light & Wonder, Inc. until November 20, 2024. Except as so admitted, L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 71.

72.     L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 72.

73.     L&W admits that it added the word "Link" to the end of its "Dragon Unleashed" game in the Australian market in 2022 to reflect the game's placement on a linked progressive platform.  L&W admits that Aristocrat contacted L&W regarding this game title, and L&W denied any confusing similarity or infringement.  Except as so admitted, L&W denies the allegations in Paragraph 73 of the Second Amended Complaint.

74.     L&W denies the allegations in Paragraph 74 of the Second Amended Complaint.

75.     L&W admits that Ms. Charles and Mr. Schneider joined L&W as employees around June 2021. L&W admits it began developing a new version of game called Jewel of the Dragon around that time. L&W admits that Studio Heads UP, which is based in Las Vegas and led by Christopher Guerrero, was responsible for developing Jewel of the Dragon. L&W admits that it launched Jewel of the Dragon in 2022, and that L&W previously had a slot machine game called Jewel of the Dragon.  Except as so admitted, L&W denies the allegations and inferences in Paragraph 75 of the Second Amended Complaint.

76.     L&W admits the allegations in Paragraph 76 of the Second Amended Complaint.

77.     L&W admits that Jewel of the Dragon is a linked progressive game series with four different game themes (A Thousand Warriors, Valley of the Tiger, Red Phoenix, and Prosperity Tortoise).  Except as so admitted, L&W denies the allegations in Paragraph 77 of the Second Amended Complaint.

78.     L&W denies the allegations in Paragraph 78 of the Second Amended Complaint.

79.     L&W denies the allegations in Paragraph 79 of the Second Amended Complaint.

80.     L&W denies the allegations in Paragraph 80 of the Second Amended Complaint.

81.     L&W denies the allegations in Paragraph 81 of the Second Amended Complaint

82.     L&W denies the allegations in Paragraph 82 of the Second Amended Complaint.

83.     L&W denies the allegations in Paragraph 83 of the Second Amended Complaint.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

84.     L&W admits that the Jewel of the Dragon games include a hold and spin feature. Except as so admitted, L&W denies the allegations in Paragraph 84 of the Second Amended Complaint.

85.     L&W admits that its Jewel of the Dragon games include an animation of coins, but denies this animation is similar to that of Dragon Link or that such animation is protectable. L&W denies the remaining allegations in Paragraph 85 of the Second Amended Complaint.

86.     L&W denies the allegations in Paragraph 86 of the Second Amended Complaint.

87.     L&W admits that in Jewel of the Dragon Red Phoenix, a dark-haired woman in an ornate headdress and costume resembling a mythical red phoenix appears, but this artwork shares no similarities to the artwork in Dragon Link Autumn Moon other than the unprotectable idea of "a dark-haired woman" in costume. Except as so admitted, L&W denies the allegations in Paragraph 87 of the Second Amended Complaint.

88.     L&W denies the allegations in Paragraph 88 of the Second Amended Complaint.

89.     L&W denies the allegations in Paragraph 89 of the Second Amended Complaint.

90.     L&W admits that a hold and spin game "does not require the use of gold orbs with bright, fiery outlines surrounded by rings of fire as bonus symbols, a large gold orb as a symbol counter, animated fire bolts that arc off of the bonus symbols and up to a total win box," but L&W denies that these elements are protectable or that L&W appropriated substantially similar elements in Jewel of the Dragon. L&W denies the remaining allegations in Paragraph 90 of the Second Amended Complaint.

91.     L&W admits that it has distributed EGMs of its Jewel of the Dragon games to casinos in the United States and in other countries. L&W also admits that an online version of the Jewel of the Dragon titled game is offered on Jackpot Party. L&W further admits that it has a publicly accessible website that displays images of the Jewel of the Dragon games. Except as so admitted, L&W denies the allegations in Paragraph 91 of the Second Amended Complaint.

92.     L&W denies the allegations in Paragraph 92 of the Second Amended Complaint.

93.     L&W denies the allegations in Paragraph 93 of the Second Amended Complaint.

94.    L&W denies the allegations in Paragraph 94 of the Second Amended Complaint.

95.    Paragraph 95 purports to quote from YouTube videos, which speak for themselves, and to which no response is required; however, L&W denies that the quotes indicate any confusion, and instead demonstrate that consumers understand the games are from different sources.  L&W denies any allegations of consumer confusion between Dragon Link and Jewel of the Dragon or any plan to confuse consumers, and L&W denies any remaining allegations or inferences in Paragraph 95 of the Second Amended Complaint.

96.    L&W denies the allegations in Paragraph 96 of the Second Amended Complaint.

97.    L&W denies the allegations in Paragraph 97 of the Second Amended Complaint.

98.    L&W denies the allegations in Paragraph 98 of the Second Amended Complaint.

99.    L&W admits that Aristocrat counsel sent Light & Wonder, Inc. a letter dated December 19, 2022, which speaks for itself, and that the parties engaged in confidential settlement communications for several months during which L&W maintained that all complaints by Aristocrat regarding Jewel of the Dragon were meritless.  Except as so admitted, L&W denies the allegations and inferences in Paragraph 99 of the Second Amended Complaint.

100.    L&W denies the allegations in Paragraph 100 of the Second Amended Complaint.

101.    L&W denies the allegations of Paragraph 101 of the Second Amended Complaint.

102.    L&W denies the allegations in Paragraph 102 of the Second Amended Complaint.

103.    L&W admits that L&W displayed Dragon Train in August 2023 at the Australian Gaming Expo.  L&W also admits that Dragon Train features a train with characteristics of a dragon.  L&W admits that both Dragon Link and Dragon Train are multi-denomination games that allow bets in 1 cent, 2 cents, 5 cents, 10 cents, $1, and $2 denominations, and utilize a 3 x 5 reel grid— just like numerous competing games in the industry.  Except as so admitted, L&W denies the allegations and inferences in Paragraph 103 of the Second Amended Complaint.

104.    L&W denies the allegations in Paragraph 104 of the Second Amended Complaint.

105.    L&W admits that many slot machine games feature a "pay table."  L&W denies that the "Dragon Link and Dragon Train pay tables are highly similar," or that the images in Paragraph

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

105 of the Second Amended Complaint show any such similarity.  L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105 of the Second Amended Complaint, and therefore denies the remaining allegations in Paragraph 105.

106.    Paragraph 106 of the Second Amended Complaint purports to refer to Dragon Link or Dragon Train game-screen information viewable by players which speaks for itself, and to which no response is required.  To the extent there are any remaining allegations or inferences in Paragraph 106 of the Second Amended Complaint, L&W denies them.

107.    Paragraph 107 of the Second Amended Complaint purports to be images of pay tables from games.  L&W lacks knowledge or information sufficient to form a belief as to the source of the pay tables, and on that basis, denies the allegations in Paragraph 107.

