NICHOLAS J. SANTORO (NBN 532)
JASON D. SMITH (NBN 9691)
TYLER B. THOMAS (NBN 16637)
**SPENCER FANE**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 408-3400 / Fax: (702) 938-8648
Email:   nsantoro@spencerfane.com
         jdsmith@spencerfane.com
         tbthomas@spencerfane.com

PETER SWANSON (*pro hac vice*)
GARY RUBMAN (*pro hac vice*)
SIMEON BOTWINICK (*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel.: (202) 662-6000
Email: pswanson@cov.com
       grubman@cov.com
       sbotwinick@cov.com

ZIWEI SONG (*pro hac vice*)
**COVINGTON & BURLING LLP**
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Tel.: (415) 591-6000
Email: ksong@cov.com

*Attorneys for Plaintiffs/Counterclaim-Defendants Aristocrat Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES, INC. and ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LTD.,<br><br>Plaintiffs/Counterclaim-Defendants,<br><br>vs.<br><br>LIGHT & WONDER, INC., LNW GAMING, INC., and SCIPLAY CORPORATION,<br><br>Defendants/Counterclaim-Plaintiffs. | Case No. 2:24-cv-00382-GMN-MDC<br><br>**SECOND AMENDED STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(SPECIAL SCHEDULING REVIEW REQUESTED)** |

Plaintiffs Aristocrat Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd. ("Aristocrat") and Defendants Light & Wonder, Inc., LNW Gaming, Inc., and SciPlay Corporation ("L&W"), by and through their respective undersigned counsel, hereby stipulate and agree, subject to the Court's approval, to the following second amended discovery plan and scheduling order in this matter pursuant to Fed. R. Civ. P. 26(f) and LR 26-1. By this amended discovery plan and scheduling order, the parties seek an approximately three-month extension of the fact discovery deadline (and similar extensions of the remaining deadlines), which is warranted to allow for the orderly completion of discovery in this complex case. This is the parties' first request for an extension of the discovery schedule, and it is supported by good cause, as explained below.

### A. **Statement of the Discovery Completed**

Since the Court's entry of the First Amended Discovery Plan and Scheduling Order, *see* ECF No. 153, the parties have continued to actively engage in extensive discovery related to the claims and defenses at issue in this case. As of the present submission, the parties have served and responded to dozens of discovery requests across eleven sets of requests for production, nine sets of interrogatories, and one set of requests for admission. In addition, the parties have collected and produced significant numbers of documents in rolling document productions and have exchanged proposed search terms for additional document searches and productions. The parties have conducted the depositions of two fact witnesses and noticed a third fact deposition, and the Court has granted a request for international judicial assistance for the taking of evidence abroad (ECF No. 178).

Throughout the discovery process, the parties have remained in continuous contact—participating in numerous meet-and-confers to discuss and work towards resolution of discovery issues and disputes as they arise. The parties have also cooperated in setting up the framework and provisions required to complete discovery in a complex litigation. *See, e.g.*, ECF No. 47 (joint motion for entry of stipulated protective order); ECF No. 167 (joint motion to modify stipulated protective order as to source code); ECF No. 205 (proposing stipulation on discovery of electronically stored information). These discovery efforts have taken place while the parties

1  engaged in extensive motions practice, including a motion to dismiss, a motion to stay discovery,
2  a motion for preliminary injunction, and a motion to enforce the preliminary injunction.

### B. Description of the Discovery That Remains to Be Completed

While the parties have engaged in substantial discovery so far, the parties are continuing to work on certain outstanding discovery items. Following the Court's recent order granting the parties' electronically stored information ("ESI") stipulation, ECF No. 209, the parties are discussing search terms and custodians for additional ESI searches, and the parties are also discussing searches that Aristocrat has asked L&W to run on game math servers. Once the parameters of the parties' ESI searches have been resolved, the parties will require time to conduct the searches, produce the search results, and review the produced documents. The parties are also continuing to identify, review, and produce other documents in response to requests for production, including requests that were recently served, and the parties are continuing to respond to interrogatories and update interrogatory responses.

The parties intend to notice and schedule the depositions of numerous witnesses, including third-party witnesses, located in multiple countries. The parties also intend to prepare and serve Rule 30(b)(6) deposition notices.

