1  NICHOLAS J. SANTORO
   (Nevada Bar No. 532)
2  JASON D. SMITH
   (Nevada Bar No. 9691)
3  TYLER B. THOMAS
   (Nevada Bar No. 16637)
4  **SPENCER FANE LLP**
   300 South 4th Street, Suite 1600
5  Las Vegas, Nevada 89101
   Tel.: (702) 408-3400
6  Email: nsantoro@spencerfane.com
           jdsmith@spencerfane.com
7          tbthomas@spencerfane.com

8  PETER A. SWANSON (*pro hac vice*)          ZIWEI SONG
   GARY M. RUBMAN (*pro hac vice*)            (*pro hac vice*)
9  MATTHEW KUDZIN (*pro hac vice*)            **COVINGTON & BURLING LLP**
   ALEXANDER TRZECIAK (*pro hac vice*)        Salesforce Tower
10 DANIEL FARNOLY (*pro hac vice*)            415 Mission Street, Suite 5400
   **COVINGTON & BURLING LLP**                San Francisco, CA 94105-2533
11 One CityCenter                             Tel.: (415) 591-6000
   850 Tenth Street, NW                       Email: ksong@cov.com
12 Washington, DC 20001
   Tel.: (202) 662-6000
13 Email: pswanson@cov.com; grubman@cov.com;
           mkudzin@cov.com; atrzeciak@cov.com;
14         dfarnoly@cov.com

*Attorneys for Plaintiffs/Counterclaim-Defendants*
*Aristocrat Technologies, Inc. and*
*Aristocrat Technologies Australia Pty Ltd.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES, INC. and ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LTD., | Civil Case No.: 2:24-cv-00382-GMN-MDC |
| Plaintiffs/Counterclaim-Defendants, | **STIPULATED ORDER REGARDING PRELIMINARY INJUNCTION** |
| v. | |
| LIGHT & WONDER, INC., LNW GAMING, INC., and SCIPLAY CORPORATION, | |
| Defendants/Counterclaim-Plaintiffs. | |

Plaintiffs Aristocrat Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd. (together, "Aristocrat") and Defendants Light & Wonder, Inc., LNW Gaming, Inc., and SciPlay Corporation (together, "L&W"), respectfully submit this stipulation and agreement, subject to the Court's approval, regarding the preliminary injunction entered in this case, ECF Nos. 125, 136 (together, the "PI Order").

In connection with this stipulation, the parties state that:

1. Since L&W submitted its certifications of compliance with the PI Order on October 23, 2024, and November 6, 2024, ECF Nos. 154, 155, L&W has provided discovery that Aristocrat contends revealed evidence of misappropriation in connection with L&W games other than Dragon Train.

2. In a filing on December 12, 2024, L&W acknowledged that documents related to one of its unreleased games "appeared to contain weight values present in Aristocrat's game math for Dragon Link/Lightning Link." ECF No. 174 at 11.

3. On March 7, 2025, L&W produced additional game development documents, which L&W informed Aristocrat had only recently been discovered. On March 14, 2025, Aristocrat sent L&W a letter asserting that game math spreadsheets produced by L&W showed the use of Aristocrat trade secrets in connection with Jewel of the Dragon, a game that L&W released in 2022. Aristocrat's contentions are based in part on the presence of Dragon Link and/or Lightning Link weight table values in the Jewel of the Dragon spreadsheets. L&W disputes Aristocrat's contention that the weight table values constitute Aristocrat trade secrets.

4. On March 21, 2025, L&W informed Aristocrat that L&W would agree to treat Jewel of the Dragon as subject to the Court's PI Order, on a voluntary basis.

5. On March 28, 2025, L&W produced Aristocrat PAR sheets relating to Lightning Link that were in the possession of a L&W game designer who worked on Jewel of the Dragon.

6. The documents described above were not included in the accountings that L&W previously provided pursuant to the PI Order on or before November 6, 2024.

7. L&W has since limited access to Jewel of the Dragon math and development files on its Perforce and SVN gaming repositories. L&W has also voluntarily taken steps to comply with Paragraphs 1 and 2 of the stipulation that are set forth below.

## STIPULATION

In light of the foregoing developments, the parties hereby stipulate and agree, subject to the Court's approval, as follows:

1. The "use or disclosure" enjoined under the PI Order, ECF No. 125 at 20, includes without limitation any continued or planned sale, leasing, or other commercialization of Jewel of the Dragon. *See id.* Accordingly, L&W shall, as permitted by applicable gaming regulations and contractual requirements, (a) withdraw all installations of Jewel of the Dragon that are leased to customers, (b) offer to replace all installations that have been sold to customers, and (c) take down all online Jewel of the Dragon games.

