1   NICHOLAS J. SANTORO
    (Nevada Bar No. 532)
2   JASON D. SMITH
    (Nevada Bar No. 9691)
3   TYLER B. THOMAS
    (Nevada Bar No. 16637)
4   **SPENCER FANE LLP**
    300 South 4th Street, Suite 1600
5   Las Vegas, Nevada 89101
    Tel.: (702) 408-3400
6   Email: nsantoro@spencerfane.com
           jdsmith@spencerfane.com
7          tbthomas@spencerfane.com

8   PETER A. SWANSON (pro hac vice)          ZIWEI SONG
    GARY M. RUBMAN (pro hac vice)            (*pro hac vice*)
9   MATTHEW KUDZIN (pro hac vice)            **COVINGTON & BURLING LLP**
    ALEXANDER TRZECIAK (pro hac vice)        Salesforce Tower
10  DANIEL FARNOLY (pro hac vice)            415 Mission Street, Suite 5400
    **COVINGTON & BURLING LLP**              San Francisco, CA 94105-2533
11  One CityCenter                           Tel.: (415) 591-6000
    850 Tenth Street, NW                     Email: ksong@cov.com
12  Washington, DC 20001
    Tel.: (202) 662-6000
13  Email: pswanson@cov.com;
    grubman@cov.com
14  mkudzin@cov.com; atrzeciak@cov.com
    dfarnoly@cov.com
15
    *Attorneys for Plaintiffs/Counterclaim-Defendants*
16  *Aristocrat Technologies, Inc. and*
    *Aristocrat Technologies Australia Pty Ltd.*
17

18                  **UNITED STATES DISTRICT COURT**

19                       **DISTRICT OF NEVADA**

20  ARISTOCRAT TECHNOLOGIES, INC. and
    ARISTOCRAT TECHNOLOGIES                      Case No. 2:24-cv-00382-GMN-MDC
21  AUSTRALIA PTY LTD.,

22          Plaintiffs/Counterclaim-Defendants,   **MOTION FOR LEAVE TO FILE UNDER
            v.                                     SEAL PORTIONS OF THE PARTIES'
23                                                 STIPULATION REGARDING
    LIGHT & WONDER, INC., LNW GAMING,             DISCOVERY DISPUTE**
24  INC., and SCIPLAY CORPORATION,

25          Defendants/Counterclaim-Plaintiffs.

26

27

28

1    Pursuant to LR IA 10-5 of the Local Rules of the District of Nevada, Plaintiffs Aristocrat

2    Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd. (collectively, "Aristocrat") and

3    Defendants Light & Wonder, Inc., LNW Gaming, Inc., and SciPlay Corporation (collectively,

4    "L&W") respectfully move for leave to file under seal limited portions of the parties' Stipulation

5    Regarding Discovery Dispute ("Stipulation") and certain materials accompanying the Stipulation.

6                    **MEMORANDUM OF POINTS AND AUTHORITIES**

7    Sealing is warranted upon a showing of "good cause" where, as here, the sealing relates to

8    a "discovery motion unrelated to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*,

9    809 F.3d 1092, 1097–98 (9th Cir. 2016); *see also* ECF No. 195 at 1 ("Since this is a discovery

10   issue, the lower "good cause" standard applies in this instance to seal the information in question.")

11   (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006)). This is

12   because "[m]aterials submitted to a court for its consideration of a discovery motion are actually

13   one step further removed in public concern from the trial process than the discovery materials

14   themselves." *United States v. Sleugh*, 896 F.3d 1007, 1015 (9th Cir. 2018) (internal quotations

15   omitted). Therefore, "[f]or good cause to exist, the party seeking protection bears the burden of

16   showing specific prejudice or harm will result if no protective order is granted." *Phillips v. General*

17   *Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

18   Aristocrat states that a portion of the Stipulation (redaction marked on p. 3, ¶ 4) reveals

19   details about Aristocrat's confidential and trade secret game design and game math information,

20   including the mathematical designs of Dragon Link and Lightning Link.[1] As Aristocrat has

21   explained in prior submissions—and the Court has previously recognized—the Lightning Link

22   and Dragon Link game math and design information is highly confidential to Aristocrat, derives

23   substantial economic value from not being generally known or readily ascertainable, is subject to

24   more than reasonable measures by Aristocrat to maintain its secrecy, and ranks among Aristocrat's

25   most valuable intellectual property. *E.g.*, ECF No. 53 at 3–4; ECF No. 100 at 1 n.1; ECF No. 110.

26

27   _____
[1] For the purposes of this motion, L&W takes no position on whether Aristocrat's characterization
28   of its information is accurate or if the information identified by Aristocrat in this paragraph should
     be sealed.

