PHILIP R. ERWIN, ESQ. (11563)
pre@cwlawlv.com
CAMPBELL & WILLIAMS
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

NEAL MANNE *(Pro Hac Vice)*
nmanne@susmangodfrey.com
ROCCO MAGNI *(Pro Hac Vice)*
rmagni@susmangodfrey.com
JOSEPH GRINSTEIN *(Pro Hac Vice)*
jgrinstein@susmangodfrey.com
MEGAN E. GRIFFITH *(Pro Hac Vice)*
mgriffith@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

ERIK WILSON *(Pro Hac Vice)*
ewilson@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Star, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
Facsimile:  (310) 789-3150

ANDREW NASSAR *(Pro Hac Vice)*
anassar@susmangodfrey.com
DINIS CHEIAN *(Pro Hac Vice)*
dcheian@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, New York 10001
Telephone: (212) 336-8330
Facsimile:  (212) 336-8340

*Attorneys for Defendants Light & Wonder, Inc.,
LNW Gaming, Inc., and SciPlay Corporation*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES, INC. and ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LTD., <br><br> Plaintiffs, <br> v. <br><br> LIGHT & WONDER, INC., LNW GAMING, INC., and SCIPLAY CORPORATION, <br><br> Defendants. | Case No. 2:24-cv-00382-GMN-MDC <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL BRIEFING REGARDING ECF NO. 252** |

Defendants Light & Wonder, Inc., LNW Gaming, Inc., and SciPlay Corporation ("L&W") oppose Plaintiffs Aristocrat Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd.'s ("Aristocrat") Motion for Leave to Submit Supplemental Briefing ("Supplemental Motion"), ECF No. 273. Aristocrat fails to show good cause because no further briefing is necessary to resolve the pending Motion to Modify Second Amended Stipulated Discovery Plan and Scheduling Order

1

("Motion to Extend"), ECF No. 252. Instead, Aristocrat's Supplemental Motion rehashes old arguments. Its "new" arguments rely on a mischaracterization of L&W's productions. Worse, Aristocrat's public filing uses misleading redactions that suggest "tainted game math" was used in other released L&W games—a flatly false suggestion. Thus, L&W respectfully asks this Court to deny the Supplemental Motion.

## ARGUMENT

Aristocrat has not shown good cause for leave to file supplemental briefing. Its Supplemental Motion misrepresents recent case developments and repeats arguments this Court has already rejected. Instead of focusing on completing discovery, Aristocrat devotes its efforts to prolonging it. The Court already has ample material to decide the pending Motion to Extend. Each of Aristocrat's purported reasons for supplemental briefing fails. Accordingly, Aristocrat's request to file supplemental briefing—yet another last-ditch attempt to delay—should be denied.[1]

*First*, contrary to Aristocrat's suggestion, L&W's recent productions demonstrate that no broad expansion of discovery is necessary. L&W has already conducted an ***exhaustive*** search for the specified game math ▆▆▆▆▆▆▆▆▆▆▆▆. This search yielded nothing related to any further released games. Instead, L&W found and produced two sets of files ▆▆▆▆▆▆▆▆▆▆▆▆▆▆. *See* Exs. 1, 2. As L&W has already explained to Aristocrat in a verified interrogatory supplement, the produced files do not relate to "game projects" as Aristocrat claims here—let alone released games as Aristocrat suggested to the world with its misleading redactions. Ex. 2. ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Neither of these files' contents were used in released games. *Id.*

*Second*, Aristocrat tries but fails to show that good cause exists to supplement its briefing by blaming third parties (former L&W employees) for challenging Aristocrat's Australian

---

[1] L&W maintains that Aristocrat has violated this Court's Standing Order by filing its Motion to Extend and this Supplemental Motion because these motions fail to adhere to the joint stipulation process for discovery disputes. *See* Standing Order, § II.B. Moreover, had Aristocrat followed that standing order here, it would have prevented its misleading redaction on the public record.

subpoenas. For one former L&W employee, Aristocrat claims that the subpoena challenge is untimely. But two other former employees had already been challenging their subpoenas on similar grounds, and all three challenges are expected to be decided together. Thus, the recent challenge does not prejudice Aristocrat. As for the other two former employees, Aristocrat claims that they challenged the subpoenas "on unspecified grounds." Suppl. Mot. at 2. Not so—their counsel specified those grounds in July 2025: (1) Aristocrat did not properly serve process; (2) Aristocrat failed to provide the required supporting documents for the subpoenas; and (3) the subpoenas are otherwise improper and too broad. Ex. 3. Finally, the subpoena challenges will be heard by an Australian court this week, and any depositions of these former L&W employees will follow shortly, from September 17–19. Aristocrat does not try to argue that taking those depositions within the existing discovery window requires extending the window. As this issue will be resolved soon, it is no basis to extend discovery.

**Third**, Aristocrat argues that outstanding discovery disputes justify extending discovery. But as L&W explained in its Opposition to the Motion to Extend ("Opposition"), ECF No. 273, those purported disputes surfaced only after Aristocrat filed its July 15 motion to extend discovery, demonstrating that they are nothing more than an attempt to fabricate grounds for prolonging discovery—far from a showing of good cause.

**Fourth**, Aristocrat accuses L&W of dragging its feet "on a wide range of discovery issues." Not so. L&W has produced extensive document productions in response to a significant number of categories: ▮, as detailed in L&W's Opposition. Even when looking to the substance of Aristocrat's proposed supplemental briefing, its claims about L&W's discovery responses are misleading and contradictory. None of them provide good cause to extend discovery, nor to supplement briefing.

