NICHOLAS J. SANTORO (NBN 532)
JASON D. SMITH (NBN 9691)
TYLER B. THOMAS (NBN 16637)
**SPENCER FANE LLP**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 408-3400 / Fax: (702) 938-8648
Email: nsantoro@spencerfane.com
         jdsmith@spencerfane.com
         tbthomas@spencerfane.com

PETER A. SWANSON (*pro hac vice*)
GARY M. RUBMAN (*pro hac vice*)
MATTHEW KUDZIN (*pro hac vice*)
ALEXANDER TRZECIAK (*pro hac vice*)
DANIEL FARNOLY (*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel.: (202) 662-6000
Email: pswanson@cov.com; grubman@cov.com
mkudzin@cov.com; atrzeciak@cov.com
dfarnoly@cov.com

ZIWEI SONG
(*pro hac vice*)
**COVINGTON & BURLING LLP**
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Tel.: (415) 591-6000
Email: ksong@cov.com

*Attorneys for Plaintiffs Aristocrat Technologies, Inc. and
Aristocrat Technologies Australia Pty Ltd.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES, INC. and ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>LIGHT & WONDER, INC., LNW GAMING, INC., and SCIPLAY CORPORATION,<br><br>Defendants. | Civil Case No. 2:24-cv-00382-GMN-MDC<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL BRIEFING** |

## INTRODUCTION

Good cause exists to permit supplemental briefing on Aristocrat's motion to modify the case schedule in light of multiple recent and emerging discovery issues that cannot feasibly be resolved in the next three weeks. L&W's opposition does not refute this. Just the opposite—it debates the substance of Aristocrat's underlying motion to modify the case schedule by arguing that none of the recent developments highlighted by Aristocrat warrant further discovery. L&W's arguments are meritless, and in any event underscore why supplemental briefing is necessary—both to lay out the facts of the new issues adding pressure to the current fact discovery deadline and to present the parties' respective arguments about those issues.

## ARGUMENT

The opposition identifies no basis on which to reject Aristocrat's request for supplemental briefing, much less to deny Aristocrat's underlying motion to modify the case schedule.

*First*, L&W does not deny that the use of Aristocrat's confidential game math in connection with ▉▉▉▉▉ and ▉▉▉▉▉ is further evidence of trade secret misappropriation. Worse, as L&W admits, it is evidence that L&W not only used Aristocrat's trade secrets in released games but also allowed L&W employees to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ to which L&W employees throughout the company had access. *See* ECF No. 280 at 2. This is also yet another instance in which evidence of misappropriation has come to light after the preliminary injunction, not through any investigation that L&W conducted on its own initiative, but as a result of discovery specifically requested by Aristocrat. This mounting evidence—as to both the extent of L&W's misappropriation and the infirmity of its investigative efforts—is more than enough good cause both to consider Aristocrat's supplemental briefing and to grant an extension of the case schedule.[1]

---

[1] L&W's accusation that Aristocrat used "misleading redactions" to describe the status of these game projects is baseless and a sideshow. At least one of the newly implicated games—▉▉▉

1   *Second*, L&W incorrectly asserts that the ongoing disputes in Australia regarding discovery as to multiple key former L&W employees, including Emma Charles, "will be resolved soon" and constitute "no basis to extend discovery." ECF No. 280 at 3. In fact, the Australian court held a hearing on those disputes on September 3 and stated that it would not make a substantive ruling for at least another two weeks, with the potential compliance date for the challenging employees delayed until at least the end of September. Without an extension in this case, that would leave no time for the parties to review, analyze, and conduct follow-up discovery on any information received from those critical witnesses.

