NICHOLAS J. SANTORO (NBN 532)
JASON D. SMITH (NBN 9691)
TYLER B. THOMAS (NBN 16637)
**SPENCER FANE LLP**
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Tel.: (702) 408-3400 / Fax: (702) 938-8648
Email: nsantoro@spencerfane.com
       jdsmith@spencerfane.com
       tbthomas@spencerfane.com

PETER A. SWANSON (*pro hac vice*)
GARY M. RUBMAN (*pro hac vice*)
JARED FRISCH (*pro hac vice*)
MATTHEW KUDZIN (*pro hac vice*)
ALEXANDER TRZECIAK (*pro hac vice*)
DANIEL FARNOLY (*pro hac vice*)
LUCAS MOENCH (*pro hac vice*)
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Tel.: (202) 662-6000
Email: pswanson@cov.com;
       grubman@cov.com; jfrisch@cov.com;
       mkudzin@cov.com; dfarnoly@cov.com
       atrzeciak@cov.com; lmoench@cov.com

ZIWEI SONG
(*pro hac vice*)
**COVINGTON & BURLING LLP**
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Tel.: (415) 591-6000
Email: ksong@cov.com

*Attorneys for Plaintiffs Aristocrat Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ARISTOCRAT TECHNOLOGIES, INC. and ARISTOCRAT TECHNOLOGIES AUSTRALIA PTY LTD., <br><br> Plaintiffs, <br><br> v. <br><br> LIGHT & WONDER, INC., LNW GAMING, INC., and SCIPLAY CORPORATION, <br><br> Defendants. | Civil Case No. 2:24-cv-00382-GMN-MDC <br><br> **THIRD AMENDED STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** <br><br> **(SPECIAL SCHEDULING REVIEW REQUESTED)** |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Aristocrat Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd. ("Aristocrat") and Defendants Light & Wonder, Inc., LNW Gaming, Inc., and SciPlay Corporation ("L&W") hereby stipulate and agree, subject to the Court's approval, to the following third amended discovery plan and scheduling order in this matter. Pursuant to the Court's December 5, 2025 Order (ECF No. 332), the parties have conferred in good faith and reached agreement regarding an extension of the discovery schedule. The parties respectfully submit that there is good cause to extend the schedule by approximately eight-and-one-half weeks (until February 13, 2026) in order to provide additional time for fact discovery.

This is the third request for an extension. The parties previously stipulated to an extension of the schedule, which the Court granted, *see* ECF No. 230. Thereafter, Aristocrat moved for a second extension, which the Court also granted, *see* ECF No. 299.

### A.  Statement of Discovery Completed

To date, the parties have made substantial progress in completing depositions, written discovery, document discovery, and related tasks. Certain of the previously completed discovery is summarized in the parties' recent submissions made in connection with Aristocrat's November 18 motion to extend the discovery schedule. To avoid burdening the Court with unnecessarily duplicative briefing, the parties respectfully refer the Court to those submissions. *See* ECF Nos. 321, 330.[1]

### B.  Description of Discovery That Remains to Be Completed

Despite the parties' efforts, significant discovery remains to be completed. For a complete discussion of the discovery that remains pending, the parties respectfully refer the Court to their recent submissions. *See* ECF Nos. 321, 330. As explained therein, the parties have outstanding discovery requests, including written discovery and ESI requests, and are continuing

---

[1] By citing these submissions, neither party endorses the arguments and assertions in the other party's submission.

to produce and review documents and ESI. Additionally, both parties have multiple outstanding deposition requests, several of which will take place in Australia.

### C. Good Cause Exists for the Parties' Request for Additional Time

There is good cause to extend the case schedule. As this Court has recognized, this is a "complex case" that has involved "extensive motions practice, including a motion to dismiss, a motion to stay discovery, a motion for preliminary injunction, a motion to enforce the preliminary injunction," and several discovery dispute stipulations, among other contested motions. ECF No. 153 at 1; ECF No. 225 at 2–3. As discovery has progressed, the case has become more complex, and the discovery that has been completed has, in a number of instances, led to follow-on discovery. *See* ECF Nos. 321, 330. An extension is warranted to provide additional time to conduct this outstanding discovery.