108.    Paragraph 108 of the Second Amended Complaint purports to refer to Dragon Link and Dragon Train game-screen information viewable by players which speaks for itself, and to which no response is required.  To the extent there are any remaining allegations or inferences in Paragraph 108 of the Second Amended Complaint, L&W denies them.

109.    Paragraph 109 of the Second Amended Complaint purports to refer to Dragon Link and Dragon Train game-screen information viewable by players which speaks for itself, and to which no response is required.  To the extent there are any remaining allegations or inferences in Paragraph 109 of the Second Amended Complaint, L&W denies them.

110.    Paragraph 110 of the Second Amended Complaint purports to refer to Dragon Link and Dragon Train game-screen information viewable by players which speaks for itself, and to which no response is required.  To the extent there are any remaining allegations or inferences in Paragraph 110 of the Second Amended Complaint, L&W denies them.

111.    Paragraph 111 of the Second Amended Complaint purports to refer to Dragon Link and Dragon Train game-screen information viewable by players which speaks for itself, and to which no response is required.  To the extent there are any remaining allegations or inferences in Paragraph 111 of the Second Amended Complaint, L&W denies them.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

112.     Paragraph 112 of the Second Amended Complaint purports to refer to Dragon Link and Dragon Train game-screen information viewable by players which speaks for itself, and to which no response is required.  To the extent there are any remaining allegations or inferences in Paragraph 112 of the Second Amended Complaint, L&W denies them.

113.     L&W denies the allegations in Paragraph 113 of the Second Amended Complaint.

114.     L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 114.

115.     L&W denies that reverse engineering the public-facing aspects of a game would be "unlikely" to produce a game that could operate in the same way and provide the same player experience as the game that was reverse engineered.  L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 115 of the Second Amended Complaint, and therefore denies the remaining allegations in Paragraph 115.

116.     L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 116.

117.     L&W denies the allegations in Paragraph 117 of the Second Amended Complaint.

118.     L&W admits that Ms. Charles leads Star Studio, and that she previously worked at Aristocrat and worked on various Aristocrat games while employed by Aristocrat.  L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Ms. Charles's work at Aristocrat or her employment contract, and therefore denies these allegations. L&W denies the remaining allegations in Paragraph 118 of the Second Amended Complaint.

119.     L&W admits that Mr. Sefton is a member of the Star Studio team.  L&W admits that Mr. Sefton once worked at Aristocrat.  L&W lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 119 of the Second Amended Complaint, and therefore denies the remaining allegations in Paragraph 119.

120.     L&W admits that Emma Charles used certain Aristocrat mathematics information

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

during her work on Dragon Train. Except as expressly admitted, L&W denies the allegations in Paragraph 120 of the Second Amended Complaint.

121.    L&W admits that certain math information Aristocrat alleges is confidential has been shared with and/or used by certain L&W employees involved in the development of Jewel of the Dragon and one unreleased game. L&W admits that a designer for the game Double Dragon communicated with Ms. Charles and that Ms. Charles shared a handful of math values. L&W denies that Double Dragon uses any math information Aristocrat claims is confidential. Except as expressly admitted, L&W denies the remaining allegations in Paragraph 121 of the Second Amended Complaint.

122.    L&W admits that information Aristocrat alleges is confidential has been distributed or accessible to L&W employees and that this information has not always been marked as indicating it contains information from Aristocrat and/or that Aristocrat claims it is confidential. Except as expressly admitted, L&W denies the remaining allegations in Paragraph 122 of the Second Amended Complaint.

123.    L&W admits that it was aware Ms. Charles's employment at Aristocrat included work on various Aristocrat games while employed by Aristocrat.  Paragraph 123 of the Second Amended Complaint purports to quote from an investor presentation, which speaks for itself, and to which no response is required; however, L&W denies the characterization of the investor presentation as set forth in Paragraph 123.  To the extent there are remaining allegations or inferences of Paragraph 123, L&W denies them.

124.    L&W denies the allegations in Paragraph 124 of the Second Amended Complaint.

125.    L&W admits that in September 2023 Aristocrat's Australian counsel sent to L&W a series of letters that purported to allege a claim of trade secret misappropriation, which L&W denies.  L&W admits that it voluntarily produced documents to Aristocrat's Australian counsel on four separate occasions in October and November 2023, while opposing production of other documents, including but not limited to its highly confidential and proprietary source code.  To the extent there are remaining allegations in Paragraph 125 of the Second Amended Complaint, L&W

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

denies them.

126.    L&W admits that Aristocrat filed a preliminary discovery proceeding in the Federal Court of Australia in December 2023, but denies any documents produced by L&W form a basis for a claim.  To the extent there are remaining allegations or inferences in Paragraph 126, L&W denies them.

127.    L&W admits that it displayed Dragon Train in October 2023 at the Global Gaming Expo in Las Vegas.  L&W further admits that the game was available to play at multiple casinos across the United States by March 2024.  To the extent there are remaining allegations or inferences in Paragraph 127, L&W denies them.

128.    L&W admits that Aristocrat counsel sent Light & Wonder, Inc. a letter dated January 19, 2024, which speaks for itself.  L&W's counsel responded to Aristocrat's counsel in a letter dated January 24, 2024, which speaks for itself.  To the extent there are remaining allegations or inferences in Paragraph 128, L&W denies them.

129.    L&W's counsel responded to Aristocrat's counsel in letters dated January 24, 2024 and February 6, 2024, which speak for themselves.  To the extent there are remaining allegations or inferences in Paragraph 129, L&W denies them.

130.    L&W admits Aristocrat filed this action in February 2024.  L&W further admits that Dragon Train games were available to play at multiple casinos across the United States by March 2024. L&W admits it has developed games to replace Dragon Train, such as Dragon Train Grand Central, after the Court's preliminary injunction. L&W admits the images depict Dragon Train Grand Central, which is available on the 88 Fortunes and Quick Hits Slots apps. Aristocrat has made no allegations regarding the math of Dragon Train Grand Central or any other replacement game to Dragon Train. To the extent there are remaining allegations or inferences in Paragraph 130, L&W denies them.

131.    L&W admits it terminated Emma Charles and William Soo and withdrew their declarations because Ms. Charles and Mr. Soo were not fully truthful. Except as expressly admitted, L&W denies the remaining allegations in Paragraph 131 of the Second Amended Complaint.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

132.   L&W denies the allegations in Paragraph 132 of the Second Amended Complaint.

## COUNT I
## TRADE SECRET MISAPPROPRIATION IN VIOLATION OF 18 U.S.C. § 1836

133.   L&W re-alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 132 as if set forth fully herein.

134.   L&W denies the allegations in Paragraph 134 of the Second Amended Complaint.

135.   L&W denies the allegations in Paragraph 135 of the Second Amended Complaint.

136.   L&W denies the allegations in Paragraph 136 of the Second Amended Complaint.

137.   L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 137 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 137.