### C. Good Cause Exists for the Parties' Request for Additional Time

Good cause exists to extend the current fact discovery deadline of June 30, 2025, by approximately three months, because of the needs of the litigation and the parties' desire to complete discovery in a timely and orderly manner. As this Court has recognized, this litigation is "a complex trade secret matter that will necessitate voluminous document discovery and depositions (lay and expert)." ECF No. 153 at 1. The ongoing complexities posed by this litigation merit an extension of the discovery deadlines despite the parties' diligent efforts so far.

Since the parties submitted the previous discovery plan and scheduling order, the scope of the litigation has expanded. In February 2025, L&W filed an amended answer asserting an additional affirmative defense. ECF No. 197. In March 2025, Aristocrat amended its complaint to, *inter alia*, accuse additional L&W games of trade secret misappropriation. ECF No. 206. In

response, L&W filed an amended answer asserting additional defenses. ECF No. 220. The expanded claims and defenses will require additional discovery beyond what the parties originally anticipated.

The parties are working together to complete the necessary discovery but will need more time to do so. In particular, the parties have been negotiating additional ESI searches that each party will run pursuant to the negotiated ESI stipulation, *see* ECF No. 209, and additional discovery directed to Aristocrat's efforts to investigate its claims. Although the parties have been meeting and conferring about these additional ESI searches and documents, the parties have not reached agreement. In addition, L&W has agreed to produce certain documents and provide updated accountings regarding its compliance with the preliminary injunction by mid-June 2025, and the Court has scheduled a hearing on the parties' pending discovery disputes for June 23, 2025. ECF No. 222. An extension of the discovery deadline will allow the parties to complete their discovery discussions, conduct the searches, and produce and review the documents, as well as providing any discovery ordered by the Court in response to the parties' discovery disputes.

An extension would also facilitate the timely and orderly completion of discovery. Under the current discovery deadline, the parties would need to take the remaining depositions before the completion of much of the document discovery described above. This would be especially inefficient in this case because certain of the outstanding discovery that the parties are discussing could affect the scope of the case and could lead to additional requests for documents or ESI searches. An extension would promote efficiency by ensuring that the parties have all material information—and understand the full scope of the litigation—prior to completing depositions.

The number and location of depositions in this case also warrants an extension. In this case, the parties are permitted to take up to fifteen depositions per side without consent or leave of Court. An appreciable number of witnesses are located in Australia, and the parties have agreed to coordinate on these depositions to the extent possible to ensure that they can be completed in an efficient manner. An extension will provide for a greater opportunity to address the logistics associated with scheduling these foreign depositions.

Other complexities in this litigation also support the need for an extension of the discovery deadline. For example, the parties are engaged in litigation in Australia involving related issues. The parties are actively working towards a negotiated agreement that will permit each party to share information between this litigation and the parallel Australian litigation. Such an agreement would facilitate discovery in both litigations, and the parties are continuing to coordinate with each other and Australian counsel to reach an agreement. An extension in this case will allow for a greater opportunity for coordination between the two cases in an effort to avoid inefficiencies.

The parties have been proactively engaged in this litigation and have worked diligently to comply with the Court's discovery deadlines. For the reasons discussed above, the parties submit that good cause exists for the Court to grant an approximately three-month extension of the discovery deadline (and similar extensions of the other remaining deadlines), in order to facilitate an efficient and orderly completion of discovery.

**D.     The Parties' Proposed Schedule**

The parties agree and propose, subject to the Court's approval, that discovery should proceed apace according to the following schedule:

| Deadline | Current Date | Proposed Date |
|---|---|---|
| Close of fact discovery | June 30, 2025 | September 29, 2025 (approximately seventeen (17) months from date of the LR 26(f) conference) |
| Deadline for disclosures concerning burden of proof experts | August 1, 2025 | October 31, 2025 (approximately two (2) months before expert discovery deadline) |
| Deadline for disclosures of rebuttal experts | September 2, 2025 | December 5, 2025 (approximately one (1) month before expert discovery deadline) |
| Close of expert discovery | September 30, 2025 | January 16, 2026 (approximately twenty (20) months from date of LR 26(f) conference) |
| Deadline for filing dispositive motions | October 31, 2025 | February 17, 2026 (approximately one (1) month after the expert discovery deadline) |
| Deadline for filing joint pretrial order (which shall include the disclosures required pursuant to Fed. R. Civ. P. 26(a)(3), and any objections thereto)[1] | November 24, 2025 | March 13, 2026 (approximately one (1) month after the deadline for filing dispositive motions) |

1. **Joint Statement Regarding Longer Discovery Period (LR 26-1(b))**: The parties request a longer discovery period than set forth in LR 26-1(b)(1) due to the likely scope and volume of discovery and certain contested discovery issues that may require discovery motion practice.