2. In addition, L&W shall (a) search for and identify all documents and materials in its possession, custody, or control reflecting Plaintiffs' Trade Secrets (as defined in the PI Order) that were not previously identified pursuant to the PI Order, ECF No. 125 at 20, which search shall include without limitation running the keyword searches negotiated by the Parties across the game math and development file repositories Perforce and SVN; (b) provide updated accountings pursuant to Paragraphs B and D of the PI Order, *id.* at 20–21; (c) isolate all identified documents and materials pursuant to Paragraph C of the PI Order, *id.* at 20; and (d) produce to Aristocrat all documents and materials identified in the accountings described in paragraph 2(b) of this stipulation (to the extent not already produced or duplicative). If Aristocrat identifies documents from these accountings for which it does not seek production, L&W will not be required to produce them.

3. By July 31, 2025, L&W shall file a certificate of compliance with the requirements set forth in Paragraphs 1 and 2 of this order. *See id.* at 21; ECF No. 136 at 2. If, despite L&W's best efforts, L&W has not yet been able to complete the withdrawal of Jewel of the Dragon games in France, Luxembourg, Switzerland, or the Turkish Republic of Northern Cyprus, or on cruise

ships, by July 31, 2025, then L&W shall include in its certificate of compliance an explanation of the steps it is taking to facilitate the removal of those games as expeditiously as possible and the expected timeframe for completion.

4. The $1 million bond previously posted by Aristocrat pursuant to the PI Order, ECF No. 130, shall also provide security in the event that L&W is found to have been wrongfully enjoined with respect to Jewel of the Dragon. *See* ECF No. 125 at 19–21.

**IT IS SO ORDERED** *nunc pro tunc.*

_____
UNITED STATES DISTRICT JUDGE

DATED: July 17, 2025

Dated: July 17, 2025

/s/ *Philip Erwin*

**CAMPBELL & WILLIAMS**
PHILIP R. ERWIN, ESQ.
pre@cwlawlv.com
710 South Seventh Street
Las Vegas, Nevada 89101

**SUSMAN GODFREY L.L.P.**
NEAL MANNE (*pro hac vice*)
JOESEPH GRINSTEIN (*pro hac vice*)
ROCCO MAGNI (*pro hac vice*)
ASHLEY MCMILLIAN (*pro hac vice*)
MEGAN E. GRIFFITH (*pro hac vice*)
1000 Louisiana, Suite 5100
Houston, Texas 77002
Email: nmanne@susmangodfrey.com
    jgrinstein@susmangodfrey.com
    rmagni@susmangodfrey.com
    amcmillian@susmangodfrey.com
    mgriffith@susmangodfrey.com

**SUSMAN GODFREY L.L.P.**
ERIK WILSON (*pro hac vice*)

Dated: July 17, 2025

/s/ *Jason D. Smith*

NICHOLAS J. SANTORO
(Nevada Bar No. 532)
JASON D. SMITH
(Nevada Bar No. 9691)
TYLER B. THOMAS
(Nevada Bar No. 16637)
**SPENCER FANE LLP**
300 South 4th Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 408-3400
Email: nsantoro@spencerfane.com
    jdsmith@spencerfane.com
    tbthomas@spencerfane.com

PETER A. SWANSON (*pro hac vice*)
GARY M. RUBMAN (*pro hac vice*)
MATTHEW KUDZIN (*pro hac vice*)
ALEXANDER TRZECIAK (*pro hac vice*)
DANIEL FARNOLY (*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW

1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Email: ewilson@susmangodfrey.com

**SUSMAN GODFREY L.L.P.**
DINIS CHEIAN (*pro hac vice*)
ANDREW NASSAR (*pro hac vice*)
One Manhattan West, 50th Fl.
New York, NY 10001
Email: dcheian@susmangodfrey.com
          anassar@susmangodfrey.com

*Attorneys for Defendants Light & Wonder, Inc., LNW Gaming, Inc., and SciPlay Corporation.*

Washington, DC 20001
Tel.: (202) 662-6000
Email: pswanson@cov.com;
grubman@cov.com; mkudzin@cov.com;
atrzeciak@cov.com; dfarnoly@cov.com

ZIWEI SONG (*pro hac vice*)
**COVINGTON & BURLING LLP**
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Tel.: (415) 591-6000
Email: ksong@cov.com

*Attorneys for Plaintiffs/Counterclaim-Defendants Aristocrat Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd.*