1  Public disclosure of this information could significantly harm Aristocrat's competitive standing,

2  including by exposing its confidential game design and enabling competitors to fully analyze and

3  replicate, adapt, or improve upon the games that have dominated the market as Aristocrat's

4  exclusive flagship products for the past decade. *E.g.*, ECF No. 53 at 3–4. The Court has previously

5  permitted sealing of similar information under the "compelling reasons" standard, *e.g.*, ECF No.

6  100 at 1 n.1; ECF No. 110; ECF No. 137; ECF No. 190 at 1 n.1, and Aristocrat respectfully requests

7  that it do so again here under the lower "good cause" standard.

8        L&W states that there is good cause to seal the requested information. All the information

9  sought to be sealed herein has been previously sealed by the Court and/or previously designated

10  and treated as confidential or attorneys' eyes only by the parties under the operative Protective

11  Order. Where possible, the information sought to be sealed has been narrowly redacted. As

12  explained below, good cause exists to seal the information below because it would reveal non-

13  public, confidential, and sensitive commercial details about[2]:

14        1.  Already sealed filings, and sealed information within those filings, at ECF Nos. 77, 77-

15             1, 77-8, 87, 106, 106-1, and 173.

16                a.  Location: Stipulation (sealed information described or quoted at pp. 7-9).

17

18        2.  L&W's attorney led investigative policies, processes, procedures, results, and related

19             information (including descriptions of such quoted or derived from L&W's

20             confidential interrogatory responses), which if publicly revealed, would harm the

21             company business interests, including by discouraging the necessary free flow of

22             information between company attorneys and employees. *See, e.g.*, *Jasso v. Wells Fargo*

23             *Bank*, 2023 WL 4549564, at *1 (D. Nev. June 15, 2023) (finding good cause to seal

24             "because these documents include information about [Defendant]'s internal, non-

25             public investigative processes and procedures. These internal and non-public

26

27  [2] For the purposes of this motion, Aristocrat takes no position on whether L&W's characterization
    of its information is accurate or if the information identified by L&W in this paragraph should be
28  sealed.

investigative processes and procedures constitute sensitive, commercially related information. Protecting this non-public information outweighs the public interest in accessing this litigation's records or understanding the judicial process in relation to this case.") (citing and quoting *Aevoe Corp. v. Ae Tech. Co.*, 2013 WL 2302310, *1 (D. Nev. May 24, 2013); *Dannenbring v. Wynn Las Vegas, LLC*, 2013 WL 2460401, at *4-6 (D. Nev. June 6, 2013).

      a. <u>Location</u>: Stipulation (redactions at pp. 3-5, 7-12); Exs. B-C (fully sealed); Ex. D (redactions at pp. 1-3); Ex. E (redactions at pp. 2-5), Ex. F (redactions at pp. 1-3, 6); Ex. G (redactions at pp. 11, 13-14).

3. L&W's processes and practices related to game design and competitor analysis/research, which if publicly revealed, would harm: (A) <u>L&W</u> by allowing competitors insight into the core (and most secretive and commercially valuable) aspects of its game design process, game development timelines, game information confidentiality practices and procedures, analysis and comparison of other games, analysis and comparison of competitors' games, and opinions on game products, game math, game design, and game strengths and weaknesses; and (B) <u>third party competitors</u> by releasing analyses and opinions about their games, including how they function and what aspects can be reverse engineered (and how), including aspects that these competitors may claim to be confidential and/or trade secrets. *See, e.g.*, *Pacira Pharms., Inc. v. Rsch. Dev. Found.*, 2024 WL 4229046, at *2 (D. Nev. Sept. 17, 2024) (sealing internal "processes" and "technical information" about company's products); *Ashcraft v. Welk Resort Grp., Corp.*, 2019 WL 12518367, at *2 (D. Nev. Sept. 26, 2019) (sealing information from which "a competitor could reverse-engineer the rules governing that system"); *Sessa v. Ancestry.com Operations Inc.*, 2023 WL 1795856, at *2 (D. Nev. Feb. 6, 2023) (sealing "third-party confidential business information"; citing and quoting *Gunter v. United Fed. Credit Union*, 2017 U.S. Dist. LEXIS 134955, at *5 (D. Nev. Aug. 23, 2017), which found "good cause to seal documents reflecting

1    'trade secret[s] or other confidential research, development, or commercial

2    information'").

3        a.    Location: Stipulation (redactions at pp. 3-6).