- Aristocrat complains that L&W served an "expansive" Rule 30(b)(6) deposition notice on August 13, 2025. But Aristocrat omits that L&W sent a detailed email **on June 30** listing out the general topics L&W intended to address—a courtesy so that Aristocrat could have the time to identify and prepare witnesses. Ex. 4. Moreover, L&W's notice is no longer than Aristocrat's—the fact that Aristocrat chose to list many items as subtopics rather than separately numbering them does not make its list materially shorter.

- Aristocrat claims that L&W has not produced ▮

3

despite months of delay. What Aristocrat fails to disclose is that as recently as mid-July, the parties had been engaged in what L&W thought were good-faith negotiations to tailor Aristocrat's request for production to specific items, given the volume at issue and Aristocrat's past complaints about receiving voluminous and irrelevant productions. But two days after filing its Motion to Extend, Aristocrat pivoted and requested the "prompt" production of data it had just recently stated it did not want—a clear attempt to manufacture a dispute to justify an extension. *See* Opposition. Realizing any attempt to impose a reasonable limitation on this data dump had failed, L&W agreed to produce what Aristocrat requested.

- Relatedly, Aristocrat complains that L&W has made voluminous productions of ▬▬▬▬▬▬▬▬▬▬▬▬ that contain many irrelevant documents. But Aristocrat cannot have it both ways—demanding voluminous document productions, only to then protest when many of the documents prove irrelevant. That is especially the case here, where L&W has repeated explained how its search methodology is overinclusive by design.

- Aristocrat complains that L&W has not supplied a complete response to Interrogatory No. 22 and a PAR sheet discovery request. To be clear, Interrogatory No. 22 asks for information that lies in different departments within L&W and asks about changes in documents that are more time-consuming to respond to considering the preliminary injunction and stipulations. Yet L&W is working diligently to supplement this interrogatory response and to respond to the PAR sheet discovery request before the close of discovery.

- Aristocrat claims that L&W has not completed its production of additional game math from key word searches ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. In fact, L&W completed this production when it produced ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ on July 31, 2025. In its search of these servers, these were the only documents that contained anything responsive to the requests. And Aristocrat waited until August 22—***two months after*** the Court ruled on the prior discovery disputes, *see* ECF No. 247—to provide any additional key word searches in place of requesting "all" game math. *See* Ex. 5.

- Aristocrat complains that L&W has not indicated whether it has completed production of additional ESI searches proposed in April 2025. Notably, Aristocrat has refused to confirm completion when faced with the same request. *See* Ex. 6 (indicating that Aristocrat will "endeavor" to produce requested ESI, even though the requests had been outstanding for months). And Aristocrat's position has grown more bizarre, as it now insists that it has the right to modify or withdraw its ESI requests even after propounding them. *See* Ex. 7.

- Finally, L&W has requested information from Aristocrat regarding Aristocrat's PAR sheets and the dissemination of the alleged trade secrets. Aristocrat claims that L&W has refused to provide the same information. But the scope of discovery from each party is not identical when only one party's trade secrets are at issue. And Aristocrat has ***increased*** its demands for L&W's information even while stonewalling those requests from L&W. *See, e.g.*, Exs. 8, 9. At any rate, a known dispute is hardly a reason to extend discovery.

4

* * *

### CONCLUSION

Thus, L&W respectfully asks this Court to deny Aristocrat's motion for leave to submit supplemental briefing.

Dated:    September 2, 2025

By: */s/ Philip R. Erwin*
SUSMAN GODFREY L.L.P
NEAL MANNE (*pro hac vice*)
JOSEPH GRINSTEIN (*pro hac vice*)
ROCCO MAGNI (*pro hac vice*)
MEGAN E. GRIFFITH (*pro hac vice*)
1000 Louisiana, Suite 5100
Houston, Texas 77002

SUSMAN GODFREY L.L.P
ERIK WILSON (*pro hac vice*)
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067

SUSMAN GODFREY L.L.P
ANDREW NASSAR (*pro hac vice*)
DINIS CHEIAN (*pro hac vice*)
One Manhattan West, 50th Fl.
New York, NY 10001

CAMPBELL & WILLIAMS
PHILIP R. ERWIN, ESQ.
710 South Seventh Street
Las Vegas, Nevada 89101

*Attorneys for Defendants Light & Wonder, Inc., LNW Gaming, Inc., and SciPlay Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of September, 2025, I caused a true and correct copy of the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL BRIEFING REGARDING ECF NO. 252** to be served via CM/ECF on all parties or persons requiring notice.

<u>/s/ Philip R. Erwin</u><br>
Campbell & Williams

## INDEX OF EXHIBITS

| Exhibit No. | Document | Page Nos. |
|---|---|---|
| 1 | Email correspondence dated August 7 to 12, 2025 *(Filed Under Seal)* | 1 – 4 |
| 2 | Defendants' Fourth Amended Responses and Objections to Plaintiffs' Fifth Set of Interrogatories *(Filed Under Seal)* | 5 – 21 |
| 3 | July 23, 2025 Deutsch Miller Letter | 22 – 24 |
| 4 | Email correspondence dated June 30, 2025 | 25 – 26 |
| 5 | Email correspondence dated August 22, 2025 *(Filed Under Seal)* | 27 – 28 |
| 6 | Email correspondence dated August 8, 2025 *(Filed Under Seal)* | 29 – 44 |
| 7 | Email correspondence dated August 25, 2025 *(Filed Under Seal)* | 45 – 61 |
| 8 | Email correspondence dated July 16, 2025 *(Filed Under Seal)* | 62 – 68 |
| 9 | Email correspondence dated August 5, 2025 *(Filed Under Seal)* | 69 – 78 |