*Third*, L&W's accusation that Aristocrat "fabricate[d]" the parties' outstanding discovery disputes, ECF No. 252 at 3, is both baseless and belied by L&W's own well-documented role in creating these disputes. This includes L&W's long-running refusal since the preliminary injunction to provide further game math discovery, which is the subject of a hearing that this Court recently set for October 17—weeks after the current close of fact discovery. ECF No. 282. It also includes, to list just a few examples: L&W's abuse of selective privilege assertions as both a sword and a shield since at least February, ECF No. 275 at 8; its attempt in August to revive a purported dispute over PAR sheet discovery that Aristocrat had understood to be resolved since June; and L&W's new position, taken just last week, that it categorically refuses to make its CEO available for deposition, even though he played a central role in several events that led to this litigation and has made statements that directly bear on, at minimum, evidence of L&W's knowing and willful misappropriation. Even the opposition hints at several other discovery issues that L&W may raise as to Aristocrat's document production, which would also require additional time (and if necessary, briefing) to resolve. ECF No. 275 at 4. These and other recent and emerging disputes further establish that (1) supplemental briefing is necessary to present the Court with complete context for Aristocrat's motion to modify the case schedule, and (2) that motion should be granted to give the

---

▬▬▬—is a released game, and in any event, misuse of Aristocrat's trade secrets constitutes misappropriation whether it is in a released game or in ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. *See* ECF No. 275 at 2.

1  Court and parties sufficient time to address the many significant and contentious discovery issues
2  that remain outstanding.

3        *Fourth*, L&W attempts to respond point-by-point "to the substance of Aristocrat's
4  proposed supplemental briefing" only underscore why the instant motion should be granted so that
5  both parties can fully present their arguments to the Court. ECF No. 280 at 3. And L&W's
6  arguments are wrong on the substance, as Aristocrat now briefly explains.

7        <u>Depositions.</u> L&W's complaints about Aristocrat's Rule 30(b)(6) topics (which, contrary
8  to L&W's assertion, are far less burdensome than L&W's topics) do not change the facts. With
9  the current deadline only a few weeks away: (1) multiple depositions, including of corporate
10 designees on numerous topics, remain outstanding on both sides; (2) both sides have several
11 objections pending to each other's Rule 30(b)(6) topics, which are the subject of ongoing
12 meet-and-confer efforts; (3) L&W has not even designated a Rule 30(b)(6) witness, let alone
13 provided a deposition date, for any topic relating to Dragon Train; (4) several other key depositions
14 remain outstanding and are the subject of separate judicial proceedings in Australia; and (5) the
15 parties likely will need to litigate the issue of whether Aristocrat cn take the deposition of L&W's
16 CEO. Completion of all outstanding depositions, including adjudication of the associated
17 discovery disputes, is not feasible under the current case schedule.

18       <u>Document productions.</u> L&W does not deny that its accounting productions pursuant to
19 the preliminary injunction (1) are incomplete (e.g., L&W will be producing *millions* more pages
20 of documents in the coming weeks) and (2) contain voluminous irrelevant documents, despite
21 Aristocrat's meet-and-confer efforts and agreement to request production of only a fraction of all
22 accounting documents. *See* ECF No. 275 at 3–4. Nor does L&W dispute that production of
23 documents identified pursuant to the preliminary injunction is key discovery that cannot be
24 completed under the current case schedule. L&W admits, moreover, that this is a consequence of
25 L&W's own decision to adopt a "search methodology [that] is overinclusive by design" instead of
26 implementing a more tailored search for evidence of misappropriation. ECF No. 280 at 4. This
27 situation was "manufacture[d]" by L&W, not Aristocrat, *see id.*, and is more reason why the Court
28

1  should accept Aristocrat's supplemental briefing and grant its requested extension. This, of course,
2  is in addition to multiple other outstanding document requests for which it does not appear that
3  L&W has completed its production, including, for example, for sales and other financial data
4  outside of Australia; communications between Emma Charles and other L&W game designers;
5  source code for the accused games; identification of final game math for each version of the
6  accused games; ███████████████████████; documents relating to L&W's PAR sheets;
7  and confidentiality agreements relating to L&W's games.