For example, both parties have responses to document requests due on December 15, and the parties may need to meet and confer regarding their responses thereafter. L&W has also recently produced game math in response to the Court's October 17 Order, which Aristocrat needs time to review. The parties are also continuing to run ESI searches for several document custodians, and both parties still have several pending deposition requests (some of which will take place in Australia). And on November 24, the Court ordered L&W to produce certain documents. *See* ECF No. 323. L&W has filed an objection to the Court's ruling, which will require time to resolve, and if L&W's objection is not successful, further time will be needed thereafter for L&W to provide the necessary discovery.

As the parties have previously noted, other complexities in this litigation also support the need for an extension of the discovery deadline. *See* ECF No. 230 at 5. For example, many witnesses relevant to this case are located in Australia, including two witnesses—Emma Charles and William Soo—that Aristocrat has sought to depose pursuant to the Hague Convention. Ms. Charles and Mr. Soo both challenged their subpoenas in an Australian court, which recently ruled that these depositions would proceed but in the presence of an Australian judge. Several other outstanding depositions will also be taken in Australia. Because courts and many

businesses in Australia are shut down from late December until the middle or end of January, *see* ECF No. 321 at 17 n.12, many (if not all) of the remaining Australian depositions are unlikely to be completed before early- or mid-February. The Australian court has set the depositions of Ms. Charles and Mr. Soo for February 11-13, 2021.

### D. The Parties' Proposed Schedule

The parties agree and propose, subject to the Court's approval, that discovery should proceed according to the following schedule:

| Deadline | Current Date | Proposed Date |
|---|---|---|
| Close of fact discovery | December 15, 2025 | February 13, 2026 (approximately twenty two (22) months from date of the LR 26(f) conference) |
| Deadline for disclosures concerning burden of proof experts | January 16, 2026 | March 17, 2026 (approximately two (2) months before expert discovery deadline) |
| Deadline for disclosures concerning non-burden of proof experts | February 17, 2026 | April 17, 2026 (approximately one (1) month before expert discovery deadline) |
| Close of expert discovery | March 16, 2026 | May 15, 2026 (approximately twenty five (25) months from date of LR 26(f) conference) |
| Deadline for filing dispositive motions | April 15, 2026 | June 15, 2026 (approximately one (1) month after the expert discovery deadline) |
| Deadline for filing joint pretrial order (which shall include the disclosures required pursuant to Fed. R. Civ. P. 26(a)(3), and any objections thereto)[2] | May 15, 2026 | July 15, 2026 (approximately one (1) month after the deadline for filing dispositive motions) |

---

[2] If dispositive motions are filed, the deadline for filing the joint pretrial order shall be suspended until thirty (30) days after decision on the dispositive motions or until further order of the Court.

- 4 -

1. **Joint Statement Regarding Longer Discovery Period (LR 26-1(b))**: The parties request a longer discovery period than set forth in LR 26-1(b)(1) due to the likely scope and volume of discovery and certain contested discovery issues that may require discovery motion practice.

### E. Information Pursuant to Fed. R. Civ. P. 26(f)

1. **Initial Disclosures:** The parties previously exchanged initial disclosures on May 3, 2024. Both parties have subsequently supplemented and/or amended their initial disclosures.

2. **Subjects of Discovery:** The parties agree that discovery should extend to the full extent allowed by the Federal Rules of Civil Procedure and that discovery should not be limited to any particular issue (without prejudice to a party's right to object to discovery or seek a protective order).

3. **Phasing and Timing of Discovery:** The parties agree that expert discovery should close after the close of fact discovery.

4. **Issues Regarding Disclosure of Electronically Stored Information:** The parties do not anticipate any unique issues concerning discovery of electronically stored information.

5. **Issues About Claims of Privilege/Protection of Trial Preparation Materials**: The parties agree that they are not required to identify on a privilege log any privileged documents that (a) were created on or after December 23, 2023, the filing of the application in *Aristocrat Techs. Australia Pty Ltd. v. Light & Wonder, Inc. et al.* (2023) No. NSD1576 (Fed. Ct. Austl.) (the "Australian Proceeding"), or (b) consist of work product of or communications involving counsel of record in this action or the Australian Proceeding. The parties will negotiate a mutually agreeable time for the exchange of privilege logs.