138.   L&W denies the allegations in Paragraph 138 of the Second Amended Complaint.

139.   L&W denies the allegations in Paragraph 139 of the Second Amended Complaint.

140.   L&W denies the allegations in Paragraph 140 of the Second Amended Complaint.

141.   L&W denies the allegations in Paragraph 141 of the Second Amended Complaint.

142.   L&W denies the allegations in Paragraph 142 of the Second Amended Complaint.

143.   L&W denies the allegations in Paragraph 143 of the Second Amended Complaint.

144.   L&W denies the allegations in Paragraph 144 of the Second Amended Complaint.

145.   L&W denies the allegations in Paragraph 145 of the Second Amended Complaint.

## COUNT II
## COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501

146.   L&W re-alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 145 as if set forth fully herein.

147.   L&W denies the allegations in Paragraph 147 of the Second Amended Complaint.

148.   L&W admits that Exhibit A of the Second Amended Complaint consists of copyright registrations purportedly issued by the U.S. Copyright Office, which speak for themselves.   L&W denies that alleged Reg. No. VA 2-372-589 relates to Dragon Link.   The remaining allegations in Paragraph 148 set forth legal conclusions or arguments to which no

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

response is required.  To the extent a response is required, L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 148.

149.    L&W denies the allegations in Paragraph 149 of the Second Amended Complaint.

150.    L&W denies the allegations in Paragraph 150 of the Second Amended Complaint.

151.    L&W denies the allegations in Paragraph 151 of the Second Amended Complaint.

152.    L&W denies the allegations in Paragraph 152 of the Second Amended Complaint.

153.    Regarding whether "Dragon Link includes a copyright notice in screens viewable to all players," L&W lacks knowledge or information sufficient to form a belief as to the truth of this allegation, and therefore denies the same.  L&W denies the remaining allegations in Paragraph 153 of the Second Amended Complaint.

154.    L&W denies the allegations in Paragraph 154 of the Second Amended Complaint.

155.    L&W denies the allegations in Paragraph 155 of the Second Amended Complaint.

**COUNT III**
**FEDERAL FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, TRADEMARK, AND TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(A)**

156.    L&W re-alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 155 as if set forth fully herein.

157.    L&W denies the allegations in Paragraph 157 of the Second Amended Complaint.

158.    L&W denies the allegations in Paragraph 158 of the Second Amended Complaint.

159.    L&W denies the allegations in Paragraph 159 of the Second Amended Complaint.

160.    L&W denies the allegations in Paragraph 160 of the Second Amended Complaint.

161.    L&W denies the allegations in Paragraph 161 of the Second Amended Complaint.

162.    L&W denies the allegations in Paragraph 162 of the Second Amended Complaint.

**COUNT IV**
**TRADE SECRET MISAPPROPRIATION**
**IN VIOLATION OF NEV. REV. STAT. § 600A.030**

163.    L&W re-alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 162 as if set forth fully herein.

DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

164.    L&W denies the allegations in Paragraph 164 of the Second Amended Complaint.

165.    L&W denies the allegations in Paragraph 165 of the Second Amended Complaint.

166.    L&W denies the allegations in Paragraph 166 of the Second Amended Complaint.

167.    L&W lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 of the Second Amended Complaint, and therefore denies the allegations in Paragraph 167.

168.    L&W denies the allegations in Paragraph 168 of the Second Amended Complaint.

169.    L&W denies the allegations in Paragraph 169 of the Second Amended Complaint.

170.    L&W denies the allegations in Paragraph 170 of the Second Amended Complaint.

171.    L&W denies the allegations in Paragraph 171 of the Second Amended Complaint.

172.    L&W denies the allegations in Paragraph 172 of the Second Amended Complaint.

173.    L&W denies the allegations in Paragraph 173 of the Second Amended Complaint.

174.    L&W denies the allegations in Paragraph 174 of the Second Amended Complaint.

175.    L&W denies the allegations in Paragraph 175 of the Second Amended Complaint.

### COUNT V
### DECEPTIVE TRADE PRACTICES
### UNDER NEV. REV. STAT. §§ 41.600 & 598.0915

176.    L&W re-alleges and incorporates by reference its responses to the allegations contained in Paragraphs 1 through 175 as if set forth fully herein.

177.    L&W denies the allegations in Paragraph 177 of the Second Amended Complaint.

178.    L&W denies the allegations in Paragraph 178 of the Second Amended Complaint.

179.    L&W admits that L&W's development of new versions of Jewel of the Dragon games began in or around June 2021 and continued until the games were approved for release in the United States.  L&W admits that L&W's Studio Heads UP design team, which is based in Las Vegas and led by Christopher Guerrero, developed the games.  L&W denies any alleged "copying" of Aristocrat's Dragon Link games.  To the extent there are remaining allegations or inferences in Paragraph 179 of the Second Amended Complaint, L&W denies them.

180.    L&W denies the allegations in Paragraph 180 of the Second Amended Complaint.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

181.    L&W denies the allegations in Paragraph 181 of the Second Amended Complaint.

182.    L&W admits that Aristocrat counsel sent Light & Wonder, Inc. a letter dated December 19, 2022, which speaks for itself.  L&W denies the remaining allegations in Paragraph 182 of the Second Amended Complaint.

183.    L&W denies the allegations in Paragraph 183 of the Second Amended Complaint.

## DEMAND FOR JURY TRIAL

No response is required to the demand for a jury trial.  To the extent a response is required, L&W admits that Aristocrat has demanded a jury trial.

## RELIEF SOUGHT

The prayer for relief does not require a response.  To the extent a response is required, L&W denies that Aristocrat is entitled to any relief whatsoever from L&W or this Court, either as requested in the Second Amended Complaint or otherwise.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following defenses to Plaintiffs' claims.  In asserting these defenses, Defendants do not assume the burden of proof as to those issues to which Plaintiffs bear the burden of proof as a matter of law.  Defendants reserve the right to assert such other defenses to Plaintiffs' claims as may become available or apparent to Defendants during pretrial proceedings.

## FIRST DEFENSE

### (Readily Ascertainable/Reverse Engineering)

L&W cannot be liable for misappropriation of information that was readily ascertainable by proper means—through reverse engineering or otherwise.

## SECOND DEFENSE

### (Independent Development/Creation)

Aristocrat's claims fail because the Dragon Train and Jewel of the Dragon games were independently created and developed.

## THIRD DEFENSE

### (*Scenes a faire*)

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

Aristocrat's copyright claim fails because it is improperly based on audiovisual elements that constitute *scenes a faire*.

### FOURTH DEFENSE

(Unclean Hands/Bad Faith)

The assertions and allegations made by Aristocrat in its claims for trade secret misappropriation, copyright infringement, trade dress infringement, and deceptive trade practices are objectively and/or subjectively baseless, groundless, meritless and/or frivolous, and as such, constitute unclean hands. For example, Aristocrat has overstated its trade dress rights and claims rights in elements of its games that are not subject to trademark or copyright protection, thereby attempting to improperly confer a monopoly over such elements and representing trademark and copyright misuse. Additionally, upon information and belief, Plaintiffs' claims in the Second Amended Complaint have been asserted for anti-competitive purposes and in bad faith to harass L&W and hinder a competitor in the marketplace.