E. **Information Pursuant to Fed. R. Civ. P. 26(f)**

1. **Initial Disclosures:** The parties previously exchanged initial disclosures on May 3, 2024. L&W served first supplemental disclosures on July 26, 2024, and second supplemental disclosures on October 16, 2024, which L&W amended on December 13, 2024.

---

[1] If dispositive motions are filed, the deadline for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motions or until further order of the Court.

2. **Subjects of Discovery:** The parties agree that discovery should extend to the full extent allowed by the Federal Rules of Civil Procedure and that discovery should not be limited to any particular issue (without prejudice to a party's right to object to discovery or seek a protective order).

3. **Phasing and Timing of Discovery:** The parties agree that expert discovery should close after the close of fact discovery.

4. **Issues Regarding Disclosure of Electronically Stored Information:** The parties do not anticipate any unique issues concerning discovery of electronically stored information.

5. **Issues About Claims of Privilege/Protection of Trial Preparation Materials**: The parties agree that they are not required to identify on a privilege log any privileged documents that (a) were created on or after December 23, 2023, the filing of the application in *Aristocrat Techs. Australia Pty Ltd. v. Light & Wonder, Inc. et al.* (2023) No. NSD1576 (Fed. Ct. Austl.) (the "Australian Proceeding"), or (b) consist of work product of or communications involving counsel of record in this action or the Australian Proceeding. The parties will negotiate a mutually agreeable time for the exchange of privilege logs.

6. **Changes Made in Limitations on Discovery**: The parties have discussed and agreed on the following modifications to limitations on discovery.

    **i.**   **Fact Depositions**:

        1.   The Court previously set a limit of 15 fact depositions, including third parties but not experts. ECF No. 153, ¶ IV.A. The parties agree that a deposition pursuant to Rule 30(b)(6) counts as a single deposition regardless of the number of witnesses designated to provide testimony. However, if any designated Rule 30(b)(6) witnesses are also deposed in their personal capacity under Rule 30(b)(1), then each of the personal depositions will count separately against the deposition limit. The parties may take additional depositions by stipulation or with leave of Court.

        2.   The duration of depositions will be governed by the Federal Rules

of Civil Procedure, in particular Rule 30(d)(1), except for any Rule 30(b)(6) depositions of a party. Aristocrat's position is that the parties should agree to meet and confer in good faith regarding the duration of Rule 30(b)(6) depositions of a party. L&W's position is that the duration of the Rule 30(b)(6) depositions should be as set forth in the Federal Rules of Civil Procedure.

3.   The parties will attempt to schedule the Rule 30(b)(6) testimony sessions at the convenience of the witnesses. The parties agree to provide reasonable notice to each other in advance of a Rule 30(b)(6) deposition of both the deponent(s) and the topics that the deponent will address.

4.   The parties agree that, as to the deponent designated by the responding party, if the noticing party desires an individual deposition of that deponent, both the individual deposition and the 30(b)(6) deposition will be taken in a single continuous deposition, absent good cause for holding depositions separately.

5.   The parties agree to negotiate in good faith to identify a mutually agreeable location for depositions.

**ii.**   **Requests for Admission**: Each side will be limited to fifty (50) requests for admission, exclusive of requests to establish the admissibility of documents. As part of their pre-trial conference, however, the parties agree to work in good faith toward a suitable stipulation regarding the authenticity and admissibility of intended trial exhibits. No other modifications to the default discovery limitations are needed at this time.

**iii.**   **Electronic Copies and Service:** Pursuant to Rule 5(b)(2)(E), the parties consent to service by electronic means and service shall be "complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served." Service of all documents filed with the Court shall be made through the Court's ECF system.

Electronic service on Aristocrat will be made to at least the following:

nsantoro@spencerfane.com

jdsmith@spencerfane.com

mvallette@spencerfane.com

pswanson@cov.com

grubman@cov.com

sbotwinick@cov.com

ksong@cov.com

Aristocrat-LW-Cov@cov.com

Electronic service on L&W will be made to at least the following:

pre@cwlawlv.com

nmanne@susmangodfrey.com

jgrinstein@susmangodfrey.com

rmagni@susmangodfrey.com

ewilson@susmangodfrey.com

dcheian@susmangodfrey.com

anassar@susmangodfrey.com

**F.** **Other Orders:** The parties previously submitted a stipulated protective order to govern the exchange of confidential documents and information, ECF No. 47, which the Court entered, ECF No. 50.