4

5    4.    Settlement discussions between L&W and a former employee. *See Brissett v. Enter.*

6    *Leasing Co.-W. LLC*, 2024 WL 4580964, at *6 (D. Nev. Oct. 23, 2024) ("find[ing]

7    good cause to seal this document because it is a confidential, settlement

8    communication"); *see also See Boware v. Levi Strauss Distribution Ctr.*, 2024 WL

9    1930384, at *2 (D. Nev. May 2, 2024) (Couvillier, J.) (sealing settlement documents

10   and related communications; recognizing that the disclosure of settlement information

11   and communications can undermine the "public policy favoring the compromise and

12   settlement of disputes," under which "full and open disclosure [between parties and

13   counsel] is encouraged" by "preventing settlement negotiations from being admitted as

14   evidence") (quoting *United States v. Contra Costa Cty. Water Dist.*, 678 F.2d 90,92

15   (9th Cir. 1982); *Clausen v. Smith*, 2018 WL 6585274, at *2 (D. Nev. Dec. 14, 2018)

16   (striking confidential settlement communication attached to complaint; citing Local

17   Rule 16-5's prohibition on parties disclosing "any confidential dispute-resolution

18   communication that reveals the parties' dispute-resolution positions").

19       a.    Location: Stipulation (redactions at p. 5); Ex. E (redactions at p. 5).

20

21       Filed herewith is a public version of the Stipulation that redacts the portions in question.

22   L&W respectfully requests that the Court maintain the unredacted Stipulation and Exhibits B-G

23   under seal. Aristocrat joins L&W in respectfully requesting that the Court maintain the unredacted

24   Stipulation under seal.

25

26   Dated:  August 29, 2025                    Dated:  August 29, 2025

27   /s/ *Philip Erwin*                              /s/ *Jason D. Smith*

28   PHILIP R. ERWIN, ESQ.                     NICHOLAS J. SANTORO

(Nevada Bar No. 11563)
**CAMPBELL & WILLIAMS**
710 South Seventh Street
Las Vegas, NV 89101
Tel.: (702) 382-5222
Email: pre@cwlawlv.com

NEAL MANNE
(*pro hac vice*)
JOESEPH GRINSTEIN
(*pro hac vice*)
ROCCO MAGNI
(*pro hac vice*)
ASHLEY MCMILLIAN
(*pro hac vice*)
MEGAN E. GRIFFITH
(*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1000 Louisiana, Suite 5100
Houston, Texas 77002
Tel.: (713) 651-9366
Email: nmanne@susmangodfrey.com
    jgrinstein@susmangodfrey.com
    rmagni@susmangodfrey.com
    amcmillian@susmangodfrey.com
    mgriffith@susmangodfrey.com


ERIK WILSON
(*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel.: (310) 789-3100
Email: ewilson@susmangodfrey.com

DINIS CHEIAN
(*pro hac vice*)
ANDREW NASSAR
(*pro hac vice*)
**SUSMAN GODFREY L.L.P.**
One Manhattan West
New York, New York 10001-8602
Tel.: (212) 729-2077
Email: dcheian@susmangodfrey.com
    anassar@susmangodfrey.com

*Attorneys for Defendants/Counterclaim-*

(Nevada Bar No. 532)
JASON D. SMITH
(Nevada Bar No. 9691)
TYLER B. THOMAS
(Nevada Bar No. 16637)
**SPENCER FANE LLP**
300 South 4th Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 408-3400
Email: nsantoro@spencerfane.com
    jdsmith@spencerfane.com
    tbthomas@spencerfane.com

PETER SWANSON
(*pro hac vice*)
GARY RUBMAN
(*pro hac vice*)
MATTHEW KUDZIN
(*pro hac vice*)
ALEXANDER TRZECIAK
(*pro hac vice*)
DANIEL FARNOLY
(*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel.:  (202) 662-6000
Email: pswanson@cov.com
    grubman@cov.com
    sbotwinick@cov.com

ZIWEI SONG
(*pro hac vice*)
**COVINGTON & BURLING LLP**
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Tel.: (415) 591-6000
Email: ksong@cov.com

*Attorneys for Plaintiffs/Counterclaim-*
*Defendants Aristocrat Technologies, Inc. and*
*Aristocrat Technologies Australia Pty Ltd.*

1    *Plaintiffs Light & Wonder, Inc., LNW Gaming,*
2    *Inc., and SciPlay Corporation*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this August 29, 2025, a true and correct copy of the foregoing MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF THE PARTIES' STIPULATION REGARDING DISCOVERY DISPUTE was electronically filed and served upon the parties registered for service with the Court's Case Management and Electronic Case Filing (CM/ECF) system:

<u>/s/ *Marissa Vallette*</u>
An employee of SPENCER FANE LLP