8        <u>Interrogatory responses.</u> L&W does not deny that Aristocrat's Interrogatory No. 22 seeks
9  information that is key to the fair adjudication of this case, or that L&W's initial response to this
10 interrogatory was incomplete. L&W did not supplement its response until September 4, 2025—
11 after L&W filed its opposition to the instant motion, nearly five months after Aristocrat served
12 Interrogatory No. 22, and just one day before L&W's Rule 30(b)(6) deposition on related topics
13 was scheduled to take place—and that supplement does not appear to cure the deficiencies in
14 L&W's response. Nor does it cure the prejudice to Aristocrat from receiving this information just
15 "before the close of discovery," *see* ECF No. 280 at 4, with no time to conduct crucial follow-up
16 discovery, including by using L&W's response to prepare questions for key deponents. This, too,
17 necessitates an extension of fact discovery, as explained in Aristocrat's supplemental briefing. *See*
18 ECF No. 273, Ex. A at 4.

19       Finally, it bears noting that, under the current case schedule, expert reports are due just one
20 month after the close of fact discovery. ECF No. 230 at 6. At this point, L&W's delays have
21 become prejudicial to Aristocrat's ability not only to complete fact discovery but also to timely
22 prepare expert reports.

## CONCLUSION

For the foregoing reasons, Aristocrat respectfully requests that the Court consider its supplemental briefing and grant its motion to modify the case schedule.[2]

Dated: September 5, 2025

/s/ *Jason D. Smith*
NICHOLAS J. SANTORO (NBN 532)
JASON D. SMITH (NBN 9691)
TYLER B. THOMAS (NBN 16637)
**SPENCER FANE LLP**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 408-3400 / Fax: (702) 938-8648
Email:   nsantoro@spencerfane.com
            jdsmith@spencerfane.com
            tbthomas@spencerfane.com

PETER A. SWANSON (*pro hac vice*)
GARY M. RUBMAN (*pro hac vice*)
MATTHEW KUDZIN (*pro hac vice*)
ALEXANDER TRZECIAK (*pro hac vice*)
DANIEL FARNOLY (*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel.: (202) 662-6000
Email: pswanson@cov.com
            grubman@cov.com
            mkudzin@cov.com
            atrzeciak@cov.com
            dfarnoly@cov.com

ZIWEI SONG
(*pro hac vice*)
**COVINGTON & BURLING LLP**
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533

---

[2] In L&W's opposition to the motion to modify the case schedule, L&W offered a compromise of a one-month extension of the schedule. *See* ECF No. 257 at 13. For all of the reasons Aristocrat has identified, a one-month extension, although helpful, will not be sufficient to allow the parties to complete necessary fact discovery.

Tel.: (415) 591-6000
Email: ksong@cov.com

*Attorneys for Plaintiffs Aristocrat Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd.*

# CERTIFICATE OF SERVICE

I hereby certify that on this September 5, 2025, a true and correct copy of the foregoing PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL BRIEFING was electronically filed and served upon the parties registered for service with the Court's Case Management and Electronic Case Filing (CM/ECF) system:

PHILIP R. ERWIN, ESQ.
(Nevada Bar No. 11563)
**CAMPELL & WILLIAMS**
710 South Seventh Street
Las Vegas, NV 89101
Email: pre@cwlawlv.com

NEAL MANNE (*pro hac vice*)
JOESEPH GRINSTEIN (*pro hac vice*)
ROCCO MAGNI (*pro hac vice*)
ASHLEY MCMILLIAN (*pro hac vice*)
MEGAN GRIFFITH (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
1000 Louisiana, Suite 5100
Houston, Texas 77002
Email: nmanne@susmangodfrey.com
       jgrinstein@susmangodfrey.com
       rmagni@susmangodfrey.com
       amcmillian@susmangodfrey.com
       mgriffith@susmangodfrey.com

ERIK WILSON (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Email: ewilson@susmangodfrey.com

DINIS CHEIAN (*pro hac vice*)
ANDREW NASSAR (*pro hac vice*)
**SUSMAN GODFREY L.L.P**
One Manhattan West
New York, New York 10001-8602
Email: dcheian@susmangodfrey.com
       anassar@susmangodfrey.com

*Attorneys for Defendants/Counterclaim-Plaintiffs Light & Wonder, Inc., LNW Gaming, Inc., and SciPlay Corporation*

/s/ *Marissa Vallette*
An employee of SPENCER FANE LLP