6. **Changes Made in Limitations on Discovery**: The parties have discussed and agreed on the following modifications to limitations on discovery.

    i. **Fact Depositions**:

        1. The Court previously set a limit of 15 fact depositions, including

third parties but not experts. ECF No. 153, ¶ IV.A. The parties agree that a deposition pursuant to Rule 30(b)(6) counts as a single deposition regardless of the number of witnesses designated to provide testimony. However, if any designated Rule 30(b)(6) witnesses are also deposed in their personal capacity under Rule 30(b)(1), then each of the personal depositions will count separately against the deposition limit. The parties may take additional depositions by stipulation or with leave of Court.

2. The duration of depositions will be governed by the Federal Rules of Civil Procedure, in particular Rule 30(d)(1), except for any Rule 30(b)(6) depositions of a party. Aristocrat's position is that the parties should agree to meet and confer in good faith regarding the duration of Rule 30(b)(6) depositions of a party. L&W's position is that the duration of the Rule 30(b)(6) depositions should be as set forth in the Federal Rules of Civil Procedure.

3. The parties will attempt to schedule the Rule 30(b)(6) testimony sessions at the convenience of the witnesses. The parties agree to provide reasonable notice to each other in advance of a Rule 30(b)(6) deposition of both the deponent(s) and the topics that the deponent will address.

4. The parties agree that, as to the deponent designated by the responding party, if the noticing party desires an individual deposition of that deponent, both the individual deposition and the 30(b)(6) deposition will be taken in a single continuous deposition, absent good cause for holding depositions separately.

5. The parties agree to negotiate in good faith to identify a mutually agreeable location for depositions.

**ii.** **Requests for Admission**: Each side will be limited to fifty (50) requests for admission, exclusive of requests to establish the admissibility of documents. As part of their pre-trial conference, however, the parties agree to work in good faith toward a

suitable stipulation regarding the authenticity and admissibility of intended trial exhibits. No other modifications to the default discovery limitations are needed at this time.

   **iii.**  **Electronic Copies and Service:** Pursuant to Rule 5(b)(2)(E), the parties consent to service by electronic means and service shall be "complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served." Service of all documents filed with the Court shall be made through the Court's ECF system.

Electronic service on Aristocrat will be made to at least the following:

  nsantoro@spencerfane.com

  jdsmith@spencerfane.com

  mvallette@spencerfane.com

  pswanson@cov.com

  grubman@cov.com

  jfrisch@cov.com

  mkudzin@cov.com

  ksong@cov.com

  atrzeciak@cov.com

  dfarnoly@cov.com

  lmoench@cov.com

  Aristocrat-LW-Cov@cov.com

Electronic service on L&W will be made to at least the following:

  pre@cwlawlv.com

  nmanne@SusmanGodfrey.com

  jgrinstein@susmangodfrey.com

  rmagni@susmangodfrey.com

  ewilson@susmangodfrey.com

  dcheian@susmangodfrey.com

anassar@susmangodfrey.com

**B.     Other Orders:**  The parties previously submitted a first amended stipulated protective order to govern the exchange of confidential documents and information, ECF No. 242, which the Court entered, ECF No. 244.

**C.     Settlement:**  In accordance with Fed. R. Civ. P. 26(f) and LR 26-1(b)(7), the parties have discussed the possibility of using alternative dispute-resolution processes including mediation and arbitration but have not reached any agreement at this time.

**D.     Alternative Forms of Case Disposition:**  The parties have considered consenting to trial by magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, as well as the Short Trial Program. The parties decline to engage in those programs. LR 26-1(b)(8).

**E.     Electronic Evidence:**  The parties anticipate presenting evidence in electronic form to jurors for jury deliberation purposes. The parties anticipate reaching stipulations regarding disclosure of electronically stored information in a format that is compatible with the Court's electronic display system. LR 26-1(b)(9).

**F.     Later Appearing Parties:**  A copy of this discovery plan and scheduling order shall be served upon any person served after it is entered or, if additional defendants should appear, within five (5) days of their first appearance.  This discovery plan and scheduling order shall apply to such later appearing parties, unless the parties stipulate otherwise with the Court's approval or the Court otherwise orders.