### FIFTH DEFENSE

(Invalidity of Alleged Trade Dress)

Aristocrat does not possess any valid, protectable, or enforceable trade dress rights in the purported trade dress alleged in the Second Amended Complaint. The alleged trade dress is not capable of trade dress protection and does not act as a source identifier. Aristocrat's alleged trade dress is also neither inherently distinctive, nor has it acquired distinctiveness. Further, Aristocrat's alleged trade dress is functional. For at least the foregoing reasons, Aristocrat's alleged trade dress is invalid.

### SIXTH DEFENSE

(Acquiescence/Estoppel/Laches)

Plaintiffs' claims are barred in whole or in part by the doctrines of laches, acquiescence and/or estoppel, in that Plaintiffs unreasonably delayed in bringing suit and that delay has caused prejudice to L&W. Plaintiffs have acquiesced in and are barred by estoppel from asserting the

claims alleged in their Second Amended Complaint.

### SEVENTH DEFENSE

(Copyright Preemption)

Plaintiffs' deceptive trade practices claim pursuant to the Nevada Deceptive Trade Practices Act, under Nev. Rev. Stat. §§ 41.600 & 598.0915, fails because it is preempted by the Copyright Act.  The rights Plaintiffs assert under Nevada state law are rights equivalent to those protected by the Copyright Act, and the alleged work falls within the subject matter of the Copyright Act.

### EIGHTH DEFENSE

(Failure to State a Claim)

Plaintiffs fail to state a claim upon which relief can be granted.  For example, Plaintiffs failed to properly state a claim that they own a valid trade dress or that a reasonable consumer could be confused based on the allegations in the Second Amended Complaint.

### NINTH DEFENSE

(Rogue Employee / Lack of Vicarious Liability / Lack of Agency)

L&W is not liable for any alleged trade secret misappropriation because, to the extent there was any misappropriation of Aristocrat's alleged trade secrets, the misappropriation was an independent act/tort committed by rogue employees who were acting outside the scope of their employment and authority, and who kept any such misappropriation secret from L&W.  Accordingly, the rogue employees were not acting as agents of L&W and L&W lacked any intent (or other required mental state) to misappropriate or use such trade secrets.  L&W further had no knowledge that any trade secrets had been misappropriated or used and had no reason to know or suspect that any trade secrets had been misappropriated or used by these rogue employees.

### TENTH DEFENSE

(Lack of Reasonable Measures to Protect Confidential Information)

L&W cannot be liable for misappropriation of "trade secrets" that Aristocrat has not properly safeguarded.

. . . . .

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**ELEVENTH DEFENSE**

(Lack of Secrecy)

L&W cannot be liable for trade secret misappropriation because the information Aristocrat alleges constitutes trade secrets are publicly known or readily accessible in the public domain.

**TWELFTH DEFENSE**

(Release)

Aristocrat's claims are barred to the extent they are not authorized pursuant to Section 10 of the parties' April 3, 2017, Settlement and Patent Cross-License Agreement, and Section 7 of the parties' March 31, 2023, Third Amendment to Settlement and Patent Cross-License Agreement, which provides for a standstill to IP litigation.

**COUNTERCLAIMS**

Pursuant to Federal Rule of Civil Procedure 13, Defendants/Counterclaimants assert counterclaims against Plaintiffs/Counterclaim-Defendants Aristocrat for a declaratory judgment that: (1) L&W's did not misappropriate any valid trade secrets in its game math for Dragon Train or Jewel of the Dragon in violation of 18 U.S.C. § 1836; (2) L&W's independently created visual and cinematographic materials in its Jewel of the Dragon games do not constitute copyright infringement or violate Aristocrat's exclusive rights under 17 U.S.C. § 106; and (3) L&W's use of the Jewel of the Dragon trademark and audiovisual elements in the Jewel of the Dragon games do not infringe any alleged common law trade dress rights Aristocrat asserts in its Second Amended Complaint under 15 U.S.C. § 1125(a). In support of its Counterclaims, L&W alleges as follows:

**INTRODUCTION**

1.    The global electronic gaming industry is a fast-moving, highly competitive market, resulting in the need for leading global gaming companies to prioritize employing top talent in order to maintain a competitive edge and drive game innovation. As a leading gaming company, L&W seeks to hire the best talent, which in the gaming industry, often correlates with experience level. Experienced game designers know what makes a game successful—they know how to find the right balance between a win versus a loss, and they know how to create the right emotional experience associated with those same wins or losses.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

2.     In 2021, an Australian subsidiary of L&W hired Emma Charles, a top performing game designer in Australia, who led its Star Studio game design team. Years of investment, research, and development by the Star Studio team culminated in the release of L&W's Dragon Train series of games in August 2023. Setting the new standard for game design, Dragon Train proved to be a strong commercial success, both in Australia and the United States.

3.     Aristocrat is one of L&W's primary competitors in the electronic gaming market. Aristocrat filed this action, seeking to enjoin L&W on the basis that information in the public domain—that Aristocrat has not protected through reasonable measures—constitutes a trade secret. Aristocrat based its trade secret misappropriation claims on Ms. Charles' joining L&W. Aristocrat has recently alleged similar trade secret misappropriation against L&W's Jewel of the Dragon game based on the limited presence of certain math values in the final version of Jewel of the Dragon. In addition, Aristocrat has tagged on meritless copyright and trade dress claims regarding a different L&W game series, Jewel of the Dragon.

4.     As detailed below, L&W's Dragon Train and Jewel of the Dragon games do not impermissibly borrow or use any Aristocrat trade secrets or other intellectual property rights of Aristocrat. Accordingly, L&W seeks a declaratory judgment that it has not misappropriated any Aristocrat trade secrets in connection with its Dragon Train and Jewel of the Dragon games, as well as a declaratory judgment of non-infringement of copyright and trade dress with respect to its Jewel of the Dragon games.

## THE PARTIES

5.     Counterclaimant Light & Wonder, Inc. is a Nevada corporation with its principal place of business at 6601 Bermuda Road, Las Vegas, Nevada 89119.

6.     Counterclaimant LNW Gaming, Inc. is a Nevada corporation with its principal place of business at 6601 Bermuda Road, Las Vegas, Nevada 89119.

7.     Counterclaimant SciPlay Corporation is a Nevada corporation with its principal place of business at 6601 Bermuda Road, Las Vegas, Nevada 89119.

8.     As alleged in Paragraph 17 of the Second Amended Complaint,

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

1  Plaintiff/Counterclaim-Defendant Aristocrat Technologies, Inc. ("ATI") is a Nevada corporation

2  with its principal place of business at 10220 Aristocrat Way, Las Vegas, Nevada 89135.