**G.** **Settlement:** In accordance with Fed. R. Civ. P. 26(f) and LR 26-1(b)(7), the parties have discussed the possibility of using alternative dispute-resolution processes including mediation and arbitration but have not reached any agreement at this time.

**H.** **Alternative Forms of Case Disposition:** The parties have considered consenting to trial by magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, as well as the Short Trial Program. The parties decline to engage in those programs. LR 26-1(b)(8).

**I.** **Electronic Evidence:** The parties anticipate presenting evidence in electronic form to jurors for jury deliberation purposes. The parties anticipate reaching stipulations regarding

disclosure of electronically stored information in a format that is compatible with the Court's electronic display system. LR 26-1(b)(9).

**J.** **Later Appearing Parties:** A copy of this discovery plan and scheduling order shall be served upon any person served after it is entered or, if additional defendants should appear, within five (5) days of their first appearance. This discovery plan and scheduling order shall apply to such later appearing parties, unless the parties stipulate otherwise with the Court's approval or the Court otherwise orders.

**K.** **Additional Information:** None.

**L.** **Court Conference:** The parties do not request a conference with the Court before the entry of this discovery plan and scheduling order.

IT IS SO ORDERED:

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

Dated: 5/2/2025

| | |
|---|---|
| Dated: April 30, 2025 | Dated: April 30, 2025 |
| */s/ Jason D. Smith* | */s/ Neal S. Manne* |
| NICHOLAS J. SANTORO (NBN 532) | PHILIP R. ERWIN, ESQ. (11563) |
| JASON D. SMITH (NBN 9691) | **CAMPBELL & WILLIAMS** |
| TYLER B. THOMAS (NBN 16637) | 710 South Seventh Street, Suite A |
| **SPENCER FANE LLP** | Las Vegas, Nevada 89101 |
| 300 South Fourth Street, Suite 1600 | Tel: (702) 382-5222 / Fax: (702) 382-0540 |
| Las Vegas, Nevada 89101 | Email: pre@cwlawlv.com |
| Tel.: (702) 408-3400 / Fax: (702) 938-8648 | |
| Email:  nsantoro@spencerfane.com | NEAL S. MANNE (*pro hac vice*) |
|          jdsmith@spencerfane.com | JOSEPH S. GRINSTEIN (*pro hac vice*) |
|          tbthomas@spencerfane.com | ROCCO MAGNI (*pro hac vice*) |
| | **SUSMAN GODFREY L.L.P** |
| PETER SWANSON (*pro hac vice*) | 1000 Louisiana Street, Suite 5100 |
| GARY RUBMAN (*pro hac vice*) | Houston, Texas 77002-5096 |
| SIMEON BOTWINICK (*pro hac vice*) | Telephone: (713) 651-9366 |
| **COVINGTON & BURLING LLP** | Fax: (713) 654-6666 |
| One CityCenter | nmanne@susmangodfrey.com |
| 850 Tenth Street, NW | jgrinstein@susmangodfrey.com |
| Washington, DC 20001 | rmagni@susmangodfrey.com |
| Tel.: (202) 662-6000 | |
| Email: pswanson@cov.com | ERIK WILSON |
|          grubman@cov.com | (*pro hac vice*) |
|          sbotwinick@cov.com | **SUSMAN GODFREY L.L.P** |
| | 1900 Avenue of the Stars, Suite 1400 |
| ZIWEI SONG (*pro hac vice*) | Los Angeles, California 90067 |
| **COVINGTON & BURLING LLP** | Tel.: (310) 789-3100 |
| Salesforce Tower | Email: ewilson@susmangodfrey.com |
| 415 Mission Street, Suite 5400 | |
| San Francisco, CA 94105-2533 | DINIS CHEIAN |
| Tel.: (415) 591-6000 | (*pro hac vice*) |
| Email: ksong@cov.com | ANDREW NASSAR |
| | (*pro hac vice*) |
| *Attorneys for Plaintiffs/Counterclaim-Defendants Aristocrat Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd.* | **SUSMAN GODFREY L.L.P** |
| | One Manhattan West |
| | New York, New York 10001-8602 |
| | Tel.: (212) 729-2077 |
| | Email: dcheian@susmangodfrey.com |
| | anassar@susmangodfrey.com |
| | |
| | *Attorneys for Defendants/Counterclaim-Plaintiffs Light & Wonder, Inc., LNW Gaming, Inc., and SciPlay Corporation.* |