**G.     Additional Information:**  None.

**H.     Court Conference:**  The parties do not request a conference with the Court before the entry of this discovery plan and scheduling order.

| | |
|---|---|
| Dated:  December 11, 2025 | Dated:  December 11, 2025 |
| /s/ *Jason D. Smith* | /s/  *Philip R. Erwin* |
| NICHOLAS J. SANTORO | PHILIP R. ERWIN, ESQ. |
| (Nevada Bar No. 532) | (Nevada Bar No. 11563) |
| JASON D. SMITH | **CAMPBELL & WILLIAMS** |
| (Nevada Bar No. 9691) | 710 South Seventh Street |
| TYLER B. THOMAS | Las Vegas, NV 89101 |
| (Nevada Bar No. 16637) | Tel.: (702) 382-5222 |
| **SPENCER FANE LLP** | Email: pre@cwlawlv.com |

| | |
|---|---|
| 300 South 4th Street, Suite 1600<br>Las Vegas, Nevada 89101<br>Tel.: (702) 408-3400<br>Email: nsantoro@spencerfane.com<br>    jdsmith@spencerfane.com<br>    tbthomas@spencerfane.com<br><br>PETER A. SWANSON (*pro hac vice*)<br>GARY M. RUBMAN (*pro hac vice*)<br>JARED FRISCH (*pro hac vice*)<br>MATTHEW KUDZIN (*pro hac vice*)<br>ALEXANDER TRZECIAK (*pro hac vice*)<br>DANIEL FARNOLY (*pro hac vice*)<br>LUCAS MOENCH (*pro hac vice*)<br>**COVINGTON & BURLING LLP**<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, DC 20001<br>Tel.: (202) 662-6000<br>Email: pswanson@cov.com<br>    grubman@cov.com<br>    jfrisch@cov.com<br>    mkudzin@cov.com<br>    atrzeciak@cov.com<br>    dfarnoly@cov.com<br>    lmoench@cov.com<br><br>ZIWEI SONG<br>(*pro hac vice*)<br>**COVINGTON & BURLING LLP**<br>Salesforce Tower<br>415 Mission Street, Suite 5400<br>San Francisco, CA 94105-2533<br>Tel.: (415) 591-6000<br>Email: ksong@cov.com<br><br>*Attorneys for Plaintiffs/Counterclaim-Defendants Aristocrat Technologies, Inc. and Aristocrat Technologies Australia Pty Ltd.* | NEAL MANNE<br>(*pro hac vice*)<br>JOSEPH GRINSTEIN<br>(*pro hac vice*)<br>ROCCO MAGNI<br>(*pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1000 Louisiana, Suite 5100<br>Houston, Texas 77002<br>Tel.: (713) 651-9366<br>Email: nmanne@susmangodfrey.com<br>    jgrinstein@susmangodfrey.com<br>    rmagni@susmangodfrey.com<br><br>ERIK WILSON<br>(*pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, California 90067<br>Tel.: (310) 789-3100<br>Email: ewilson@susmangodfrey.com<br><br>DINIS CHEIAN<br>(*pro hac vice*)<br>ANDREW NASSAR<br>(*pro hac vice*)<br>**SUSMAN GODFREY L.L.P.**<br>One Manhattan West<br>New York, New York 10001-8602<br>Tel.: (212) 729-2077<br>Email: dcheian@susmangodfrey.com<br>    anassar@susmangodfrey.com<br><br>*Attorneys for Defendants/Counterclaim-Plaintiffs Light & Wonder, Inc., LNW Gaming, Inc., and SciPlay Corporation*<br><br>IT IS SO ORDERED: The parties' foregoing Third Amended Stipulated Discovery Plan and Scheduling Order is GRANTED. Future stipulations must comply with LR IA 6-2, which requires the judicial signature block to appear on the same page as the last substantive matter of the stipulation.<br><br>_____<br>UNITED STATES MAGISTRATE JUDGE<br>Dated: 12-16-25 |

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on this December 11, 2025, a true and correct copy of the foregoing **THIRD AMENDED STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER (SPECIAL SCHEDULING REVIEW REQUESTED)** was electronically filed and served upon the parties registered for service with the Court's Case Management and Electronic Case Filing (CM/ECF) system:

/s/ *Olivia Swibies*
An employee of SPENCER FANE LLP