3       9.      As alleged in Paragraph 18 of the Second Amended Complaint,

4  Plaintiff/Counterclaim-Defendant Aristocrat Technologies Australia Pty Ltd. ("ATA") is an

5  Australian corporation with its principal place of business at Building A, Pinnacle Office Park, 85

6  Epping Road, North Ryde, New South Wales, Australia 2113.

7                              **JURISDICTION AND VENUE**

8       10.     L&W's counterclaims seek declaratory and other relief pursuant to the Declaratory

9  Judgment Act, 28 U.S.C. §§ 2201 to 2202, the Lanham Act, Title 15 of the United States Code,

10 §§ 1051, *et seq.*, the Copyright Act, Title 17 of the United States Code, § 106, and the Defend Trade

11 Secrets Act, Title 18 of the United States Code, § 1836.

12      11.     This Court has subject matter jurisdiction over L&W's counterclaims pursuant to 15

13 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 in that these counterclaims raise federal questions

14 arising under the Lanham Act, the Copyright Act, and the Defend Trade Secrets Act.  The Court

15 also has supplemental jurisdiction over L&W's counterclaims arising under Nevada state law

16 pursuant to 28 U.S.C. § 1367(a).

17      12.     By filing its Second Amended Complaint, Aristocrat has consented to the personal

18 jurisdiction of this Court.

19      13.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

20      14.     Aristocrat filed its Second Amended Complaint, alleging that an immediate, real

21 and justiciable controversy exists.

22      15.     An actual controversy exists warranting declaration of the rights of L&W and

23 Aristocrat.  L&W seeks a declaration of rights under the Declaratory Judgment Act which allows

24 for declaration of the rights and other legal relations of L&W and Aristocrat as a case of actual

25 controversy has arisen.  A real and substantial controversy exists warranting determination of

26 specific relief through a decree of a conclusive character, and such controversy is ripe for

27 determination as a controversy over legal rights.  A substantial controversy exists between L&W

28

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

and Aristocrat of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

16.     As a consequence of the foregoing, an actual controversy has arisen and now exists between L&W and Aristocrat regarding L&W's request for a declaration: (1) that L&W has freedom to operate its businesses without obligation to Aristocrat for any alleged trade secret misappropriation or other claim of misuse of proprietary information; (2) of non-infringement of Aristocrat's alleged copyrights in its Dragon Link games; and (3) of non-infringement of Aristocrat's alleged trade dress rights in its Dragon Link games.

## **STATEMENT OF FACTS**

### A.    **L&W Is a Global Leader in Game Experiences and Conducts Extensive Research in Connection with Its Games**

17.     L&W is a leading cross-platform global games company, which creates immersive content that forges lasting connections with players, wherever players choose to engage with L&W—on the casino floor, online, or on a mobile gaming application.  From creating brand new games, to revitalizing well-known and well-loved titles, L&W brings innovative features, unique gameplay, and attractive experiences to all types of players.  In doing so, L&W maintains core values, such as celebrating diverse perspectives, promoting accountability and respect in order to raise the bar for the industry, and relentlessly pushing forward to create the extraordinary in every final detail.

18.     As a leader in the global electronic gaming industry, L&W conducts extensive market research into the performance of its competition, including the introduction of new games and game features, current and new game performance metrics, game appearance, game feature functionality, game probabilities, jackpots values, other return to player ("RTP") values, and many other performance characteristics.  L&W's research includes the reverse engineering of competitive games.

19.     It is common practice within the electronic gaming industry to play or observe the gameplay of new or high-performing games and game functions with the goal of reverse engineering game functions and values.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

20.    By playing games or observing gameplay, various functions and values of electronic games can be reverse engineered, or mathematically approximated by a model that returns the same or similar results as the observed game function or value within an acceptable degree of mathematical certainty.  This task can be undertaken by observing inputs and outputs of a particular game function or value and attempting to mathematically describe what is taking place.

21.    Electronic game functions and values that can be reasonably approximated or reverse engineered by gameplay or gameplay observation through publicly available videos include: base game reel strip functions, free game reel strip functions, hold and spin feature functions, base game RTP values, parts of the free game RTP values, feature hit rate, line hit rate, prize pools or shelving and the hit rates contained therein, prize distributions, the probability of landing scatters within a particular feature, and many other game metrics.

22.    L&W successfully reverse engineered game functions and values contained in Aristocrat's Lightning Link and Dragon Link games, and L&W did so years before it began development of the Dragon Train games.

23.    In 2014, L&W employees successfully reverse engineered the base games function, free game function, and hold and spin feature of the Lightning Link game.  L&W employees successfully determined, with an acceptable degree of mathematical confidence, certain game functions, including the reel strips and feature frequencies.  Following the release of the Dragon Link games, L&W employees reverse engineered the base game function, free game function, and hold and spin feature using the same method to determine certain game functions with an acceptable degree of mathematical confidence, including the reel strips and feature frequencies.

24.    In 2016, different L&W employees successfully reverse engineered the base game functionality of Aristocrat's Lightning Link games by observing publicly available gameplay from Lightning Link titles and reconstructing the game's reel strip function.  L&W employees successfully determined, with an acceptable degree of mathematical confidence, the RTP values and feature hit rates of the Lightning Link base game, the feature hit rates for the base games, free games, and hold and spin features, and the line hit rate.

C A M P B E L L  &  W I L L I A M S
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

25.     In 2017, L&W employees also successfully reverse engineered the free game functionality of Aristocrat's Tiki Fire–Lightning Link and High Stakes–Lightning Link games. They successfully determined, with an acceptable degree of mathematical confidence, the return or expected value of the free games and, through simulation, the "feel" of how the games played.

26.     In 2017, L&W employees successfully reverse engineered the functionality of the hold and spin feature and prize distribution for Aristocrat's Lightning Cash/Lighting Link and Dragon Cash/Dragon Link games.  They successfully determined, with an acceptable degree of mathematical confidence, the hold and spin reel strip functionality, the prize pools, the hit rates and estimated value ("EV") within those prize pools, the probability of how different reel strip sets were used, how the expected value of different sets affected the results of the hold and spin feature and how that created a different play experience from having one prize set, the odds of landing scatters within the feature, the distribution of prizes on reel symbols, and at what points in the game play different prizes were displayed in both the base game and the hold and spin feature.

27.     Based on L&W's reverse engineering efforts, L&W employees concluded that Aristocrat's Lightning Cash/Lightning Link games and Dragon Cash/Dragon Link games use common industry practices to achieve outcomes for the hold and spin feature, including the use of prize pools.  They also determined that the games were mathematically similar to other popular games, including L&W's 88 Fortunes game.

28.     In 2017, L&W employees successfully reverse engineered the base game of the Dragon Cash game.  Upon information and belief, the Dragon Cash game is essentially the same mathematically as the Dragon Link games aside from the hit rate to the grand progressive jackpot. L&W employees determined the reel strip functionality of Dragon Cash.

29.     Through various exercises, L&W employees then successfully determined, with an acceptable degree of mathematical confidence, the reel strip symbols, the hit rates of line and feature hits, prize pool distribution, and weighting tables for the prize pool distributions, among other mathematical data features of the Lightning Link and Lightning Cash games.

30.     As shown by the foregoing examples, various game metric information is reverse

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

1    engineerable. Therefore, it is not eligible for trade secret protection.

2    31.    Additionally, Aristocrat has not taken reasonable measures to protect its so-called

3 trade secrets. Even if Aristocrat has taken *some* measures, those measures were not reasonable to

4 shield the disclosure of information Aristocrat claims is secret from the public domain or from

5 competitors. On information and belief, Aristocrat's allegedly confidential information has lost any

6 protection as a trade secret, to the extent it was ever entitled to such protection, due to Aristocrat's

7 failure to safeguard that information. Consequently, the information Aristocrat alleges to be trade

8 secrets does not qualify as such.

9          **1.    L&W's Dragon Train Games**

10    32.    After years of extensive research and development, L&W released its Dragon Train

11 games to the Australian market in August 2023. L&W then displayed the games in October 2023

12 at the Global Gaming Expo in Las Vegas, before the wider launch to the U.S. market in March

13 2024.

14    33.    Like many of L&W's games, the Dragon Train game series comprises multiple

15 distinct themes. Specifically, Dragon Train has four themes: Chi Lin Wins, Khutulun Battle

16 Princess, Sun Shots, and Forever Emperor.

17    34.    The success of the Dragon Train games in the United States and Australia is in large

18 part due to numerous original and engaging game design elements. First, Dragon Train's

19 "secondary" hold and spin feature is an integral part of its success, as it is one of the first of its kind

20 in the market. The standard hold and spin game has been prolific in the industry for approximately

21 a decade and generally can be described as a "game-within-a-game." Numerous companies

22 implement standard hold and spin games (e.g., Aristocrat, IGT, AGS, Everi, Bluberi, Playson,

23 Konami, and Novomatic), as well as dragon-themed hold and spin games where the words "Hold

24 and Spin" are displayed in the title (e.g., Pragmatic Play's "Dragon Hot Hold and Spin" game and

25 Pragmatic Play's "Floating Dragon Hold and Spin" game). However, Dragon Train has an

26 additional hold and spin feature that is "secondary," which means that it offers an additional game

27 *within* the hold and spin game. Upon information and belief, Aristocrat's Dragon Link games do

28

not offer secondary hold and spin features.

35.    In Dragon Train, during the hold and spin feature, players may unlock the secondary hold and spin event by triggering the hold and spin icon with a Dragon Train symbol on the reels. The secondary hold and spin game features a circular grid of eight trigger symbols on the front of the game's "dragon train."  If the player unlocks all eight hold and spin trigger symbols, the player wins the $1000 jackpot.  Because the secondary hold and spin event is an additional game a player may unlock during the hold and spin feature, players receive another chance to win prize money, which is a reason the game is popular among players.

36.    Dragon Train's success is also due to the game's hardware (e.g., the EGM's "cabinet").  A "cabinet" is the electronic gaming machine's external housing.  The past four cabinets L&W has released have been ranked number one in the market, according to data from Eilers & Krejcik Gaming as of April 2024.  The Dragon Train games utilize one of the most popular cabinets.

37.    Another important reason for Dragon Train's success is the game's audiovisual experience, including its artwork, which reflects the game's graphic and visual art and its audio features.  The top box displaying Dragon Train's jackpots is different from the industry standard jackpot layouts in that the display's "dragon train" image is moving at all times throughout the player experience.  The sounds and graphics associated with trains also consistently reinforce the "dragon train" theme throughout the entire game.  Screen shots of L&W's Dragon Train game and its unique and striking imagery are included for reference below.

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

| Imagery from L&W's Dragon Train Games | | |
|---|---|---|
| Dragon Train Game Display During Gameplay | Display of Dragon Train: Khutulun Battle Princess | "Dragon Train" Image on Top Box Display |
|  |  |  |

### 2.    L&W's Jewel of the Dragon Games

38.    L&W launched its original Jewel of the Dragon games in 2011.  In connection therewith, L&W owns the JEWEL OF THE DRAGON trademark, U.S. Trademark Registration No. 4,132,968 (the "JEWEL OF THE DRAGON Mark").  This registration, which claims a first use date of September 15, 2011, was filed on March 11, 2011.  The registration issued on April 24, 2012, covering "Gaming machines, namely, devices which accept a wager and gaming software that generates or displays outcomes for gaming machines" in International Class 9.

39.    L&W subsequently launched the new Jewel of the Dragon games under the JEWEL OF THE DRAGON Mark in 2022 and 2023 as a linked progressive game series.  The Jewel of the Dragon games center around an Asian-inspired theme, which is an in-demand and well-received theme in the casino gaming industry.

40.    In designing its Jewel of the Dragon games, L&W invested significant research, time, and development initiatives into the games' creation, including research into Chinese history and art.  The game designers focused on features such as symmetry and characters based on

DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

constellations. There are currently four games in the Jewel of the Dragon series: A Thousand Warriors, Valley of the Tiger, Red Phoenix, and Prosperity Tortoise. The base game for each Jewel of the Dragon game is depicted below.

| Different Titles Under L&W's Jewel of the Dragon Games | | | |
|---|---|---|---|
| **Prosperity Tortoise** | **Red Phoenix** | **A Thousand Warriors** | **Valley of the Tiger** |
|  |  |  |  |

41.    The Jewel of the Dragon game themes share a common constellation theme and elements like a faceted jewel bonus symbol. However, there are also many visual differences between the Jewel of the Dragon games based on the themes, as shown above. A Thousand Warriors incorporates a female warrior clothed in ornate gear ready for battle. Valley of the Tiger centers on a rare white species tiger decorated in jewels. Red Phoenix incorporates a woman wearing Asian dress styled with feathers to evoke a mythical red phoenix in the color red, which color is understood to represent luck and fortune in Asian culture. Prosperity Tortoise features a tortoise with a gold shell—a color which similarly represents luck and fortune in Asian culture.

42.    Despite these varying themes, as part of the development of the Jewel of the Dragon games, L&W employed certain designs that are common throughout popular slot machine games, such as hold and spin features, bonuses, "wild" symbols, royal symbols, "push" sounds during a spin, flaming explosions and accompanying sounds, glowing jewels, coin animations, and jackpot displays. Many successful games incorporate these types of stock, familiar elements.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

43.     In connection with developing the Jewel of the Dragon game themes, L&W's artists and animators extensively researched Chinese art, history, and design in preparation for creating the graphics in the games.  In particular, one aspect of Chinese art that is commonly used in the casino gaming industry includes dragons.  Notably, there are hundreds of trademark registrations for games that include the word "dragon" in the mark.  This is not surprising, as dragons are understood to symbolize luck and fortune, motifs for which are commonplace in the casino industry.  Similarly, the colors red and gold are commonly understood to symbolize good luck, prosperity, and fortune.  This symbolism is well-recognized in not only academia and art history, but also commentary within the casino industry.

44.     It is common for new games in the market to incorporate already ubiquitous design elements such as hold and spin features, glowing orbs, coin animations, and jackpot displays, which are familiar features to players.

**B.    Aristocrat's Different Dragon Link Games**

45.     According to Aristocrat's Second Amended Complaint, Dragon Link was released in the United States in 2017.

46.     Aristocrat's Dragon Link games come in ten different themes, which are all visually different from each other.  A table reflecting the Dragon Link game themes is included below for reference:

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

| Different Titles Under Aristocrat's Dragon Link Games | | | | |
|---|---|---|---|---|
| Autumn Moon | Genghis Khan | Golden Century | Golden Gong | Silk Road |
|  |  |  |  |  |
| Happy & Prosperous | Panda Magic | Peace & Long Life | Peacock Princess | Spring Festival |
|  |  |  |  |  |

47.     Aristocrat has alleged ownership of registered copyrights in connection with certain aspects of specific themes of its Dragon Link games.   For example, Aristocrat's asserted registrations for visual materials, along with the deposit materials submitted in connection with the registrations, are shown below:

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

| Aristocrat's Alleged Copyright Registrations in Visual Art | | |
|---|---|---|
| **VA 2-369-827**<br>**Autumn Moon – Goddess** | **VA 2-372-588**<br>**Golden Century – Emperor** | **VA 2-372-489**<br>**Peacock Princess – Princess** |
|  |  |  |

48.    Aristocrat's copyright registrations in visual art as alleged in the Second Amended Complaint cover the discrete, two-dimensional visual artwork depicted above.   Copyright protection does not extend to ideas, concepts, or facts—only the precise *expression* of ideas, concepts, or facts.   As such, Aristocrat is the alleged copyright holder for the expression of its Autumn Moon Goddess, Golden Century Emperor, and Peacock Princess, as depicted above.

**C.    L&W's Jewel of the Dragon Games Are Not Substantially Similar to Aristocrat's Alleged Copyrights in the Dragon Link Games**

49.    None of the Jewel of the Dragon games, or protectable elements thereof, are substantially similar to the Dragon Link games, or any protectable elements thereof.   For example, L&W does not use substantially similar imagery to the visual artwork that is the subject of Aristocrat's alleged copyright registrations in its Dragon Link games.   The stark differences are shown below:

. . . . .

. . . . .

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

| Aristocrat Dragon Link Deposit Materials | L&W Jewel of the Dragon Screen Shots |
|---|---|
| |  |
|  |  |
|  | *Screen Shot from Prior Version of A Thousand Warriors*<br><br>*Screen Shot from Current Version of A Thousand Warriors*<br> |

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

50.    In the Second Amended Complaint, Aristocrat also alleges that it owns copyright registrations covering cinematographic materials from the hold and spin bonus features of two of its Dragon Link games.  As with the visual materials, the hold and spin bonus features of the Jewel of the Dragon games—which are ubiquitous throughout the industry—share no substantial similarities with the hold and spin bonus features of the Dragon Link games, as shown below:

| Aristocrat Dragon Link Hold & Spin from Second Amended Complaint | L&W Jewel of the Dragon Screen Shots |
|---|---|
|  |  |
|  |  |

51.    As shown above, audiovisual graphics in Aristocrat's Dragon Link games also contain unoriginal, standard stock elements (also known as *scenes a faire*) in the casino gaming industry, which are not subject to copyright protection.  Examples of these elements include coin animations, glowing orbs, spinning rings of fire, and flame fares—all of which are ubiquitous in

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

slot games.

52.     Furthermore, many of the audiovisual elements that are part of Aristocrat's alleged copyright registrations for the hold and spin features also appear in Dragon Link's predecessor game, Lightning Link, or the public domain.  Accordingly, Aristocrat excluded "visual material" from its copyright claim in the hold and spin features of Spring Festival and Autumn Moon.

53.     In sum, L&W's Jewel of the Dragon games are not substantially similar to any protectable expression in the Dragon Link games.

**D.     L&W's Jewel of the Dragon Games Do Not Use Elements Likely to Cause Confusion with Any Alleged Trade Dress Rights in the Dragon Link Games**

54.     There is no likelihood of confusion between L&W's Jewel of the Dragon games and any alleged trade dress in Aristocrat's Dragon Link Games.

55.     In connection with the trademarks for the titles of their respective games, and ability to use such trademarks in any stylized format, L&W has priority over Aristocrat.

56.     Aristocrat filed an application for DRAGON LINK on November 5, 2015, which issued as U.S. Trademark Registration No. 5,360,457 on December 19, 2017.  This registration, which claims a first use date for the mark of July 10, 2017, covers "Electronic gaming machines, namely, devices which accept a wager" in International Class 28.

57.     Based on L&W's U.S. Trademark Registration No. 4,132,968 for JEWEL OF THE DRAGON, L&W has priority with respect to its rights in the JEWEL OF THE DRAGON Mark as of the filing date of the application on March 4, 2011.

58.     Audiovisual elements such as jackpot displays, orbs, and hold and spin features are functional and common across slot machine games, and these elements do not serve a source-identifying function.

59.     Aristocrat does not own a valid, protectable trade dress in the combination of elements alleged in the Second Amended Complaint, namely the Dragon Link Standard Logo, Dragon Link Jackpot Display, Dragon Link Orb Design, and Dragon Link Hold & Spin Design, as defined in the Second Amended Complaint.  These elements are not subject to trade dress protection.

DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

60.    Aristocrat also does not own a protectable trade dress because the trade dress alleged in the Second Amended Complaint is not inherently distinctive, nor has it acquired distinctiveness.

61.    Aristocrat's alleged trade dress is also functional.

62.    Even if Aristocrat could claim trade dress protection over the alleged elements, which it cannot, there is no likelihood of consumer confusion with the Jewel of the Dragon games.

63.    L&W is not aware of any actual confusion resulting from the use of the accused audiovisual elements in the Jewel of the Dragon games with Aristocrat or its Dragon Link games. The lack of actual confusion despite years of concurrent use demonstrates there is no likelihood of confusion.

64.    There is also no evidence of any harm to Aristocrat resulting from L&W's use of its JEWEL OF THE DRAGON Mark and audiovisual elements in the Jewel of the Dragon games.

## FIRST COUNTERCLAIM
### Declaration of No Misappropriation of Alleged Trade Secrets

65.    L&W repeats, realleges, and incorporates by reference each and every allegation set forth in Paragraphs 1-64 as if fully set forth herein.

66.    Aristocrat alleges that an actual controversy exists based on L&W's alleged misappropriation of Aristocrat trade secrets in violation of the Defend the Trade Secret Act, 18 U.S.C. § 1836, et seq. and the Nevada Uniform Trade Secrets Act, Nev. Rev. Stat. § 600A.030, et seq.

67.    Aristocrat fails to identify any information subject to trade secret protection that L&W used in the development or production of its Dragon Train games.

68.    L&W did not use any Aristocrat trade secret in the development or production of its Dragon Train or Jewel of the Dragon games.

69.    L&W cannot be liable for misappropriation of information that was readily ascertainable by proper means—through reverse engineering or otherwise.

70.    L&W seeks a declaratory judgment from this Court that L&W has not misappropriated and is not now misappropriating any trade secret asserted by Aristocrat in its

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

development and production of L&W's Dragon Train and Jewel of the Dragon games.

## SECOND COUNTERCLAIM

### Declaration of Non-Infringement of Alleged Copyrights

71.     L&W repeats, realleges, and incorporates by reference each and every allegation set forth in Paragraphs 1-70 as if fully stated herein.

72.     Aristocrat alleges that an actual controversy exists between the parties as to whether L&W has infringed Aristocrat's alleged copyrights in its Dragon Link games.

73.     L&W game designers independently created the Jewel of the Dragon games.

74.     The Jewel of the Dragon games do not contain audiovisual elements that are substantially similar to, or otherwise copy protectable expression from, Aristocrat's Dragon Link games.

75.     L&W has not infringed any of Aristocrat's exclusive rights under 17 U.S.C. §106(1)-(6).

76.     L&W seeks a declaratory judgment from this Court that none of its Jewel of the Dragon games, including none of the different versions and themes of the Jewel of the Dragon games (nor any parts of protectable expression thereof), distributed and made available either in casinos or online, have infringed, infringe, or would infringe any valid, enforceable and/or protectable expression in Aristocrat's purported copyrights.

77.     L&W is being harmed by Aristocrat's efforts to press its baseless assertion of copyright infringement against L&W's Jewel of the Dragon games.  Absent a declaration of non-infringement, Aristocrat will continue to wrongfully allege infringement and thereby cause injury to L&W.

## THIRD COUNTERCLAIM

### Declaration of Non-Infringement of Plaintiffs' Alleged Trade Dress Rights

78.     L&W repeats, realleges, and incorporates by reference each and every allegation set forth in Paragraphs 1-77 as if fully stated herein.

79.     Aristocrat alleges that an actual controversy exists between the parties as to whether L&W has infringed Aristocrat's purported common law rights in its alleged trade dress associated

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

with the Dragon Link games.

80.    Aristocrat does not own a valid, protectable trade dress in the combination of elements in the Dragon Link games as alleged in the Second Amended Complaint. The alleged trade dress is not capable of protection as trade dress and does not act as a source identifier. Additionally, the alleged trade dress is not inherently distinctive, has not acquired distinctiveness, and is functional.

81.    Aristocrat alleges that L&W's use of certain elements in its Jewel of the Dragon games, including the Jewel of the Dragon logo, jackpot display, hold and spin bonus feature design, and purported orb-like imagery violates 15 U.S.C. § 1125(a) for federal false designation of origin, unfair competition, trademark, and trade dress infringement (Count III), as well as Deceptive Trade Practices under Nev. Rev. Stat. §§ 41.600 & 598.0915 (Count V).

82.    L&W's use of the JEWEL OF THE DRAGON Mark along with other challenged audiovisual elements as set forth in the Second Amended Complaint has not caused, and is not likely to cause, confusion, mistake, or deception as to origin, sponsorship, or approval of L&W's Jewel of the Dragon games, or regarding any affiliation of the games with Aristocrat.

83.    As there is no likelihood of confusion between L&W's use of its JEWEL OF THE DRAGON Mark and audiovisual elements in its Jewel of the Dragon games and Aristocrat's alleged trade dress, and because Aristocrat does not own a valid trade dress, L&W's acts do not constitute false designation of origin, unfair competition, trademark infringement, trade dress infringement, or deceptive trade practices.

84.    Accordingly, pursuant to 28 U.S.C. §§ 2201 and 2202, L&W is entitled to a declaratory judgment that its use of the JEWEL OF THE DRAGON Mark and audiovisual elements in the Jewel of the Dragon games, as alleged in the Second Amended Complaint, does not violate Aristocrat's alleged trade dress rights, or otherwise constitute unfair competition or deceptive trade practices under federal or state law.

85.    L&W is being harmed by Aristocrat's efforts to press its meritless assertion of trade dress infringement against L&W. Absent a declaration of non-infringement, Aristocrat will

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

continue to assert its invalid alleged trade dress against L&W and wrongfully allege infringement, thereby causing injury to L&W.

## PRAYER FOR RELIEF

WHEREFORE, L&W respectfully requests that this Court enter an Order:

1.      Dismissing the Second Amended Complaint with prejudice and entering judgment against Aristocrat on all counts and requests for relief;

2.      Granting judgment in favor of L&W on its Counterclaims for Declaration of No Misappropriation of Alleged Trade Secrets, Declaration of Non-Infringement of Alleged Copyrights, and Declaration of Non-Infringement of Plaintiffs' Alleged Trade Dress Rights;

3.      Awarding L&W its costs and attorneys' fees incurred in this action, including in accordance with 15 U.S.C. § 1117, 17 U.S.C. § 505, 18 U.S.C. § 1836(b)(3)(D); and

4.      Granting L&W any such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, L&W hereby demands a trial by jury on all issues so triable in this action.

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

. . . . .

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

Dated: April 11, 2025

**CAMPBELL & WILLIAMS**

By: /s/ *Philip R. Erwin*
PHILIP R. ERWIN, ESQ. (11563)
710 South Seventh Street
Las Vegas, Nevada 89101

SUSMAN GODFREY L.L.P
NEAL MANNE (*pro hac vice*)
JOESEPH GRINSTEIN (*pro hac vice*)
ROCCO MAGNI (*pro hac vice*)
1000 Louisiana, Suite 5100
Houston, Texas 77002

SUSMAN GODFREY L.L.P
ERIK WILSON (*pro hac vice*)
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067

SUSMAN GODFREY L.L.P
Dinis Cheian (*pro hac vice*)
Andrew Nassar (*pro hac vice*)
One Manhattan West, 50th Fl.
New York, NY 10001

*Attorneys for Defendants Light & Wonder,*
*Inc., LNW Gaming, Inc., and SciPlay*
*Corporation*

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of April, 2025, I caused a true and correct copy of the foregoing **Defendants' Answer to Second Amended Complaint and Counterclaims** to be served via the United States District Court CM/ECF system on all parties or persons requiring notice.

*/s/ Philip R. Erwin*
An employee of Campbell & Williams

DEFENDANTS' ANSWER TO SECOND
AMENDED COMPLAINT AND
COUNTERCLAIMS
2:24-cv 00382-GMN-MDC

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
710 SOUTH SEVENTH STREET, LAS VEGAS, NEVADA 89101
Phone: 702.382.5222 • Fax: 702.382.0540
www.campbellandwilliams.com